**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| VOTEAMERICA; VOTER PARTICI-PATION CENTER; and CENTER FOR VOTER INFORMATION,<br><br>　　　　　　　　　*Plaintiffs*,<br><br>　　v.<br><br>BRAD RAFFENSPERGER, in his official capacity as Secretary of State of the State of Georgia, REBECCA N. SULLIVAN, in her official capacity as Vice Chair of the State Election Board; DAVID WORLEY, MATTHEW MASHBURN, and ANH LE, in their official capacities as members of the State Election Board,<br><br>　　　　　　　　　*Defendants*,<br><br><br>REPUBLICAN NATIONAL COMMITTEE; NATIONAL REPUBLICAN SENATORIAL COMMITTEE; NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE; and GEORGIA REPUBLICAN PARTY, INC.,<br>　　*Proposed Intervenor-Defendants*. | No. 1:21-cv-1390-JPB |

**[PROPOSED] INTERVENOR-DEFENDANTS' [PROPOSED] ANSWER**

Intervenors—the Republican National Committee, National Republican Senatorial Committee, National Republican Congressional Committee, and Georgia Republican Party, Inc.—now answer Plaintiffs' complaint (Doc. 1). Unless expressly admitted below, every allegation in the complaint is denied. When Intervenors say something "speaks for itself," they do not admit that the referenced material exists, is accurate, or is placed in the proper context. Accordingly, Intervenors state:

1.

Turnout data speak for themselves.

2.

Intervenors admit that Georgia held elections during the COVID-19 pandemic. Intervenors otherwise lack sufficient information to admit or deny these allegations.

3.

Voting data speak for themselves.

4.

The referenced quotes speak for themselves.

5.

Lawsuits and court rulings speak for themselves.

6.

Intervenors admit that Georgia enacted SB 202. The legislative process speaks for itself.

7.

SB 202 speaks for itself.

8.

SB 202 speaks for itself.

9.

Denied.

10.

These legal arguments require no response.

11.

This legal argument requires no response.

12.

These legal arguments require no response.

13.

Denied.

14.

These legal arguments require no response.

15.

These legal arguments require no response.

16.

These legal arguments require no response.

17.

Intervenors lack sufficient information to admit or deny these allega-
tions.

18.

Intervenors lack sufficient information to admit or deny these allegations.

19.

Intervenors lack sufficient information to admit or deny these allegations.

20.

Intervenors lack sufficient information to admit or deny these allegations.

21.

Intervenors lack sufficient information to admit or deny these allegations.

22.

Intervenors lack sufficient information to admit or deny these allegations, but deny that SB 202 will require VoteAmerica to divert resources *away* from its mission.

23.

Intervenors lack sufficient information to admit or deny these allegations, but deny that SB 202 will require VoteAmerica to divert resources *away* from its mission.

24.

Intervenors lack sufficient information to admit or deny these allegations, but deny that SB 202 will require VoteAmerica to divert resources *away* from its mission.

25.

Intervenors lack sufficient information to admit or deny these allegations, but deny that SB 202 will require VoteAmerica to divert resources *away* from its mission.

26.

Intervenors lack sufficient information to admit or deny these allegations.

27.

Intervenors lack sufficient information to admit or deny these allegations.

28.

Intervenors lack sufficient information to admit or deny these allegations.

29.

Intervenors lack sufficient information to admit or deny these allegations.

30.

Intervenors lack sufficient information to admit or deny these allegations.

31.

Intervenors lack sufficient information to admit or deny these allegations.

32.

Intervenors lack sufficient information to admit or deny these allegations.

33.

Intervenors lack sufficient information to admit or deny these allegations.

34.

Intervenors lack sufficient information to admit or deny these allegations.

35.

Intervenors lack sufficient information to admit or deny these allegations.

36.

Intervenors lack sufficient information to admit or deny these allegations.

37.

Intervenors lack sufficient information to admit or deny these allegations.

38.

Intervenors lack sufficient information to admit or deny these allegations.

39.

Intervenors lack sufficient information to admit or deny these allegations.

40.

Intervenors lack sufficient information to admit or deny these allegations, but deny that SB 202 will require Plaintiffs to divert resources *away* from their missions.

41.

Intervenors lack sufficient information to admit or deny these allegations, but deny that SB 202 will require Plaintiffs to divert resources *away* from their missions.

42.

Intervenors lack sufficient information to admit or deny these allegations, but deny that SB 202 will require Plaintiffs to divert resources *away* from their missions.

