# EXHIBIT A: Memoranda Comparison Results

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

THE NEW GEORGIA PROJECT,
BLACK VOTERS MATTER FUND,
and RISE, INC.,

     *Plaintiffs,*       No. 1:21-cv-1229-JPB

    v.

BRAD RAFFENSPERGER, in his of-
ficial capacity as the Georgia Secre-
tary of State; REBECCA SULLIVAN,
in her official capacity as the Vice-
Chair of the Georgia State Election
Board; DAVID WORLEY, in his offi-
cial capacity as a member of the
Georgia State Election Board; MAT-
THEW MASHBURN, in his official
capacity as a member of the Georgia
State Election Board; and ANH LE,
in her official capacity as a member of
the Georgia State Election Board,

     *Defendants,*

REPUBLICAN NATIONAL COM-
MITTEE; NATIONAL REPUBLICAN
SENATORIAL COMMITTEE; and
GEORGIA REPUBLICAN PARTY,
INC.,

     *Proposed Intervenor-Defendants.*

VOTEAMERICA; VOTER PARTICI-
PATION CENTER; and CENTER
FOR VOTER INFORMATION,

              *Plaintiffs,*

    v.

BRAD RAFFENSPERGER, in his of-
ficial capacity as Secretary of State of
the State of Georgia, REBECCA N.
SULLIVAN, in her official capacity as
Vice Chair of the State Election
Board; DAVID WORLEY, MAT-
THEW MASHBURN, and ANH LE,
in their official capacities as members
of the State Election Board,

              *Defendants,*

REPUBLICAN NATIONAL COM-
MITTEE; NATIONAL REPUBLICAN
SENATORIAL COMMITTEE; NA-
TIONAL REPUBLICAN CONGRES-
SIONAL COMMITTEE; and GEOR-
GIA REPUBLICAN PARTY, INC.,

    *Proposed Intervenor-Defendants.*

No. 1:21-cv-1390-JPB

## PROPOSED INTERVENOR-DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO INTERVENE

This Court should grant the motion to intervene and allow Movants—the Republican National Committee, National Republican Senatorial Committee, National Republican Congressional Committee, and Georgia Republican Party, ~~Inc.,~~Inc.—to be defendants in this case. As the Democratic Party recently observed, "political parties usually have good cause to intervene in disputes over election rules." *Issa v. Newsom*, Doc. 23 at 2, No. 2:20-cv-1044 (E.D. Cal. June 8, 2020). That is why, in recent litigation over the election rules for 2020 and 2021, the Democratic and Republican parties were virtually always granted intervention.[*] Just a few months ago, Judge Jones let the Republican

---

[*] *See, e.g.*, *Alliance for Retired American's v. Dunlap*, No. CV-20-95 (Me. Super. Ct. Aug. 21, 2020) (granting intervention to the RNC, NRSC, and Republican Party of Maine); *Mi Familia Vota v. Hobbs*, Doc. 25, No. 2:20-cv-1903 (D. Ariz. June 26, 2020) (granting intervention to the RNC and NRSC); *Ariz. Democratic Party v. Hobbs*, Doc. 60, No. 2:20-cv-1143-DLR (D. Ariz. June 26, 2020) (granting intervention to the RNC and Arizona Republican Party); *Swenson v. Bostelmann*, Doc. 38, No. 20-cv-459-wmc (W.D. Wis. June 23, 2020) (granting intervention to the RNC and Republican Party of Wisconsin); *Edwards v. Vos*, Doc. 27, No. 20-cv-340-wmc (W.D. Wis. June 23, 2020) (same); *League of Women Voters of Minn. Ed. Fund v. Simon*, Doc. 52, No. 20-cv-1205 ECT/TNL (D. Minn. June 23, 2020) (granting intervention to the RNC and Republican Party of Minnesota); *Issa v. Newsom*, 2020 WL 3074351, at *4 (E.D. Cal. June 10, 2020) (granting intervention to the DCCC and Democratic Party of California); *Nielsen v. DeSantis*, Doc. 101, No. 4:20-cv-236-RH (N.D. Fla. May 28, 2020) (granting intervention to the RNC, NRCC, and Republican Party of Florida); *Priorities USA v. Nessel*, 2020 WL 2615504, at *5 (E.D. Mich. May 22, 2020) (granting intervention to the RNC and Republican Party of Michigan); *Thomas v. Andino*, 2020 WL 2306615, at *4 (D.S.C. May 8, 2020) (granting intervention to the South Carolina Republican Party); *Corona v. Cegavske*, Order Granting Mot. to Intervene, No. CV 20-OC-644-1B (Nev. 1st Jud. Dist. Ct. Apr. 30, 2020) (granting intervention to the RNC and Nevada~~Republican Party); *League of Women Voters of Va. v. Va. State Bd. of~~

