**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| VOTEAMERICA; VOTER PARTICIPATION CENTER; and CENTER FOR VOTER INFORMATION,<br><div align="right">*Plaintiffs,*</div><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as Secretary of State of the State of Georgia; et al.,<br><div align="right">*Defendants,*</div><br><br>REPUBLICAN NATIONAL COMMITTEE; et al.,<br><div align="right">*Intervenor-Defendants.*</div> | Case No. 1:21-cv-01390-JPB |

**PLAINTIFFS' STATEMENT REGARDING CASE CONSOLIDATION**

The Court has directed the parties in the eight cases challenging various provisions of Georgia Senate Bill 202 to file any comments regarding the potential consolidation of these matters. (December 9, 2021 Docket Order.) As the Court recognized in its Order, the substance of most of these cases overlap substantially and could be efficiently consolidated. However, Plaintiffs VoteAmerica, Center for Voter Participation, and Voter Information Center ("Plaintiffs") submit that their challenge to discrete parts of Section 25 of SB 202 in *VoteAmerica v. Raffensperger*, 1:21-cv-01390-JPB, is sufficiently distinct and narrow that it should

1

not be consolidated with the other challenges to SB 202. Plaintiffs' challenge does not overlap at all with six of the other cases, only overlaps with a portion of one of the cases, and will require far less extensive and complicated discovery than any of the other cases. As such, Plaintiffs believe that consolidation of this case would not promote judicial efficiency and could unnecessarily delay adjudication of their important First Amendment claims.

A trial court has discretion to consolidate cases involving a common question of law or fact. Fed. R. Civ. P. 42(a); *Jackson v. Ford Consumer Fin. Co.*, 181 F.R.D. 537, 539 (N.D. Ga. 1998); *see also Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017). In deciding whether to consolidate several cases, however, a trial court "is obliged to consider:" 1) "whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues," 2) "the burden on parties," 3) "witnesses and available judicial resources posed by multiple lawsuits," 4) "the length of time required to conclude multiple suits as against a single one," and 5) "the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Eghnayem*, 873 F.3d at 1313 (quotation omitted).

This case presents distinct issues of fact and law compared to the other cases challenging numerous components of SB 202. Plaintiffs' claims are limited to

2

"certain SB 202 regulations that govern third parties' provision of absentee ballot applications to voters on the grounds that the regulations abridge their rights to free speech, expression and association." Order Mot. to Dismiss (ECF No. 57) at 2. Only *one* of the other seven cases under consideration for consolidation challenges the absentee ballot distribution restrictions at issue in this case. *See Georgia State Conference of the NAACP v. Raffensperger*, No. 1:21-cv-01259-JPB. And this case is the only one that states a First Amendment claim against SB 202's prohibition on personalizing absentee ballot applications and that challenges the overbreadth and vagueness of SB 202's absentee ballot solicitation restrictions. *Compare* Pls.' Resp. to Defs.' Mot. to Dismiss (ECF No. 45) at 1–2 *with* Pls.' Resp. to Defs.' Mot. to Dismiss (ECF No. 56) at 22–23, *Georgia State Conference of the NAACP v. Raffensperger*, No. 1:21-cv-01259. Most importantly, this case is distinct for the claims it *does not* include: it is the only case that does not state any race discrimination claims (under the Constitution or the Voting Rights Act), which will necessarily require more substantial and complex discovery, *see, e.g.*, *Georgia State Conference of NAACP v. Fayette Cty. Bd. of Comm'rs*, 775 F.3d 1336, 1340-44 (11th Cir. 2015), and it does not involve any other statutory claims under the ADA, the 1964 Civil Rights Act, or the NVRA.

Accordingly, Plaintiffs believe that consolidating this case with the other seven cases would unnecessarily delay the resolution of their narrow First Amendment claims and will not promote the efficient adjudication of this case. "[T]he Eleventh Circuit has encouraged trial courts to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion," but separately adjudicating Plaintiffs' narrow lawsuit against only Section 25 of SB 202 serves judicial speed and efficiency. *See Jackson*, 181 F.R.D. at 539 (denying motion to consolidate) (internal citation omitted). Given the limited scope of their claims, Plaintiffs do not anticipate extensive fact discovery and believe discovery in this case can be reasonably completed within the default four-month period or sooner. Expert testimony, if any, will also be limited in scope and number.

By contrast, the other cases involve discrimination claims under the Fourteenth Amendment and the Voting Rights Act that typically require substantial factual development, involve multiple expert witnesses, and may raise further discovery disputes related to legislative privilege. The consolidation of this case with those other matters will not serve judicial economy and Plaintiffs' claims need not be delayed while a factual record is developed in the other cases on unrelated claims.

Given Plaintiffs' limited claims, the Defendants will not be burdened if this case proceeds on its own track. Plaintiffs, on the other hand, will be burdened by consolidation because Plaintiffs' limited discovery risks being submerged in the more complicated and extensive discovery required in the other cases. The time to adjudicate this case will also likely be elongated by consolidation because Plaintiffs anticipate that their case will require fewer witnesses, expert testimony, documentary evidence, and other uses of the Court's resources than the other cases.

Timely resolution of First Amendment and election-related cases is paramount. Plaintiffs face irreparable harm with every passing day they cannot engage in their intended protected speech and each election that passes for which they cannot engage with voters. Consolidation is most appropriate in cases with substantial overlap on the merits and with similar discovery and scheduling needs. While that appears to be true for the other cases before the Court, those factors are not present here. Plaintiffs therefore respectfully request that this case not be consolidated with the other cases challenging SB 202.

Respectfully submitted this 14th day of December 2021.

*/s/ Robert B. Remar*
Robert B. Remar (Ga. Bar No. 600575)

Katherine L. D'Ambrosio (Ga. Bar No. 780128)
ROGERS & HARDIN LLP
229 Peachtree Street NE
2700 International Tower
Atlanta, GA 30303
Tel: (404) 522-4700
Fax: (404) 525-2224
rremar@rh-law.com
kdambrosio@rh-law.com

*/s/ Danielle Lang*
Danielle Lang*
Jonathan Diaz*
Rob Weiner*
Caleb Jackson*
Hayden Johnson*
Valencia Richardson*
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Ste. 400
Washington, D.C. 20005
Tel: (202) 736-2200
Fax: (202) 736-2222
dlang@campaignlegalcenter.org
jdiaz@campaignlegalcenter.org
rweiner@campaignlegalcenter.org
cjackson@campaignlegalcenter.org
hjohnson@campaignlegalcenter.org
vrichardson@campaignlegalcenter.org

*Counsel for Plaintiffs*

* *Admitted pro hac vice*

## <u>CERTIFICATE OF SERVICE</u>
## <u>AND COMPLIANCE WITH LOCAL RULE 5.1</u>

I hereby certify that I have this date electronically filed the within and foregoing, which has been prepared using 14-point Times New Roman font, with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

Dated: December 14, 2021.

/s/ Robert B. Remar
Robert B. Remar
GA Bar No. 600575

*Counsel for Plaintiffs*