# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| VOTEAMERICA; VOTER PARTICIPATION CENTER; and CENTER FOR VOTER INFORMATION,<br><br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as Secretary of State of the State of Georgia; and EDWARD LINDSEY, SARA GHAZAL, MATTHEW MASHBURN, and JANICE JOHNSTON, in their official capacities as members of the STATE ELECTION BOARD[1],<br><br>Defendants,<br><br>and<br><br>REPUBLICAN NATIONAL COMMITTEE; NATIONAL REPUBLICAN SENATORIAL COMMITTEE; NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE; and GEORGIA REPUBLICAN PARTY, INC.,<br><br>Intervenor-Defendants. | Case No. 1:21-cv-01390-JPB<br>Judge J.P. Boulee |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the caption has been updated to reflect the current members of the State Election Board who have been automatically substituted as Defendants in this case. The Board has not yet met since Rebecca Sullivan was replaced and must elect its own Vice Chair, therefore that position is currently vacant but will be filled at the next meeting. The Chair position remains vacant.

1.    **Description of Case:**

(a)    **Describe briefly the nature of this action.**

This is an action seeking declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201 and 2202. Plaintiffs VoteAmerica, Voter Participation Center ("VPC"), and Center for Voter Information ("CVI") (together, "Plaintiffs") bring this action against Georgia Secretary of State Brad Raffensperger and Georgia State Election Board Members Edward Lindsey (who has succeeded Rebecca Sullivan),   Sara Ghazal (who has succeeded David Worley), Matthew Mashburn, and Janice Johnston (who has succeeded Anh Le) (together, "Defendants") in their official capacities, challenging three provisions of Senate Bill 202 ("SB 202"), codified at O.C.G.A. § 21-2-381: (1) a prohibition on sending voters absentee ballot applications prefilled with their personalized information ("Prefilling Prohibition"); (2) a requirement that Plaintiffs attach a disclaimer to the face of any absentee ballot application that they distribute ("Disclaimer Provision"); and (3) a $100 penalty imposed for every duplicate application sent to an individual who has already requested, received, or cast an absentee ballot, as indicated on a list created by the Secretary of State ("Mailing List Provision") (together, "Ballot Application Provisions").

Plaintiffs allege that the Ballot Application Provisions in SB 202 restrict their ability to communicate with and persuade Georgians to vote, in violation of Plaintiffs' rights under the First and Fourteenth Amendments. Defendants and Intervenor-Defendants deny the allegations in Plaintiffs' Complaint, and moved to dismiss the Complaint in its entirety on the basis that Plaintiffs lack Article III standing and have failed to state a claim upon which relief may be granted. This Court denied Defendants' and Intervenor-Defendants' motions to dismiss on December 9, 2021.

**(b)** **Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiffs Vote America, VPC, and CVI are nonprofit, nonpartisan organizations that seek to maximize participation in the political process by encouraging eligible Georgians to vote, and in particular to vote absentee, and providing them with the resources to do so.

VoteAmerica, a 501(c)(3) organization, operates a website that provides extensive guides and tools for voter registration, absentee or mail voting, and voting in person in each state, including Georgia. In particular, VoteAmerica operates an interactive Absentee and Mail Ballot tool that allows voters to provide their name, address, date of birth, email, and phone number to prepare an official absentee ballot application form with their provided information while also signing up for further

voter engagement communications from VoteAmerica. Once the voter completes their application using VoteAmerica's web tool, the partially prefilled absentee ballot application is sent to the voter with the information they provided so they can submit it to their local election official.

VPC and CVI are 501(c)(3) and 501(c)(4) organizations, respectively, who provide education and resources to eligible voters to encourage them to participate in the political process and assist them in doing so. VPC and CVI operate direct mail programs that send targeted mass mailers that contain, among other things, absentee ballot applications, instructions for submitting the application, and additional information. All three Plaintiffs conducted operations in Georgia during the 2020 and 2021 elections.

