# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| VOTEAMERICA; et al.,<br>*Plaintiffs*,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as Secretary of State of the State of Georgia, et al.,<br>*Defendants*,<br><br>REPUBLICAN NATIONAL COMMITTEE; et al.,<br>*Intervenor-Defendants*. | No. 1:21-cv-1390-JPB |

## CONSOLIDATED JOINT DISCOVERY STATEMENT
## RE: 30(b)(6) DEPOSITIONS OF RNC & GAGOP

Plaintiffs have noticed 30(b)(6) depositions for two Intervenors: the Republican National Committee (RNC) and Georgia Republican Party (GAGOP). Because the entire depositions are in dispute, the full notices are attached as Exhibits A and B. To work through their disagreements, Plaintiffs and Intervenors met and conferred over Zoom on August 26 and September 7. The parties were able to narrow, but not resolve, their dispute. The depositions are currently scheduled for September 30. Intervenors will ask the Court to quash the deposition notices in full or in part. Plaintiffs oppose.

Though the recipients are different, the two deposition notices are identical. They ask the RNC and GAGOP to each prepare a representative on 14 topics. For ease of organization, the parties will group the topics into 5 batches and provide their positions on each batch.

**Deposition Topics 10, 12-13**

<u>Intervenors</u>: These topics ask Intervenors about the state interests behind the laws. Earlier in discovery, Intervenors agreed not to present evidence of their own on the state interests. Even absent that agreement, these topics aren't proportional. Discovery about state interests should come from the State; indeed, Plaintiffs have been seeking that discovery extensively. The views *of Intervenors* are not relevant to what the state interests are. And Plaintiffs cannot discover Intervenors' *legal* arguments about the State's evidence. While Plaintiffs are right that topic 11 is particularly bad, Intervenors have consistently raised these and other objections to all the noticed topics.

<u>Plaintiffs</u>: Topics 10 and 12 address *Intervenors*' contentions that the challenged restrictions "serve the integrity of the election process," and that

1

injunctive relief in this case would "threaten to confuse voters and undermine confidence in the electoral process." Topic 13 asks them to testify as to the government interests *they* contend the restrictions serve. These topics are relevant; it is well-established that discovery on party contentions is proper, particularly at the end of discovery; and Intervenors identify no undue burden. Indeed, through their meet and confer discussions, the Intervenors conveyed that they would be willing to go forward with the deposition—notwithstanding their objections to this and other topics—if Plaintiffs would eliminate topic 11 from their Rule 30(b)(6) notices. Because Plaintiffs refused to drop topic 11, Intervenors' now raise a litany of objections and seek to quash the deposition in full.

**Deposition Topic 11**

<u>Intervenors</u>: This topic asks whether invalidating the laws would harm not the State or the public, but *the Republican Party*. This topic is not relevant to any party's "claim or defense," FRCP 26(b)(1); is not proportional; and is primarily designed for harassment or other improper purposes. The laws' constitutionality has nothing to do with their benefits or harms to the Republican Party in particular. Quoting the motion to intervene, Plaintiffs say this topic will help them prove that Intervenors' motion should have been denied. But intervention turns on the allegations in the motion, not facts later found in discovery. *Sw. Ctr. for Bio. Diversity v. Berg*, 268 F.3d 810, 819-20 (9th Cir. 2001). And permissive intervention doesn't even require an "interest." *SEC v. U.S. Realty & Imp. Co.*, 310 U.S. 434, 459 (1940). Plaintiffs also say this topic will help them challenge Intervenors' standing on appeal. But *appellate*

standing isn't relevant in the *trial* court, and appellate courts assess it based not on the record below, but on what the appellant "alleges" in its brief. *DEC of Fla. v. NRSC*, 950 F.3d 790, 794 (11th Cir. 2020). Plaintiffs couldn't even contest intervention or standing except in the unlikely scenario that Intervenors, but not the State, appeal an adverse judgment.

