IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VOTEAMERICA, *et al.*, | Civil Action No.: |
| *Plaintiffs*, | 1:21-CV-1390-JPB |
| v. | |
| BRAD RAFFENSPERGER, in his official capacity as the Secretary of State for the State of Georgia, *et al.*, | |
| *Defendants*, | |
| REPUBLICAN NATIONAL COMMITTEE, *et al.*, | |
| *Intervenor-Defendants*. | |

**STATE DEFENDANTS' RESPONSE TO
PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

State Defendants respectfully submit this response to Plaintiffs' notice of supplemental authority. [Doc. 173]. In that notice, Plaintiffs suggest that a recent decision from the United States District Court for the District of Kansas is relevant here. *Id.* (discussing *VoteAmerica v. Schwab*, No. 21-2253-KHV, 2023 WL 3251009 (D. Kan. May 4, 2023), *appeal docketed*, No. 23-3100 (10th Cir. June 1, 2023)). However, *Schwab* was not relevant when Plaintiffs raised it before, *see* [Doc. 103 at 14, 18], and it remains irrelevant now. Indeed, *Schwab* addressed a substantially different law, and it applied reasoning that this Court has already rejected. Accordingly, nothing in *Schwab* should prevent this Court from granting State Defendants' motion for summary judgment.

*First*, the Kansas law addressed in *Schwab* differs substantially from the provisions of SB 202 that Plaintiffs challenge here. True, both laws address pre-filling and mailing absentee-ballot applications. But the Kansas law prohibits the mailing of absentee-ballot applications by *any* out-of-state entity. *See VoteAmerica v. Schwab*, 576 F. Supp. 3d 862, 871 (D. Kan. 2021) ("HB 2332 bans any person from mailing an advance voting application or causing an application to be mailed, unless the sender is a resident of Kansas or domiciled in Kansas."). Accordingly, the Kansas law at issue in *Schwab* prohibited a

substantial portion of the plaintiffs' activities, as none of the plaintiffs in that case was located in Kansas. *Id.* SB 202 includes no such broad prohibitions.

*Second*, the district court in *Schwab* applied reasoning that this Court has already rejected. For instance, *Schwab* concluded that pre-filling an application may be expressive conduct. *Schwab*, 2023 WL 3251009, at *9. But this Court previously rejected that argument based on the record here, concluding that the combination of an informational cover letter with a pre-filled application is "not sufficient to transform the act of sending the application forms into protected speech." [Doc. 131 at 25].

Indeed, as this Court noted, the inclusion of the application form could mean many things in the absence of the cover letter. *Id.* Thus, the "necessity of the cover message" demonstrates that the pre-filled applications alone lack the inherent expressiveness required for conduct to be considered expressive. *Id.* at 26. And, on this point, this Court rejected Plaintiffs' repeated requests to treat the pre-filled applications and the cover letter as "characteristically intertwined," concluding that "[e]ach can exist and be sent without the other." *Id.* at 21. The *Schwab* court's contrary conclusion, which was based on a different record, is no basis for this Court to reach a different conclusion now.

Similarly, for reasons this Court already explained, the *Schwab* court's conclusion, 2023 WL 3251009, at *20, that pre-filled ballot applications may be

political speech "does not square" with the controlling political speech cases. [Doc. 131 at 19]. For example, this Court explained that "distributing forms prefilled" does not "require the type of interactive debate and advocacy" that constituted political speech in *Meyer v. Grant*, 486 U.S. 414 (1988). *Id.* at 19–20.

Additionally, this Court rejected the associational-rights analysis that *Schwab* employs. *Schwab*, 2023 WL 3251009, at *10–11. While Plaintiff Voter Participation Center ("VPC") may target a specific group of voters, that does not create a protected association between VPC and those voters. Indeed, those voters never opted to associate with VPC. They are mere strangers, and this Court already concluded that such one-way contact lacks the "two-way engagement" required to invoke associational protection. [Doc. 131 at 28]. Nothing about the *Schwab* court's reasoning should lead this Court to a different conclusion.

But even if this Court were persuaded that *Schwab* requires it to apply a higher level of scrutiny, the Court should nonetheless grant State Defendants' motion for summary judgment. Indeed, nothing in *Schwab* undermines the compelling state interests identified in the record here. As State Defendants demonstrated, the challenged provisions of SB 202 further the State's interests in preventing voter confusion and election fraud and

3

improving electoral administration. [Doc. 149-1 at 15, 29–30]. And the challenged provisions of SB 202 are narrowly tailored to further those interests, allowing Plaintiffs many opportunities to still communicate their pro-absentee-voting message to Georgia voters. *Id.* at 27, 29.

Thus, because *Schwab* considers a different law with substantially different requirements, and employs analysis that this Court has already rejected, that decision has no relevance here.

Respectfully submitted this 23rd day of June, 2023.

        Christopher M. Carr
        Attorney General
        Georgia Bar No. 112505
        Bryan K. Webb
        Deputy Attorney General
        Georgia Bar No. 743580
        Russell D. Willard
        Senior Assistant Attorney General
        Georgia Bar No. 760280
        Elizabeth Vaughan
        Assistant Attorney General
        Georgia Bar No. 762715
        **State Law Department**
        40 Capitol Square, S.W.
        Atlanta, Georgia 30334

        */s/ Gene C. Schaerr*
        Gene C. Schaerr*
        Special Assistant Attorney General
        Erik Jaffe*
        H. Christopher Bartolomucci*
        Brian J. Field*
        Edward H. Trent*

Joshua J. Prince*
**SCHAERR | JAFFE LLP**
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com
*Admitted pro hac vice*

Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
(678) 336-7249

*Counsel for State Defendants*