43.

Intervenors lack sufficient information to admit or deny these allegations, but deny that SB 202 will require Plaintiffs to divert resources *away* from their missions.

44.

The first sentence is admitted. The other allegations are legal arguments that require no response.

45.

The first three sentences are admitted. The other allegations are legal arguments that require no response.

46.

SB 202 speaks for itself.

47.

Georgia law speaks for itself.

48.

Georgia law speaks for itself.

49.

Intervenors lack sufficient information to admit or deny these allegations.

50.

Election dates speak for themselves.

51.

Voting data speak for themselves.

52.

Voting data speak for themselves.

53.

Voting data speak for themselves.

54.

Because Plaintiffs cite nothing and offer no explanation, Intervenors lack sufficient information to admit or deny this allegation.

55.

Audit results speak for themselves. Because Plaintiffs cite nothing and offer no explanation, Intervenors lack sufficient information to admit or deny these allegations.

56.

Intervenors lack sufficient information to admit or deny these allegations.

57.

Intervenors admit that SB 202 was enacted. Intervenors lack sufficient information to admit or deny the other allegations.

58.

The referenced indications, feelings, and announcement speak for themselves.

59.

Quotes speak for themselves.

60.

The legislative process speaks for itself. Otherwise denied.

61.

The legislative process speaks for itself. Otherwise denied.

62.

These legal arguments require no response. Intervenors admit that this is the fifth federal case challenging SB 202.

63.

Intervenors admit that Plaintiffs challenge three provisions of SB 202. The other allegations are legal arguments that require no response.

64.

SB 202 speaks for itself.

65.

SB 202 speaks for itself. The other allegations are legal arguments that require no response.

66.

SB 202 and the current application speak for themselves. The other allegations are legal arguments that require no response.

67.

These legal arguments require no response.

68.

These legal arguments require no response.

69.

SB 202 speaks for itself. The other allegations are legal arguments that require no response.

70.

These legal arguments require no response.

71.

These legal arguments require no response.

72.

These legal arguments require no response.

73.

These legal arguments require no response.

74.

SB 202 speaks for itself. The other allegations are legal arguments that require no response.

75.

These legal arguments require no response.

76.

These legal arguments require no response.

77.

These legal arguments require no response.

78.

These legal arguments require no response.

79.

SB 202 speaks for itself. The other allegations are legal arguments that require no response.

80.

These legal arguments require no response.

81.

The legal arguments require no response. Intervenors lack sufficient information to admit or deny the factual allegations.

82.

The legal arguments require no response. Intervenors lack sufficient information to admit or deny the factual allegations.

83.

These legal arguments require no response.

84.

These legal arguments require no response.

85.

These legal arguments require no response.

86.

SB 202 speaks for itself. The other allegations are legal arguments that require no response. Intervenors lack sufficient information to admit or deny the allegations regarding Plaintiffs' costs, but deny that SB 202 will require VoteAmerica to divert resources *away* from its mission.

87.

SB 202 speaks for itself.

88.

These legal arguments require no response.

89.

These legal arguments require no response.

90.

SB 202 speaks for itself.

91.

These legal arguments require no response.

92.

Quotes speak for themselves. The other allegations are legal arguments that require no response.

93.

These legal arguments require no response.

94.

These legal arguments require no response.

95.

The legal arguments require no response. Intervenors lack sufficient information to admit or deny the factual allegations.

96.

The legal arguments require no response. Intervenors lack sufficient information to admit or deny the factual allegations.

97.

The legal arguments require no response. Intervenors lack sufficient information to admit or deny the factual allegations.

98.

The legal arguments require no response. Intervenors lack sufficient information to admit or deny the factual allegations.

99.

The legislative history speaks for itself. Intervenors (and Plaintiffs) lack sufficient information to admit or deny what the Legislature was "aware of." The other allegations are legal arguments that require no response.

100.

The legal arguments require no response. Intervenors lack sufficient information to admit or deny the factual allegations.

101.

These legal arguments require no response.

102.

These legal arguments require no response.

103.

The legal arguments require no response. Intervenors lack sufficient information to admit or deny the factual allegations.

104.

Intervenors incorporate and restate all prior paragraphs of this answer.

105.

The First Amendment speaks for itself.

106.

This legal argument requires no response.

107.

Denied.

108.

Denied.

109.

These legal arguments require no response.

110.

Denied.

111.

Denied.

112.

Denied.

113.

Denied.

114.