*Elections*, Doc. 57, No. 6:20-cv-24-NKM (W.D. Va. Apr. 29, 2020) (granting intervention

Party intervene in another similar case. *See Black Voters Matter Fund v. Raffensperger,* Doc. 42, No. 1:20-cv-4869 (N.D. Ga. Dec. 9, 2020). This Court should do the same for two independent reasons.

~~the Republican Party intervene in another case brought by one of Plaintiffs. *See Black Voters Matter Fund v. Raffensperger,* Doc. 42, No. 1:20-cv-4869 (N.D. Ga. Dec. 9, 2020). This Court should do the same for two independent reasons. *First*, Movants satisfy the criteria for intervention as of right under Rule 24(a)(2). Their motion is timely; Plaintiffs' complaint was filed last week, this litigation~~ ***First***, Movants satisfy the criteria for intervention as of right under Rule 24(a)(2). Their motion is timely; Plaintiffs' complaint was just filed, this litiga- tion has yet to begin in earnest, and no party will possibly be prejudiced. ~~Movants~~ Mo- vants also have a clear interest in protecting their candidates, voters, and ~~resources~~ re- sources from Plaintiffs' attempt to invalidate Georgia's duly-enacted election rules. Finally, no other party adequately represents Movants' interests. De- fendants do not share Movants' distinct interests in conserving their resources and helping Republican candidates and voters.

~~and helping Republican candidates and voters.~~

***Second***, and alternatively, the Court should grant Movants permissive intervention under Rule 24(b). Again, this motion is timely. Movants' defenses share common questions of law and fact with the existing parties, and inter- vention will result in no delay or prejudice. ~~The Court's resolution of the im- portant questions in this case~~ Incremental prejudice is especially unlikely here—a case that will inevitably involve multiple parties because it is

2

will have significant implications for Movants as they work to ensure that candidates and voters can participate in fair and orderly elections. Republican Party); *League of Women Voters of Va. v. Va. State Bd. of Elections*, Doc. 57, No. 6:20-cv-24-NKM (W.D. Va. Apr. 29, 2020) (granting intervention to the Republican Party of Virginia); *Paher v. Cegavske*, 2020 WL 2042365, at *2 (D. Nev. Apr. 28, 2020) (granting intervention to four Democratic Party entities); *Democratic Nat'l Comm. v. Bostelmann*, 2020 WL 1505640, at *5 (W.D. Wis. Mar. 28, 2020) (granting intervention to the RNC and Republican Party of Wisconsin); *Gear v. Knudson*, Doc. 58, No. 3:20-cv-278 (W.D. Wis. Mar. 31, 2020) (same); *Lewis v. Knudson*, Doc. 63, No. 3:20-cv-284 (W.D. Wis. Mar. 31, 2020) (same); *see also Democratic Exec. Cmte. Of of Fla. Vv. Detzner*, No. 4:18-cv-520-MW-MJF (N.D. Fla. Nov. 9, 2018) (granting intervention to the NRSC).

one of four challenges to SB 202 before this Court. The Court's resolution of these important questions will have significant implications for Movants as they work to ensure that candidates and voters can participate in fair and orderly elections.

Whether under Rule 24(a)(2) or (b), Movants should be allowed to intervene as defendants. Plaintiffs object to this motion. Defendants have not yet entered an appearance or given their position on Movants' interventionDefendants take no position on intervention. Plaintiffs do not consent and will respond after reviewing Movants' papers.