On March 25, 2021, Governor Kemp signed SB 202 into law. Among other changes to Georgia's elections system, SB 202 includes several new provisions governing the distribution of absentee ballot applications. Plaintiffs filed their Complaint in this Court on April 7, 2021, alleging that three of those provisions—the Prefilling Prohibition, Disclaimer Provision, and Mailing List Provision—violate their rights under the First and Fourteenth Amendments by unconstitutionally restricting Plaintiffs' political speech and expression, infringing Plaintiffs' ability to

associate with Georgia voters, compelling Plaintiffs to deliver a false and misleading message, and imposing penalties and restrictions that are both vague and overbroad.

Defendants and Intervenor-Defendants deny the allegations in Plaintiffs' Complaint, and moved to dismiss the Complaint in its entirety. This Court denied Defendants' and Intervenor-Defendants' motions to dismiss on December 9, 2021.

**(c)     The legal issues to be tried are as follows:**

1.  Whether Plaintiffs have Article III standing to challenge the Ballot Application Restrictions of SB 202

2.  Whether the Ballot Application Restrictions infringe upon Plaintiffs' freedom of speech.

3.  Whether the Ballot Application Restrictions infringe upon Plaintiffs' Freedom of Association.

4.  Whether the Disclaimer Provision unconstitutionally alters the content of Plaintiffs' speech, such that it implicates the compelled speech doctrine.

5.  Whether the Ballot Application Restrictions are unconstitutionally overbroad.

6.  Whether the Ballot Application Restrictions are unconstitutionally vague.

**(d)     The cases listed below (include both style and action number) are:**

**(1)     Pending Related Cases:**

The cases listed below all challenge various aspects of SB 202. This case is based on the Plaintiffs' First Amendment rights and challenges three specific absentee ballot provisions of SB 202.

- By Order entered 12/23/2021 (Doc. 64), the Court consolidated the six cases listed below for purposes of discovery and assigned the following coordinated case number: *In re Georgia Senate Bill 202, 1-21-MI-55555-JPB*
    - *The New Georgia Project et al. v. Raffensperger et al.*, No. 1:21-cv-01229-JPB
    - *Georgia State Conference of the NAACP et al. v. Raffensperger et al.*, No. 1:21-cv-01259-JPB
    - *Sixth District of the African Methodist Episcopal Church et al. v. Kemp et al.*, 1:21-cv-01284-JPB
    - *Asian Americans Advancing Justice-Atlanta v. Raffensperger et al.*, 1:21-cv-01333-JPB
    - *The Concerned Black Clergy of Metropolitan Atlanta, Inc. et al. v. Raffensperger et al.*, 1:21-cv-01728-JPB
    - *United States of America v. The State of Georgia*, 1:21-cv-02575-JPB
- *Coalition for Good Governance et al. v. Raffensperger et al.*, 1:21-cv-02070-JPB

> **(2)    Previously Adjudicated Related Cases:**  None.

**2.    This case is complex because it possesses one (1) or more of the features listed below (please check):**

_____ (1) Unusually large number of parties
_____ (2) Unusually large number of claims or defenses
_____ (3) Factual issues are exceptionally complex
_____ (4) Greater than normal volume of evidence
_____ (5) Extended discovery period is needed
_____ (6) Problems locating or preserving evidence
_____ (7) Pending parallel investigations or action by government
_____ (8) Multiple use of experts
_____ (9) Need for discovery outside United States boundaries
_____ (10) Existence of highly technical issues and proof
_____ (11) Unusually complex discovery of electronically stored information

**3.    Counsel:**

The following individually named attorneys are hereby designated as lead counsel for the parties:

<u>Plaintiffs</u>:

Danielle Lang and Robert B. Remar

<u>Defendants</u>:

Bryan Tyson and Gene Schaerr

<u>Intervenor-Defendants</u>:

Tyler R. Green and W. Bradley Carver, Sr.

**4.     Jurisdiction:**

Is there any question regarding this court's jurisdiction?

___X___ Yes            _____ No

Defendants explain the basis for their allegation that this Court lacks jurisdiction in the brief in support of their Motion to Dismiss [Doc. 40-1].