Plaintiffs: Topic 11 only asks Intervenors to identify their stake in this case. It does relate to a party's "claim or defense" in this case, namely the RNC and GA GOP's claims, *inter alia*, that (1) they "have direct and significant interests in ensuring that the State's election procedures are fair and reliable"; (2) any changes in procedures as a result of this case "could affect candidates running as Republicans and voters who [are] members of the … Republican Party"; (3) if changes occur close to an election, they "will be forced to spend substantial resources fighting inevitable confusion and galvanizing participation in the wake of the 'consequent incentive to remain away from the polls'"; and (4) will plainly "suffer if the Government were to lose this case, or to settle it against [Intervenors'] interests." Doc. 25-1. Moreover, in an *Anderson-Burdick* balancing analysis, Defendants' claims of harm are relevant. Finally, Intervenors would only have standing to independently appeal any ruling in this case if they can show independent standing. While we are not yet at that stage, discovery is the only phase at which Plaintiffs could gather the necessary evidence to challenge appellate standing. Absent this discovery, Plaintiffs would not be able to rebut any claims of alleged harm, like those made above at the intervention stage and those the Eleventh Circuit recently relied upon in finding that the National Republican Senatorial Committee had standing to appeal

in an election case. *Dem. Exec. Comm.*, 950 F.3d at 794 ("The NRSC alleges that it responded by diverting personnel and time to educating voters about the modified law (presumably to ensure that voters supporting the NRSC's preferred candidate were as well-informed about the district court's order as those supporting the plaintiffs' preferred candidate).").

**Deposition Topic 8**

<u>Intervenors</u>: This topic targets the Republican Party's "campaign strategies." This information is privileged under the First Amendment. *Perry v. Schwarzenegger*, 591 F.3d 1147 (9th Cir. 2010). Plaintiffs cannot overcome that privilege here, or even prove bare relevance or proportionality. Plaintiffs claim to mail absentee-ballot applications for *nonpartisan* reasons and challenge SB202's regulations *as to them*. How the Republican Party uses these mailers in their partisan campaigns is irrelevant.

<u>Plaintiffs</u>: Topic 8 concerns only Intervenors' practices of distributing absentee ballot applications. The discovery is relevant and tailored and their citation does not support such a broad application of the First Amendment privilege.

**Deposition Topic 9**

<u>Intervenors</u>: This topic concerns Intervenors' communications with legislators during the 2021 session about "any bill including absentee ballot distribution restrictions." In written discovery, the RNC already testified that it had no involvement in the legislative process behind SB202. More broadly, this topic is overbroad because it covers "any bill," including ones that didn't pass and aren't challenged. And these communications cannot be relevant or

proportional because Plaintiffs do not raise any intent-based claims.

Plaintiffs: The formulation of and motivation for the challenged restrictions—which were the result of the coalescing of numerous bills in the 2021 legislatives session—are relevant to an *Anderson-Burdick* balancing inquiry and Intervenors identify no undue burden to testifying on this topic.

**Deposition Topics 1-3**

Intervenors: This topic asks how Intervenors mailed absentee-ballot applications before SB202. In written discovery, Intervenors already produced their mailers from 2020—the election right before SB202. Intervenors also produced information about those mailers, including the number mailed, the timing, and whether the applications were prefilled (none were). Forcing Intervenors to prepare for and attend depositions, shortly before the November elections, just to repeat this information again is not proportional. The disproportionality is magnified by the fact that Plaintiffs' request goes back further than 2020. In fact, information about how *the Republican Party* mailed absentee-ballot applications before SB202 is not even relevant to the law's constitutionality as applied *to Plaintiffs*. Plaintiffs are as responsible, if not more, for the delays in getting this dispute to the Court. And regardless what's "typical," parties have a duty to minimize unnecessary discovery.

Plaintiffs: How other parties in this case—and particularly political actors whose communications are prototypical political speech—have incorporated absentee ballot applications into their mailings to voters in Georgia is relevant discoverable information. It is typical for parties to seek deposition testimony in addition to written discovery; Plaintiffs plan to ask questions

based on those records rather than ask Intervenors to repeat the information; and Plaintiffs have sought to depose Intervenors on these identified topics since April of this year and therefore Intervenors cannot complain about the timing of this deposition.

**Deposition Topics 5-7**

Intervenors: These topics ask for Intervenors' views about why they mail "absentee ballot applications" or "voter registration forms." These topics are not proportional. The challenged laws do not implicate "voter registration forms." In written discovery, Intervenors already testified that they do not pre-fill absentee-ballot applications or have any documents about the wisdom of mailing or prefilling them. And the Republican Party's views or practices are not relevant to the laws' constitutionality as applied to Plaintiffs.