Denied.

115.

Denied.

116.

This legal argument requires no response.

117.

This legal argument requires no response.

118.

This legal argument requires no response.

119.

Denied.

120.

Denied.

121.

Denied.

122.

Intervenors incorporate and restate all prior paragraphs of this answer.

123.

This legal argument requires no response.

124.

Denied.

125.

Denied.

126.

Denied.

127.

Denied.

128.

Intervenors lack sufficient information to admit or deny the factual allegations. Otherwise denied.

129.

Denied.

130.

Denied.

131.

Denied.

132.

Denied.

133.

Denied.

134.

Intervenors incorporate and restate all prior paragraphs of this answer.

135.

This legal argument requires no response.

136.

This legal argument requires no response.

137.

These legal arguments require no response.

138.

This legal argument requires no response.

139.

This legal argument requires no response.

140.

These legal arguments require no response. Intervenors deny that SB 202 violates the First Amendment.

141.

This legal argument requires no response.

142.

Denied.

143.

Intervenors incorporate and restate all prior paragraphs of this answer.

144.

This legal argument requires no response.

145.

Denied.

146.

Denied.

147.

Denied.

148.

The legal arguments require no response. Intervenors lack sufficient information to admit or deny the factual allegations.

149.

The first sentence is denied. These legal arguments require no response.

150.

These legal arguments require no response. Intervenors deny that SB 202 violates the First Amendment.

151.

Denied.

152.

Intervenors incorporate and restate all prior paragraphs of this answer.

153.

This legal argument requires no response.

154.

This legal argument requires no response.

155.

Denied.

156.

Denied.

157.

SB 202 speaks for itself. Otherwise denied.

158.

SB 202 speaks for itself. Otherwise denied.

159.

Denied.

160.

Denied.

161.

Denied.

## RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

Plaintiffs are entitled to no relief, and this Court should enter judgment against them.

## INTERVENORS' AFFIRMATIVE DEFENSES

1.     Plaintiffs fail to state a claim.

2.     Plaintiffs lack standing.

3.     Discovery might reveal facts that support additional defenses. Intervenors reserve the right to raise those defenses later.

This <u>14th</u> day of <u>April</u>, 2021.

Respectfully submitted,

/s/ *William Bradley Carver, Sr.*

|  |  |
|---|---|
|  | John E. Hall, Jr. |
|  | Georgia Bar No. 319090 |
| Tyler R. Green (*pro hac vice* forthcoming) | William Bradley Carver, Sr. |
| Cameron T. Norris (*pro hac vice* forthcoming) | Georgia Bar No. 115529 |
|  | W. Dowdy White |
| **CONSOVOY MCCARTHY PLLC** | Georgia Bar No. 320879 |
| 1600 Wilson Boulevard | **HALL BOOTH SMITH, P.C.** |
| Suite 700 | 191 Peachtree Street NE |
| Arlington, VA 22209 | Suite 2900 |
| (703) 243-9423 | Atlanta, GA 30303 |
|  | (404) 954-6967 |
|  | bcarver@hallboothsmith.com |

*Counsel for Proposed Intervenor-Defendants*

## CERTIFICATE OF SERVICE AND CERTIFICATE
## OF COMPLIANCE WITH LOCAL RULE 5.1

The foregoing was prepared in Century Schoolbook font, 13-point type, one of the font and point selections approved by the Court in N.D. Ga. L.R. 5.1(C). I hereby certify that I electronically filed the foregoing **[PROPOSED] INTERVENOR-DEFENDANTS' [PROPOSED] ANSWER** with the Clerk of Court using the CM/ECF electronic filing system, which will electronically serve all counsel of record.

This <u>14th</u> day of <u>April</u>, 2021.

Tyler R. Green (*pro hac vice* forthcoming)
Cameron T. Norris (*pro hac vice* forthcoming)
**CONSOVOY MCCARTHY PLLC**
1600 Wilson Boulevard
Suite 700
Arlington, VA 22209
(703) 243-9423

/s/ *William Bradley Carver, Sr.*
John E. Hall, Jr.
Georgia Bar No. 319090
William Bradley Carver, Sr.
Georgia Bar No. 115529
W. Dowdy White
Georgia Bar No. 320879
**HALL BOOTH SMITH, P.C.**
191 Peachtree Street NE
Suite 2900
Atlanta, GA 30303
(404) 954-6967
bcarver@hallboothsmith.com

*Counsel for Proposed Intervenor-Defendants*