## INTERESTS OF PROPOSED INTERVENORS

Movants are three four political committees who support Republicans in GeorgiaGeor gia. The Republican National Committee is a national committee, as de fined defined by 52 U.S.C. §30101, that manages the Republican Party's business at the national na tional level, supports Republican candidates for public office at all levels, coordinates coor dinates fundraising and election strategy, and develops and promotes the national na tional Republican platform. The National Republican Senatorial Committee is a national political committee that works to elect Republicans to the U.S. Sen ate. The National Republican Congressional Committee is a national political committee that works to elect Republicans to the U.S. SenateHouse. The Georgia Republican Re publican Party, Inc., is a political party that works to promote Republican values and to assist Republican candidates in obtaining election to partisan federal, state, and local office. All three Movants have in terests their interests—their own and those of their

3

members—in the rules and procedures governing Georgia's elections. That includes Georgia's crucial elections in 2022 for Governor, U.S. Senate, Governor, U.S. House, and other offices.

**ARGUMENT**

## I.   Movants are entitled to intervene as of right.

Rule 24 is "liberally construed with all doubts resolved in favor of the proposed intervenor." *S.D. ex rel. Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 785 (8th Cir. 2003). Under Rule 24(a)(2), this Court must grant intervention as of right if four things are true: the motion is timely; movants have a legally protected interest in this action; this action may impair or impede that interest; and no existing party adequately represents Movants' interests. *See Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). All four ~~things~~ are true here.

### A.   The motion is timely.

This Court considers four factors in determining the timeliness of a motion to intervene: the delay after the movant knew its interest in the case; any prejudice to the existing parties from that delay; prejudice to the movant from denying intervention; and any unusual circumstances. *Id.* These factors all favor Movants.

Movants filed this motion ~~early a mere four business~~ early—mere "days after ~~Plain-tiffs~~ Plaintiffs filed the lawsuit~~ and the challenged legislation was passed.~~." *Black Voters Matter*, Doc. 42 at 6, No. 1:20-cv-4869 (N.D. Ga.). ~~Movants~~ Mo-vants hardly could have moved faster than they did. Much later intervention motions have been ~~de-clared~~ declared timely. *See e.g.*, *North Dakota v. Heydinger*, 288 F.R.D. 423, 429 (D. Minn. 2012) (motion filed one year after answer); *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) (motion filed

4

four months after complaint); *Uesugi Farms, Inc. v. Michael J. Navilio & Son,*

*Inc.*, 2015 WL 3962007, at *2 (N.D. Ill. June 25, 2015) (motions filed 4-6 weeks after ~~com- plaint~~complaint).

Nor will Movants' intervention prejudice the parties. This litigation has not yet begun in earnest. Movants will comply with all deadlines that govern the parties, will work to prevent duplicative briefing, and will coordinate with the parties on discovery. If Movants are not allowed to intervene, however, their interests could be irreparably harmed by an order overriding Georgia's election rules and undermining the integrity of Georgia's elections. Their motion is timely.

### B.   Movants have protected interests in this action.

Movants also have "'direct, substantial, legally protectible interest[s] in the proceeding'" because they are Republican Party organizations that represent candidates and voters. *Chiles*, 865 F.2d at 1213-14. Movants have direct and significant interests in ensuring that the State's election procedures are fair and reliable. Laws like the one challenged here are designed to serve "the integrity of [the] election process," *Eu v. San Fran. Cty. Democratic Cent. Comm.*, 489 U.S. 214, 231 (1989), and the "orderly administration" of elections, *Crawford v. Marion Cty. Election Bd.*, 553 U.S. 181, 196 (2008) (op. of Stevens, J.). As Judge Jones found, Movants have "a specific interest" in "promoting their chosen candidates and protecting the integrity of Georgia's elections." *Black Voters Matter*, Doc. 42 at 5, No. 1:20-cv-4869 (N.D. Ga.).