**5.     Parties to This Action:**

(a)     The following persons are necessary parties who have not been joined:

None.

(b)     The following persons are improperly joined as parties:

None, although Plaintiffs do not waive their objection to the joinder of the Intervenor-Defendants.

(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

Sara Ghazal has replaced David Worley as a member of the State Election Board. Because this is an official-capacity suit, Ms. Ghazal is automatically substituted by operation of law under Federal Rule of Civil Procedure 25(d). Edward Lindsey has replaced Rebecca Sullivan as a member of the State Election Board. Because this is an official-capacity suit, Mr. Lindsey is automatically substituted by operation of law under Federal Rule of Civil Procedure 25(d). Janice Johnston has replaced Anh Le as a member of the State Election Board. Because this is an official-capacity suit, Dr. Johnston is automatically substituted by operation of law under Federal Rule of Civil Procedure 25(d). The parties will file a notice of substitution to reflect this change.

(d)     The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of FED. R. CIV. P. 15.  Further instructions regarding amendments are contained in LR 15.

(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary:

None known at this time.

(b)     Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times For Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).

(a)     *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)     *Summary Judgment Motions:* within thirty (30) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

(c)     *Other Limited Motions*: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)     *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with FED. R. CIV. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE:**

**Your initial disclosures should include electronically stored information. Refer to FED. R. CIV. P. 26(a)(1)(B).**

The parties agree that initial disclosures are appropriate in this matter and should be filed within seven (7) days after the beginning of discovery.

9. **Request for Scheduling Conference:**

   **Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.**

   No party requests a scheduling conference at this time, but the parties are

amenable to having a conference if the Court wishes.

10. **Discovery Period:**

   **The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

   **Cases in this court are assigned to one of the following three (3) discovery tracks:  (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

   **Please state below the subjects on which discovery may be needed:**

   Discovery may be needed on at least the following subjects:

a. The State's plans for implementing and enforcing the Ballot Application Restrictions.

b. Historical data on absentee ballot applications from previous Georgia elections, including, but not limited to:
   i) The number of absentee ballot applications submitted
   ii) The number of absentee ballot applications accepted
   iii) The number of absentee ballot applications rejected
      (1) The reasons, if any, for rejection

c. Complaints received by state or county election officials regarding absentee ballot application distribution by Plaintiffs or other non-government third parties

d. State and county election officials' ability to process existing volume of absentee ballot applications

e. Expert testimony on voter engagement activities and voter turnout.

f. Plaintiffs' voter engagement operations in Georgia during the 2020/2021 election cycle and future cycles.

g. State interests served by the Ballot Application Restrictions.

h. Evidence of voter fraud or election misconduct in Georgia's 2020-21 elections.

i. The relative responsibilities of the Secretary of State, State Election Board, and County Election Boards in administering the Ballot Application Provisions of SB 202.

j. The purpose and motivation behind enacting SB 202, particularly the Ballot Application Provisions.

k. The extent to which the Absentee Ballot Restrictions are based on model legislation developed by the Intervenor-Defendants and their allied groups, or whether the Absentee Ballot Restrictions were designed by members of the Georgia General Assembly to address a perceived Georgia-specific issue.

l. How invalidating the Absentee Ballot Restrictions would impair the Intervenor-Defendants' claimed ability to elect their chosen candidates.

m. Evidence of Plaintiffs' diversion of resources as a result of SB 202.

The parties reserve the right to pursue discovery of other issues as appropriate under the Federal Rules of Civil Procedure and the Local Rules of this Court and preserve all applicable objections to discovery within the topics outlined above.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused on particular issues, please state those reasons in detail below:**

The parties do not anticipate needing additional time beyond that allowed by the assigned discovery track (four months).

The parties agree that Plaintiffs shall disclose the identity of expert witnesses and their reports under Rule (26)(a)(2)(A) and (B) by March 15, 2022. Defendants shall disclose the identity of expert witnesses and their reports by April 15, 2022. The parties shall complete expert discovery, including expert depositions by the close of the four-month discovery period.

**11.    Discovery Limitation:**

**(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

None at this time.