Plaintiffs: Intervenors' mischaracterize these topics. Topic 5 asks whether Intervenors send mailings to voters that include absentee ballot applications or voter registration forms and why *they* do so. Topics 6 and 7 ask for Intervenors' knowledge, if any, as to the effectiveness of that strategy and the strategy of pre-filling forms. These topics fall well within the broad realm of relevance and Intervenors identify no undue burden in preparing testimony on these topics.

**Deposition Topic 14**

Intervenors: This catch-all is objectionable for the reasons above, plus the availability of less burdensome options like amended written responses.

Plaintiffs: It is both relevant and proportional to ask Intervenors' to be able to explain their own discovery responses in this case.

Dated: September 21, 2022

*s/ Danielle Lang*
Danielle Lang*
Jonathan Diaz*
Hayden Johnson*
Valencia Richardson*
Alice Huling*
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Ste. 400
Washington, D.C. 20005
Tel: (202) 736-2200
Fax: (202) 736-2222
dlang@campaignlegalcenter.org
jdiaz@campaignlegalcenter.org
hjohnson@campaignlegalcenter.org
vrichardson@campaignlegalcenter.org
ahuling@campaignlegalcenter.org
*Admitted pro hac vice*

Robert B. Remar
(Ga. Bar No. 600575)
Katherine L. D'Ambrosio
(Ga. Bar No. 780128)
SMITH, GAMBRELL & RUSSELL, LLP
1105 W. Peachtree NE, Suite 1000
Atlanta, GA 30309
(404) 815-3500
rremar@sgrlaw.com
kdambrosio@sgrlaw.com

*Counsel for Plaintiffs*

Respectfully submitted,

/s/ *Cameron T. Norris*

Tyler R. Green (*pro hac vice*)
Cameron T. Norris (*pro hac vice*)
Jeffrey S. Hetzel (*pro hac vice*)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tyler@consovoymccarthy.com
cam@consovoymccarthy.com
jhetzel@consovoymccarthy.com

John E. Hall, Jr.
  Georgia Bar No. 319090
William Bradley Carver, Sr.
  Georgia Bar No. 115529
W. Dowdy White
  Georgia Bar No. 320879
HALL BOOTH SMITH, P.C.
191 Peachtree St. NE, Ste. 2900
Atlanta, GA 30303
(404) 954-6967

*Counsel for Intervenor-Defendants*

# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| VOTEAMERICA; VOTER PARTICIPATION CENTER; and CENTER FOR VOTER INFORMATION, | |
| Plaintiffs, | Case No. 1:21-cv-01390-JPB |
| v. | Judge J.P. Boulee |
| BRAD RAFFENSPERGER, in his official capacity as Secretary of State of the State of Georgia; SARA GHAZAL, JANICE JOHNSTON, EDWARD LINDSEY, and MATTHEW MASHBURN, in their official capacities as members of the STATE ELECTION BOARD, Defendants, | |
| and | |
| REPUBLICAN NATIONAL COMMITTEE; NATIONAL REPUBLICAN SENATORIAL COMMITTEE; NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE; and GEORGIA REPUBLICAN PARTY, INC., | |
| Intervenor-Defendants. | |

## NOTICE OF DEPOSITION PURSUANT TO FED R. CIV. P. 30(b)(6)

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiffs,

through counsel, will take the deposition(s) upon oral examination, under oath, to be

recorded by stenographic means, of the Republican National Committee. Pursuant

to Fed. R. Civ. P. 30(b)(6), the Republican National Committee shall designate the person or persons most knowledgeable or qualified to testify on behalf of the Republican National Committee concerning the subject matters described in Attachment A hereto.

The deposition(s) will take place at the offices of Consovoy McCarthy, PLLC, 1600 Wilson Boulevard, Suite 700, Arlington, VA 22209. The examination will commence at 9:30 A.M. on September 23, 2022, and continue thereafter until it is adjourned. The examination will be subject to further continuance from time to time and place to place until completed, not to exceed 7 hours absent agreement of the parties or order by the Court.

Plaintiffs request that the Republican National Committee provide written notice by September 17, 2022 of the name(s) and employment position(s) of the individual(s) designated to testify on behalf of the Republican National Committee and the topics upon which each individual will testify.