Indeed, federal courts "routinely" find that political parties have interests supporting intervention in litigation regarding election rules. *Issa*,   2020

Movants also have "'direct, substantial, legally protectible interest[s] in the proceeding'" because they are Republican Party organizations that represent candidates and voters. *Chiles*, 865 F.2d at 1213-14. Movants have direct and significant interests in ensuring that the State's election procedures are fair and reliable. Laws like the one challenged here are designed to serve "the integrity of [the] election process," *Eu v. San Fran. Cty. Democratic Cent. Comm.*, 489 U.S. 214, 231 (1989), and the "orderly administration" of elections, *Crawford v. Marion Cty. Election Bd.*, 553 U.S. 181, 196 (2008) (op. of Stevens, J.). As Judge Jones found, Movants have "a specific interest" in "promoting their chosen candidates and protecting the integrity of Georgia's elections." *Black Voters Matter*, Doc. 42 at 5, No. 1:20-cv-4869 (N.D. Ga.). Indeed, federal courts "routinely" find that political parties have interests supporting intervention in litigation regarding election rules. *Issa*, 2020 WL 3074351, at *3; *see, e.g.*, *Siegel v. LePore*, 234 F.3d 1163, 1169 n.1 (11th Cir. 2001); *supra* n.*. Given their inherent and intense interest in elections, usually "[n]o one disputes" that political parties "meet the impaired interest requirement for intervention as of right." *Citizens United v. Gessler*, 2014 WL 4549001, *2 (D. Col. Sept. 15, 2014). That is certainly true here, where "changes in voting procedures could affect candidates running as Republicans and voters who [are] members of the … Republican Party." *Ohio Democratic Party v. Blackwell*, 2005 WL 8162665, *2 (S.D. Ohio Aug. 26, 2005); *see id.* (under such circumstances, "there [was] no dispute that the Ohio Republican Party had an interest in the subject matter of this case").

In short, because Movants' candidates will "actively seek [election or] reelection in contests governed by the challenged rules," and Movants' voters will vote in them, Movants have an interest in "demand[ing] adherence" to Georgia's rules. *Shays v. FEC*, 414 F.3d 76, 88 (D.C. Cir. 2005).

### C.    This action threatens to impair Movants' interests.

Movants are "so situated that disposing of [this] action may as a practical matter impair or impede [their] ability to protect [their] interest." Fed. R. Civ. P. 24(a)(2). Movants "do not need to establish that their interests *will* be impaired," "only that the disposition of the action 'may' impair or impede their ability to protect their interests." *Brumfield v. Dodd*, 749 F.3d 339, 344 (5th Cir. 2014). This language from Rule 24 is "obviously designed to liberalize the right to intervene in federal actions." *Nuesse v. Camp*, 385 F.2d 694, 701 (D.C. Cir. 1967).

Here, Movants' interests will plainly "suffer if the Government were to lose this case, or to settle it against [Movants'] interests." *Mausolf v. Babbitt*, 85 F.3d 1295, 1302-03 (8th Cir. 1996). Not only would an adverse decision undercut democratically enacted laws that protect voters and candidates (including Movants' members), it would change the "structur[e] of th[e] competitive environment" and "fundamentally alter the environment in which [Movants] defend their concrete interests (e.g. their interest in … winning [election or] reelection)." *Shays*, 414 F.3d at 85-86. These changes, especially if they occur near an election, ~~also~~ threaten to confuse voters and undermine confidence in the electoral process. *See Purcell v. Gonzalez*, 549 U.S. 1, 4-5 (2006). Movants will be forced to spend substantial resources fighting inevitable confusion and ~~galvanizing~~ galvanizing participation in the wake of the "consequent incentive to remain away from the polls." *Id.*; *accord Pavek v. Simon*, 2020 WL 3183249, at *10 (D. Minn. June 15, 2020).

The "very purpose of intervention is to allow interested parties to air their views so that a court may consider them before making potentially adverse decisions." *Brumfield*, 749 F.3d at 345. So the "best" course—and the one that Rule 24 "implements"—is to give "all parties with a real stake in a controversy … an opportunity to be heard" in this suit~~.~~ *Hodgson v. United Mine Work- ers of Am.*, 473 F.2d 118, 130 (D.C. Cir. 1972). That includes Movants.