**(b)    Is any party seeking discovery of electronically stored information?**

     X    Yes          _____    No

**If "yes,"**

**(1)    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties have engaged in preliminary discussions of ESI and have agreed to further discuss limiting the scope of production of any electronically stored information, including through the use of search terms, accessibility, date limitations, and key witnesses.  The parties have agreed that in order to minimize expense and inconvenience to the parties and third parties, they will formulate all requests for ESI with as much specificity as possible and will produce documents in tiff-image format where practical, with appropriate load files for vendor accessibility and each of searching and use.

Pursuant to Federal Rule of Evidence 502(d), the production of privileged or work product ESI is not a waiver in the pending case or in any other federal or state proceeding.

**(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native,**

**and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties have agreed that, where reasonably feasible, the format for the production of electronically stored information will be tiff-image or PDF files with appropriate load files—with the limited exception of any files that are not easily converted to image format, such as Excel and Access files, which may need to be produced in native format to allow review—bates-stamped and with metadata included.  To the extent that parties seek to exchange files in other formats or without metadata, the Parties will meet and confer about the best means for producing the data. The parties agree that the method of production shall be by email (within file size limitations) or FTP.

The Parties agree to continue to discuss in good faith the production of ESI and believe any disputes can be resolved without Court intervention. In the absence of agreement on any issue regarding the discovery of electronically stored information, the parties shall request a conference by appropriate motion made after a good faith meet and confer with the opponent.

**12.    Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties believe the discovery period should proceed under the four-month

discovery track provided for by the Local Rules and have submitted a proposed scheduling order (Exhibit A, attached hereto).

The parties have agreed that discovery shall be shared across this case, the consolidated cases (*In re Georgia Senate Bill 202*), and *Coalition for Good Governance v. Raffensperger*, to the extent admissible in this case, pursuant to the protective order. The parties consent to service by email under Federal Rule of Civil Procedure 5(b)(2)(E), provided that copies are emailed to all attorneys of record.

**13.    Settlement Potential:**

    **(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on January 14, 2022. Other persons who participated in the settlement discussions are listed according to party.**

For Plaintiffs:  Lead counsel (signature):  /s/Danielle Lang and /s/ Robert B. Remar

    Other participants:  Katherine D'Ambrosio and Caleb Jackson.

For Defendants: Lead counsel (signature):  /s/ Bryan P. Tyson and /s/Gene

Schaerr.

    Other participants:  Chris Bartolomucci, Erik Jaffe, Brian Field, Sohan Dasgupta, Bryan Jacoutot, and Loree Anne Paradise

For Intervenor-Defendants: Lead Counsel (signature): /s/ Tyler R. Green.
    Other Participants: Cam Norris, Brad Carver, and Dowdy White

     **(b)**    **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(\_\_\_) A possibility of settlement before discovery.
(\_\_\_) A possibility of settlement after discovery.
(\_\_\_) A possibility of settlement, but a conference with the judge is needed.
(\_X\_) No possibility of settlement.

     **(c)**    **Counsel (\_\_\_) do or (\_X\_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.**

     **(d)**    **The following specific problems have created a hindrance to settlement of this case:**  None to report at this time.

**14.**    **Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)    The parties (\_\_\_\_\_) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this \_\_\_\_\_ day _____, of 20\_\_\_.

(b)    The parties (\_X\_) do not consent to having this case tried before a magistrate judge of this court.

Respectfully submitted this 21st day of January, 2022.

| | |
|---|---|
| */s/ Robert B. Remar*_____ | Christopher M. Carr |
| Robert B. Remar | Attorney General |
| (Ga. Bar No. 600575) | Georgia Bar No. 112505 |
| Katherine L. D'Ambrosio | Bryan K. Webb |

(Ga. Bar No. 780128)
SMITH, GAMBRELL & RUSSELL
1105 W. Peachtree St. N.E.
Suite 1000
Atlanta, GA  30309
404-815-3500 (telephone)
404-815-3509 (facsimile)
rremar@sgrlaw.com
kdambrosio@sgrlaw.com