Dated: September 7, 2022

Robert B. Remar
(Ga. Bar No. 600575)
Katherine L. D'Ambrosio
(Ga. Bar No. 780128)
SMITH, GAMBRELL & RUSSELL, LLP
1105 W. Peachtree NE, Suite 1000
Atlanta, GA 30309
(404) 815-3500
rremar@sgrlaw.com
kdambrosio@sgrlaw.com Danielle
Lang*
Jonathan Diaz*
Hayden Johnson*
Valencia Richardson*
Alice Huling*
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Ste. 400
Washington, D.C. 20005
Tel: (202) 736-2200
Fax: (202) 736-2222
dlang@campaignlegalcenter.org
jdiaz@campaignlegalcenter.org
rweiner@campaignlegalcenter.org
cjackson@campaignlegalcenter.org
hjohnson@campaignlegalcenter.org
vrichardson@campaignlegalcenter.o
rg
*Admitted pro hac vice
Counsel for Plaintiffs

s/ Danielle Lang
Danielle Lang*
Jonathan Diaz*
Hayden Johnson*
Valencia Richardson*
Alice Huling*
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Ste. 400
Washington, D.C. 20005
Tel: (202) 736-2200
Fax: (202) 736-2222
dlang@campaignlegalcenter.org
jdiaz@campaignlegalcenter.org
rweiner@campaignlegalcenter.org
cjackson@campaignlegalcenter.org
hjohnson@campaignlegalcenter.org
vrichardson@campaignlegalcenter.o
rg
*Admitted pro hac vice
Counsel for Plaintiffs

**ATTACHMENT A**

**30(b)(6) Topics**

## INSTRUCTIONS AND DEFINITIONS

1.      Pursuant to Fed. R. Civ. P. 30(b)(6), the Republican National Committee shall produce persons to give sworn testimony on all information known or reasonably available to the office concerning the Deposition Topics set forth below.

2.      In the Deposition Topics below, references to the singular shall include the plural and references to the plural shall include the singular; the conjunctive shall include the disjunctive and the disjunctive shall include the conjunctive; and the past tense shall include the present tense and *vice versa*.

3.      Unless otherwise specified, each of the Deposition Topics below shall be construed to apply to the time period from January 1, 2016, to the present.

4.      The terms defined below and the individual Deposition Topics should be construed broadly to the fullest extent of their meaning.

5.      Each of the Deposition Topics should be construed independently and no other Topic shall be referred to or relied on for the purpose of limiting the scope of any Topic.

6.      The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

7.      The term "concerning" means regarding, relating to, referring to, describing, evidencing, or constituting.

8.     The term "person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

9.     "You," "your," or "Intervenor-Defendant" means the Republican National Committee, and any of its past and present agents, advisors, employees, representatives, attorneys, consultants, contractors, or other persons or entities acting on behalf of Republican National Committee or subject to its control.

10.     The term "pre-filled" when used to describe an absentee ballot application means that a person who is not the applicant filled out at least some portion of absentee ballot application form with information not provided by the applicant prior to mailing the application form to the applicant.

11.     The term "mailer" means any mass communication sent via U.S. mail or other postal carrier related to a political campaign or election.

### DEPOSITION TOPICS FOR 30(b)(6) DEPOSITION

1.     The Republican National Committee's sending of mailers that included absentee ballot applications in any election from 2018 on.

2.     For each relevant mailing identified in topic 1: whether the applications were pre-filled, the materials sent along with the applications, any disclaimers included on the applications, any processes used to avoid sending applications to individuals who already requested absentee ballots, and any complaints received.

3.     The Republican National Committee's funding of mailers that included absentee ballot applications in any election from 2018 on.

4.     For each relevant mailing identified in topic 3: whether the applications were pre-filled, the materials sent along with the applications, any disclaimers included on the applications, any processes used to avoid sending applications to individuals who already requested absentee ballots, and any complaints received.

5.     Whether the Republican National Committee or candidates it supports regularly send mailers that include absentee ballot applications and/or voter registration forms and, if so, the reasons for doing so.

6.     The Republican National Committee's knowledge related to the effectiveness of including voter registration forms or absentee ballot applications in any voter engagement mailings sent to potential voters.

7.     The Republican National Committee's knowledge related to the effectiveness of prefilling voter registration forms or absentee ballot applications in any voter engagement mailings sent to potential voters.

8.     The Republican National Committee's practice of distributing absentee ballot applications as part of Republican candidates' campaign strategies.

9.    The Republican National Committee's internal communications and with lobbyists or Georgia elected officials about the absentee ballot application restrictions of SB202 or any bill including absentee ballot application distribution restrictions during the 2021 Georgia legislative session.