**D.** ~~**The existing parties do not**~~ **No party adequately** ~~**represent**~~ **represents Movants' interests.**

Finally, Movants are not adequately represented by the existing parties. Inadequacy is not a demanding showing. It's satisfied "if the proposed

intervenor shows that representation of his interest *may be* inadequate." *Chiles*, 865 F.2d at 1214 (cleaned up; emphasis added). In other words, "'the burden of making that showing should be treated as minimal,'" and the proposed intervenors "'should be allowed to intervene unless it is clear that [the current parties] will provide adequate representation.'" *Id.*

As then-Judge Garland has explained, courts "often conclude[] that governmental entities do not adequately represent the interests of aspiring intervenors." *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003). "[T]he government's representation of the public interest generally cannot be assumed to be identical to the individual parochial interest of a [private movant] merely because both entities occupy the same posture in the litigation." *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1255-56 (10th Cir. 2001). Here, too, Defendants necessarily represent "the public interest," rather than Movants' "particular interest[s]" in protecting their resources and the rights of their candidates and voters. *Coal. of Ariz./N.M. Counties for Stable Economic Growth v. DOI*, 100 F.3d 837, 845 (10th Cir. 1996). While political parties also want what's best for the country, the reality is that they have different ideas of what that looks like and how best to accomplish it.

This tension is stark in the context of elections. Defendants have no interest in the election of particular candidates or the mobilization of particular voters, or the costs associated with either. Instead, state officials, acting on behalf of all Georgia citizens and the State itself, must consider "a range of

8

interests likely to diverge from those of the intervenors." *Meek v. Metro. Dade*

*Cty.*, 985 F.2d 1471, 1478 (11th Cir. 1993). Those interests include "the expense of defending the current [laws] out of [state] coffers," *Clark v. Putnam Cty.*, 168 F.3d 458, 461 (11th Cir. 1999); "the social and political divisiveness of the ~~election~~ elec‑ tion issue," *Meek*, 985 F.2d at 1478; "their own desires to remain politically popular and effective leaders," *id.*; and even the interests of Plaintiffs, *In re Sierra Club*, 945 F.2d 776, 779‑80 (4th Cir. 1991). Defendants apparently agree, since they take no position on Movants' intervention. *See Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1255 (10th Cir. 2001) ("The government has taken no position on the motion to intervene in this case. Its 'silence on any intent to defend the intervenors' special interests is deafening.'").

At the very least, Movants will "serve as a vigorous and helpful supple‑ ment" to Defendants and "can reasonably be expected to contribute to the in‑ formed resolutions of these questions." *NRDC v. Costle*, 561 F.2d 904, 912‑13 (D.C. Cir. 1977). Movants affirmatively seek to preserve Georgia's voting safe‑ guards, including the bill challenged here, and bring a ~~wealth of knowledge and experience to the table. In fact, the complaint includes several allegations about Movants specifically. *E.g.*, Compl. ¶¶34‑35, 67~~unique and well‑in‑ formed perspective to the table. Movants thus should be granted intervention under Rule 24(a)(2).

## II.  Alternatively, Movants are entitled to permissive intervention.

Even if Movants were not entitled to intervene as of right under Rule 24(a), this Court should grant them permissive intervention under Rule 24(b). Exercising broad judicial discretion, courts grant permissive intervention

when the movant has "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b); *see Chiles*, 865 F.2d at

1213. Courts also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see Chiles*, 865 F.2d at 1213. Inadequate representation is not a requirement. ~~See~~ *Black Voters Matter*, Doc. 42 at 5, No. 1:20-cv-4869 (N.D. Ga.).

The requirements of Rule 24(b) are met here. As explained, Movants filed a timely motion. *Supra* I.A. And Movants will raise defenses that share many common questions with the parties' claims and defenses. Plaintiffs allege that the challenged law is unconstitutional. Movants directly reject that allegation and assert that Plaintiffs' desired relief would undermine the interests of Movants and their members. This obvious clash is why courts allow political parties to intervene in defense of state election laws. *See, e.g.*, *Swenson*, Doc. 38, No. 20-cv-459-wmc (W.D. Wis.) ("[T]he [RNC and Republican Party of Wisconsin] have a defense that shares common questions of law and fact with the main action; namely, they seek to defend the challenged election laws to protect their and their members' stated interests—among other things, interest in the integrity of Wisconsin's elections."); *Priorities USA*, 2020 WL 2615504,  at *5 (recognizing that the permissive-intervention factors were met when the RNC "demonstrate[d] that ~~they seek~~ [it] seek[s] to defend the constitutionality of Michi- gan's [election] laws, the same laws which the plaintiffs allege are unconstitu- tional").