/s/ Jonathan Diaz
Danielle Lang*
Jonathan Diaz*
Rob Weiner*
Caleb Jackson*
Hayden Johnson*
Valencia Richardson*
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Ste. 400
Washington, D.C. 20005
Tel: (202) 736-2200
Fax: (202) 736-2222
dlang@campaignlegalcenter.org
jdiaz@campaignlegalcenter.org
rweiner@campaignlegalcenter.org
cjackson@campaignlegalcenter.org
hjohnson@campaignlegalcenter.org
vrichardson@campaignlegalcenter.org

Counsel for Plaintiffs

*Admitted pro hac vice

Deputy Attorney General
Georgia Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 760280
Charlene McGowan
Assistant Attorney General
Georgia Bar No. 697316
**State Law Department**
40 Capitol Square, S.W.
Atlanta, Georgia 30334

/s/Gene C. Schaerr
Gene C. Schaerr*
gschaerr@schaerr-jaffe.com
Erik Jaffe*
ejaffe@schaerr-jaffe.com
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
Fax: (202) 776-0136
*Admitted pro hac vice

Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, GA 30339

Telephone: (678)336-7249

*Counsel for Defendants*

 */s/ Cameron T. Norris*
Tyler R. Green (pro hac vice)
Cameron T. Norris (pro hac vice)
Steven Begakis (pro hac vice)
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
cam@consovoymccarthy.com

John E. Hall, Jr.
Georgia Bar No. 319090
William Bradley Carver, Sr.
Georgia Bar No. 115529
W. Dowdy White
Georgia Bar No. 320879
HALL BOOTH SMITH, P.C.
191 Peachtree Street NE, Suite 2900
Atlanta, GA 30303
(404) 954-6967

*Counsel for Intervenor-Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this day the foregoing ***JOINT***

***PRELIMINARY REPORT AND DISCOVERY PLAN*** was electronically filed with

the Clerk of Court using the CM/ECF system, which will automatically send e-mail

notification of such filing to all attorneys of record.

Dated:  January 21, 2022.

*/s/ Robert B. Remar*
Robert B. Remar
GA Bar No. 600575

*Counsel for Plaintiffs*

# Exhibit A

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |
|---|---|
| VOTEAMERICA; VOTER PARTICIPATION CENTER; and CENTER FOR VOTER INFORMATION,<br><br>           Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as Secretary of State of the State of Georgia; and EDWARD LINDSEY, SARA GHAZAL, MATTHEW MASHBURN, and JANICE JOHNSTON, in their official capacities as members of the STATE ELECTION BOARD,<br><br>           Defendants. | Case No. 1:21-cv-01390-JPB<br>Judge J.P. Boulee |

## <u>JOINT [PROPOSED] SCHEDULING ORDER</u>

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure, the Local Rules of this Court, except as follows:

The discovery period shall commence on February 1, 2022.

| | EVENT | DEADLINE |
|---|---|---|
| 1. | Answers | January 21, 2022 |

| 2. | Beginning of Fact Discovery Period | February 1, 2022 |
|----|-----|-----|
| 3. | Initial Disclosures | February 8, 2022 |
| 4. | Plaintiffs' Expert Disclosures and Reports | March 15, 2022 |
| 5. | Defendants' Expert Disclosures and Reports | April 15, 2022 |
| 6. | Plaintiffs' Expert Rebuttal Report | May 2, 2022 |
| 7. | Fact Discovery Closes | May 31, 2022 |
| 8. | Motions for Summary Judgment | June 30, 2022 |
| 9. | Responses to Motions for Summary Judgment | July 21, 2022 |
| 10. | Replies in Support of Motions for Summary Judgment | August 4, 2022 |
| 11. | Trial | As soon as practicable after resolution of any Motion for Summary Judgment |

Plaintiffs anticipate filing a motion for preliminary injunction in April and requesting a hearing as soon as practicable thereafter.

IT IS SO ORDERED, this _____ day of _____, 2022.

_____
Honorable J.P. Boulee
UNITED STATES DISTRICT JUDGE