10.    The ways in which the Republican National Committee contends that the challenged absentee ballot restrictions "serve the integrity of the election process."

11.    The ways in which the Republican National Committee contends they would be harmed if the challenged absentee ballot restrictions are enjoined.

12.    The ways in which the Republican National Committee contends that injunctive relief in this case would "threaten to confuse voters and undermine confidence in the electoral process."

13.    The governmental interests that the Republican National Committee contends that the challenged absentee ballot restrictions serve.

14.    All pleadings and discovery responses filed by the Republican National Committee in this case, and the factual bases for the same.

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2022, I caused the foregoing NOTICE OF DEPOSITION PURSUANT TO FED R. CIV. P. 30(b)(6) to be served via electronic mail upon counsel of record.

This 7th day of September, 2022

*s/ Danielle Lang*
Danielle Lang*
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Ste. 400
Washington, D.C. 20005
Tel: (202) 736-2200
Fax: (202) 736-2222
dlang@campaignlegalcenter.org
*Admitted pro hac vice*
*Counsel for Plaintiffs*

# Exhibit B

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| VOTEAMERICA; VOTER PARTICIPATION CENTER; and CENTER FOR VOTER INFORMATION, | |
| Plaintiffs, | Case No. 1:21-cv-01390-JPB |
| v. | Judge J.P. Boulee |
| BRAD RAFFENSPERGER, in his official capacity as Secretary of State of the State of Georgia; SARA GHAZAL, JANICE JOHNSTON, EDWARD LINDSEY, and MATTHEW MASHBURN, in their official capacities as members of the STATE ELECTION BOARD, Defendants, | |
| and | |
| REPUBLICAN NATIONAL COMMITTEE; NATIONAL REPUBLICAN SENATORIAL COMMITTEE; NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE; and GEORGIA REPUBLICAN PARTY, INC., Intervenor-Defendants. | |

## NOTICE OF DEPOSITION PURSUANT TO FED R. CIV. P. 30(b)(6)

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiffs, through counsel, will take the deposition(s) upon oral examination, under oath, to be recorded by stenographic means, of the Georgia Republican Party (GAGOP). Pursuant

1

to Fed. R. Civ. P. 30(b)(6), the GAGOP shall designate the person or persons most knowledgeable or qualified to testify on behalf of the GAGOP concerning the subject matters described in Attachment A hereto.

The deposition(s) will take place at the offices of Consovoy McCarthy, PLLC, 1600 Wilson Boulevard, Suite 700, Arlington, VA 22209. The examination will commence at 9:30 A.M. on September 23, 2022, and continue thereafter until it is adjourned. The examination will be subject to further continuance from time to time and place to place until completed, not to exceed 7 hours absent agreement of the parties or order by the Court.

Plaintiffs request that the GAGOP provide written notice by September 17, 2022 of the name(s) and employment position(s) of the individual(s) designated to testify on behalf of the GAGOP and the topics upon which each individual will testify.

Dated: September 7, 2022

Robert B. Remar
(Ga. Bar No. 600575)
Katherine L. D'Ambrosio
(Ga. Bar No. 780128)
SMITH, GAMBRELL & RUSSELL, LLP
1105 W. Peachtree NE, Suite 1000
Atlanta, GA 30309
(404) 815-3500
rremar@sgrlaw.com
kdambrosio@sgrlaw.com Danielle
Lang*
Jonathan Diaz*
Hayden Johnson*
Valencia Richardson*
Alice Huling*
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Ste. 400
Washington, D.C. 20005
Tel: (202) 736-2200
Fax: (202) 736-2222
dlang@campaignlegalcenter.org
jdiaz@campaignlegalcenter.org
rweiner@campaignlegalcenter.org
cjackson@campaignlegalcenter.org
hjohnson@campaignlegalcenter.org
vrichardson@campaignlegalcenter.o
rg
*Admitted pro hac vice
Counsel for Plaintiffs

s/ Danielle Lang
Danielle Lang*
Jonathan Diaz*
Hayden Johnson*
Valencia Richardson*
Alice Huling*
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Ste. 400
Washington, D.C. 20005
Tel: (202) 736-2200
Fax: (202) 736-2222
dlang@campaignlegalcenter.org
jdiaz@campaignlegalcenter.org
rweiner@campaignlegalcenter.org
cjackson@campaignlegalcenter.org
hjohnson@campaignlegalcenter.org
vrichardson@campaignlegalcenter.o
rg
*Admitted pro hac vice
Counsel for Plaintiffs

**ATTACHMENT A**

**30(b)(6) Topics**

## INSTRUCTIONS AND DEFINITIONS

1.       Pursuant to Fed. R. Civ. P. 30(b)(6), the Georgia Republican Party (GAGOP) shall produce persons to give sworn testimony on all information known or reasonably available to the office concerning the Deposition Topics set forth below.