Movants' intervention will not unduly delay this litigation or prejudice anyone. Movants swiftly moved to intervene at this case's earliest stage, and their participation will add no delay beyond the norm for multiparty litigation.

10

Plaintiffs put the legality of Georgia's law at issue, after all, ~~and~~ so they "can hardly be said to be prejudiced by having to prove a lawsuit [they] chose to initiate." *Security Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995). Movants also commit to submitting all filings in accordance with ~~whatever~~ what‑ ever briefing schedule the Court imposes, "which is a promise" that ~~undermines~~ under‑ mines claims of undue delay. *Emerson Hall Assocs., LP v. Travelers ~~Cas‑ ualty~~ Casualty Ins. Co. of Am.*, 2016 WL 223794, \*2 (W.D. Wis. Jan. 19, 2016).

Allowing Movants to intervene will promote consistency and fairness in the law, as well as efficiency in this case. It will allow "the Court … to profit from a diversity of viewpoints as [Movants] illuminate the ultimate questions posed by the parties." *Franconia Minerals (US) LLC v. United States*, 319 F.R.D. 261, 268 (D. Minn. 2017). Any prejudice from granting intervention would be no greater than the prejudice from denying intervention. *See Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 377 (1987) ("[W]hen an order prevents a putative intervenor from becoming a party in *any* respect, the order is subject to immediate review."); *Jacobson v. Detzner*, 2018 WL 10509488 (N.D. Fla. July 1, 2018) ("[D]enying [Republican Party organiza‑ tions'] motion [to intervene] opens the door to delaying the adjudication of this case's merits for months—if not longer"). Where a court has doubts, "the most prudent and efficient course" is to allow permissive intervention. *Lac Courte Oreilles Band of Lake Superior Chippewa Indians of Wis. v. United States*, 2002 WL 32350046, \*3 (W.D. Wis. Nov. 20, 2002).

## CONCLUSION

Movants humbly ~~request that~~ ask the Court ~~to~~ grant ~~Movants'~~ their motion and allow them to intervene as defendants.

This ~~31st~~ 14th day of ~~March~~ April, 2021.

Respectfully submitted,

~~Tyler R. Green (*pro hac vice*~~
~~forthcoming)~~
~~Cameron T. Norris (*pro hac vice*~~
~~forthcoming)~~
~~**CONSOVOY MCCARTHY PLLC**~~
~~1600 Wilson Boulevard~~
~~Suite 700~~
~~Arlington, VA 22209~~
~~(703) 243-9423~~

/s/ *William Bradley Carver, Sr.*

~~John E. Hall, Jr. Georgia Bar No. 319090~~
~~William Bradley Carver, Sr. Georgia Bar No. 115529~~
~~W. Dowdy White Georgia Bar No. 320879~~
~~**HALL BOOTH SMITH, P.C.**~~
~~191 Peachtree Street NE Suite 2900~~
~~Atlanta, GA 30303~~
~~(404) 954-6967~~
~~bcarver@hallboothsmith.com~~

Tyler R. Green (*pro hac vice* forthcoming)
Cameron T. Norris (*pro hac vice* forthcoming)
**CONSOVOY MCCARTHY PLLC**
1600 Wilson Boulevard
Suite 700
Arlington, VA 22209
(703) 243-9423

John E. Hall, Jr.
Georgia Bar No. 319090
William Bradley Carver, Sr.
Georgia Bar No. 115529
W. Dowdy White
Georgia Bar No. 320879
**HALL BOOTH SMITH, P.C.**
191 Peachtree Street NE
Suite 2900
Atlanta, GA 30303
(404) 954-6967
bcarver@hallboothsmith.com

*Counsel for Proposed Intervenor-Defendants*

## CERTIFICATE OF SERVICE AND CERTIFICATE
## OF COMPLIANCE WITH LOCAL RULE 5.1

The foregoing was prepared in Century Schoolbook font, 13-point type, one of the font and point selections approved by the Court in N.D. Ga. L.R. 5.1(C).  I hereby certify that I  electronically filed the foregoing  **PROPOSED INTERVENOR-DEFENDANTS' MEMORANDUM OF LAW IN SUP-**