2.       In the Deposition Topics below, references to the singular shall include the plural and references to the plural shall include the singular; the conjunctive shall include the disjunctive and the disjunctive shall include the conjunctive; and the past tense shall include the present tense and *vice versa*.

3.       Unless otherwise specified, each of the Deposition Topics below shall be construed to apply to the time period from January 1, 2016, to the present.

4.       The terms defined below and the individual Deposition Topics should be construed broadly to the fullest extent of their meaning.

5.       Each of the Deposition Topics should be construed independently and no other Topic shall be referred to or relied on for the purpose of limiting the scope of any Topic.

6.       The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

7.       The term "concerning" means regarding, relating to, referring to, describing, evidencing, or constituting.

8.     The term "person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

9.     "You," "your," or "Intervenor-Defendant" means the GAGOP, and any of its past and present agents, advisors, employees, representatives, attorneys, consultants, contractors, or other persons or entities acting on behalf of GAGOP or subject to its control.

10.     The term "pre-filled" when used to describe an absentee ballot application means that a person who is not the applicant filled out at least some portion of absentee ballot application form with information not provided by the applicant prior to mailing the application form to the applicant.

11.     The term "mailer" means any mass communication sent via U.S. mail or other postal carrier related to a political campaign or election.

## DEPOSITION TOPICS FOR 30(b)(6) DEPOSITION

1.     The GAGOP's sending of mailers that included absentee ballot applications in any election from 2018 on.

2.     For each relevant mailing identified in topic 1: whether the applications were pre-filled, the materials sent along with the applications, any disclaimers included on the applications, any processes used to avoid sending applications to individuals who already requested absentee ballots, and any complaints received.

3.    The GAGOP's funding of mailers that included absentee ballot applications in any election from 2018 on.

4.    For each relevant mailing identified in topic 3: whether the applications were pre-filled, the materials sent along with the applications, any disclaimers included on the applications, any processes used to avoid sending applications to individuals who already requested absentee ballots, and any complaints received.

5.    Whether the GAGOP or candidates it supports regularly send mailers that include absentee ballot applications and/or voter registration forms and, if so, the reasons for doing so.

6.    The GAGOP's knowledge related to the effectiveness of including voter registration forms or absentee ballot applications in any voter engagement mailings sent to potential voters.

7.    The GAGOP's knowledge related to the effectiveness of prefilling voter registration forms or absentee ballot applications in any voter engagement mailings sent to potential voters.

8.    The GAGOP's practice of distributing absentee ballot applications as part of Republican candidates' campaign strategies.

9.    The GAGOP's internal communications and with lobbyists or Georgia elected officials about the absentee ballot application restrictions of SB202 or any bill including absentee ballot application distribution restrictions during the 2021 Georgia legislative session.

10.    The ways in which the GAGOP contends that the challenged absentee ballot restrictions "serve the integrity of the election process."

11.    The ways in which the GAGOP contends they would be harmed if the challenged absentee ballot restrictions are enjoined

12.    The ways in which the GAGOP contends that injunctive relief in this case would "threaten to confuse voters and undermined confidence in the electoral process."

13.    The governmental interests that the GAGOP contends that the challenged absentee ballot restrictions serve.

14.    All pleadings and discovery responses filed by the GAGOP in this case, and the factual bases for the same.

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2022, I caused the foregoing NOTICE OF DEPOSITION PURSUANT TO FED R. CIV. P. 30(b)(6) to be served via electronic mail upon counsel of record.

This 7th day of September, 2022

*s/ Danielle Lang*
Danielle Lang*
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Ste. 400
Washington, D.C. 20005
Tel: (202) 736-2200
Fax: (202) 736-2222
dlang@campaignlegalcenter.org
*Admitted pro hac vice*
*Counsel for Plaintiffs*