Halsey G. Knapp, Jr.
Joyce Gist Lewis
Adam Martin Sparks
Krevolin & Horst, LLC
One Atlantic Center, Ste. 3250
1201 West Peachtree St., NW
Atlanta, GA 30309
hknapp@khlawfirm.com
jlewis@khlawfirm.com
sparks@@khlawfirm.com
*Counsel for Plaintiffs*

**PORT OF THEIR MOTION TO INTERVENE** with the Clerk of Court using the CM/ECF electronic filing system, which will automatically send e-mail notifi- cation of such filing to the following electronically serve all counsel of record and serve as follows:.

This 31st 14th day of MarchApril, 2021.

Tyler R. Green (*pro hac vice forthcoming*)
Cameron T. Norris (*pro hac vice forthcoming*)
**Consovoy McCarthy PLLC**
1600 Wilson Boulevard
Suite 700
Arlington, VA 22209
(703) 243-9423

/s/ *William Bradley Carver, Sr.*

13

John E. Hall, Jr. Georgia Bar No. 319090
William Bradley Carver, Sr. Georgia Bar No. 115529
W. Dowdy White Georgia Bar No. 320879
**HALL BOOTH SMITH, P.C.**
191 Peachtree Street NE Suite 2900
Atlanta, GA 30303
(404) 954-6967
bcarver@hallboothsmith.com

Tyler R. Green (*pro hac vice* forthcoming)
Cameron T. Norris (*pro hac vice* forthcoming)
**CONSOVOY MCCARTHY PLLC**
1600 Wilson Boulevard
Suite 700
Arlington, VA 22209
(703) 243-9423

John E. Hall, Jr.
Georgia Bar No. 319090
William Bradley Carver, Sr.
Georgia Bar No. 115529
W. Dowdy White
Georgia Bar No. 320879
**HALL BOOTH SMITH, P.C.**
191 Peachtree Street NE
Suite 2900
Atlanta, GA 30303
(404) 954-6967
bcarver@hallboothsmith.com

*Counsel for Proposed Intervenor-Defendants*

| Comparison Details | |
|---|---|
| Title | **compareDocs Comparison Results** |
| Date & Time | 4/14/2021 7:45:51 PM |
| Comparison Time | 3.15 seconds |
| compareDocs version | v4.3.300.65 |

| Sources | |
|---|---|
| Original Document | 2021.03.31 [6-1] Memorandum in Support of Motion to Intervene.pdf |
| Modified Document | 2021.04.14 [25-1] Brief.pdf |

| Comparison Statistics | |
|---|---|
| Insertions | 36 |
| Deletions | 27 |
| Changes | 55 |
| Moves | 0 |
| Font Changes | 0 |
| Paragraph Style Changes | 0 |
| Character Style Changes | 0 |
| TOTAL CHANGES | 118 |
| | |
| | |
| | |
| | |
| | |

| Word Rendering Set Markup Options | |
|---|---|
| Name | |
| Insertions | |
| Deletions | |
| Moves / Moves | |
| Font Changes | |
| Paragraph Style Changes | |
| Character Style Changes | |
| Inserted cells | |
| Deleted cells | |
| Merged cells | |
| Changed lines | Mark left border. |
| Comments color | By Author. |
| Balloons | False |

| compareDocs Settings Used | Category | Option Selected |
|---|---|---|
| Open Comparison Report after Saving | General | Always |
| Report Type | Word | Formatting |
| Character Level | Word | False |
| Include Headers / Footers | Word | True |
| Include Footnotes / Endnotes | Word | True |
| Include List Numbers | Word | True |
| Include Tables | Word | True |
| Include Field Codes | Word | True |
| Include Moves | Word | False |
| Show Track Changes Toolbar | Word | True |
| Show Reviewing Pane | Word | True |
| Update Automatic Links at Open | Word | [Yes / No] |
| Summary Report | Word | End |
| Include Change Detail Report | Word | Separate |
| Document View | Word | Print |
| Remove Personal Information | Word | False |
| Flatten Field Codes | Word | True |