# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |
|---|---|
| VOTER PARTICIPATION CENTER, *et al.*, | |
| Plaintiffs, | Case No. 1:21-cv-01390-JPB |
| v. | Judge J.P. Boulee |
| BRAD RAFFENSPERGER, in his official capacity as Secretary of State of the State of Georgia, *et al.*, | |
| Defendants, | |
| and | |
| REPUBLICAN NATIONAL COMMITTEE, *et al.*, | |
| Intervenor-Defendants. | |

## CONSOLIDATED PRETRIAL ORDER

1.

Other than the pretrial motions which may be filed pursuant to the Standing Order Regarding Civil Litigation for Cases Proceeding Before The Honorable J. P. Boulee, there are no pending motions in this case.

The parties may file motions for judicial notice.

2.

All discovery has been completed, unless otherwise noted, and the Court will not consider any further motions to compel discovery. Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take depositions of any person for the preservation of evidence and for use at trial.

1

3.

The case caption should be updated to reflect the current membership of the Georgia State Election Board: Matthew Mashburn, Sara Tindall Ghazal, Edward Lindsey, and Janice Johnston.

4.

This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1357, and 42 U.S.C. § 1983 because the matters in controversy arise under the Constitution, as well as under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, to grant the declaratory relief requested. State Defendants also assert that Plaintiffs lack standing to bring their claims.

5.

The following individually named attorneys are hereby designated as lead counsel for the parties:

**Plaintiffs Voter Participation Center ("VPC") and Center for Voter Information ("CVI"):** Danielle Lang and Alice Huling

**State Defendants:** Bryan P. Tyson and Gene C. Schaerr

**Intervenor Defendants:** Gilbert C. Dickey and W. Bradley Carver

6.

This case will not be tried before a jury. Plaintiffs request the opportunity to present opening, closing, and rebuttal arguments to the Court.

7.

The captioned case shall be tried to the Court without a jury.

8.

This case will be tried to the Court and the parties do not request a bifurcated trial.

9.

Because this case will be tried to the Court, the parties have not attached a list of questions for the Court to propound to a jury concerning their legal qualifications to serve.

10.

Because this case will be tried to the Court, the parties have not attached a list of questions for the Court to propound to jurors on *voir dire* examination.

11.

Because this case will be tried to the Court, the parties have no *voir dire* questions or corresponding objections.

12.

Because this case will be tried to the Court, the parties are not requesting any strikes.

13.

Plaintiffs assert that there is no pending related litigation.

State and Intervenor Defendants assert that this case is related to the ongoing consolidated action currently before this Court, *In re SB 202*, No. 1:21-mi-55555-JPB, where certain of the plaintiffs in that civil action challenge the same portions of SB 202, albeit through different causes of action.

14.

Attached hereto as Attachment "A" for Plaintiffs VPC and CVI are the Plaintiffs' outline of the case which includes a succinct factual summary of Plaintiffs' causes of action, and a separate listing of all rules, regulations, statutes, ordinances, and illustrative case law creating the legal duties relied on by Plaintiffs.

15.

Attached hereto as Attachment "B-1" is State Defendants' outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon by Defendants, and a separate listing of all rules, regulations, statutes, ordinances, and illustrative case law creating defenses relied on by State Defendants.

Intervenor-Defendants join in the State Defendant's outline of the case except for their second affirmative defense. Attached hereto as Attachment "B-2" is an additional statement to supplement State Defendants' outline.

16.

Attached hereto as Attachment "C" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. The parties will continue to negotiate stipulated facts in order to streamline trial proceedings.

17.

The legal issues to be tried are as follows:

**By Plaintiffs:**

A. Whether sending a personalized absentee ballot application to specific individuals is protected core political speech or expressive conduct, which Defendants' Prefilling Prohibition, O.C.G.A. § 21-2-381(a)(1)(C)(ii), infringes upon in violation of Plaintiffs' First Amendment right to free speech.

B. Whether sending absentee ballot applications to specific individuals is protected core political speech or expressive conduct, which Defendants' Mailing List Restriction, O.C.G.A. § 21- 2-381(a)(3)(A), infringes upon in violation of Plaintiffs' First Amendment right to free speech.

C. Whether Defendants have carried their burden to show that the Prefilling Prohibition is the least restrictive alternative to further compelling state interests.

    D. Whether Defendants have carried their burden to show that the Mailing List Restriction is the least restrictive alternative to further compelling state interests.

**By State Defendants:**

    A. Whether Plaintiffs engage in core political speech when they mail prefilled absentee-ballot applications to voters, aside from any communications Plaintiffs send along with those applications.

    B. Whether Plaintiffs engage in core political speech when they mail duplicate absentee-ballot applications to voters, aside from any communications Plaintiffs send along with those applications.

    C. Whether the Pre-Filling Prohibition is supported by compelling state interests or, alternatively, is rationally related to the State's interests.

    D. Whether the Anti-Duplication Provision is supported by compelling state interests or, alternatively, is rationally related to the State's interests.

    E. Whether the Pre-Filling Prohibition imposes a burden on any of Plaintiffs' activities and, if so, the nature and magnitude of any such burden.

    F. Whether the Anti-Duplication Provision imposes a burden on any of Plaintiffs' activities and, if so, the nature and magnitude of any such burden.

**By Intervenor-Defendants:** Intervenor Defendants join in State Defendants statement of the legal issues to be tried.

18.

Attached hereto as Attachment "D-1" for Plaintiffs VPC and CVI and Attachment "D-2" for State Defendants, and Attachment "D-3" for Intervenor-Defendants" are lists of all the witnesses for each party.

Expert (any witness who might express an opinion under Federal Rule of Evidence 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included.

All of the parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given fourteen (14) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means.

Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

19.

Attached hereto as Attachment "E-1" for Plaintiffs VPC and CVI and Attachment "E-2" for State Defendants are lists of exhibits for those parties and corresponding objections of the opposing party. To avoid duplication and aid in the efficient resolution of this matter, Intervenor-Defendants do not anticipate offering any exhibits of their own.

The attached lists include all documentary and physical evidence that the parties anticipate will be tendered at trial.

Each party's exhibits are numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. A courtesy copy of each party's list will be submitted for use by the judge.

Prior to trial, the parties shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to Plaintiff's exhibits, numbered blue stickers to Defendant's exhibits, and numbered white stickers to joint exhibits.

For each exhibit list, the parties have included objections lodged by other parties. Objections as to privilege, competency, and, to the extent possible, relevancy of the exhibits are included. The parties will address any issues related to authenticity at trial at the time the numbered exhibit is offered.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of this Pretrial Order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel will familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

20.

Designated portions of the testimony of the persons listed below may be introduced by deposition. Objections not filed by the date on which the case is first scheduled for trial shall be deemed waived or abandoned. The parties are negotiating and will submit objections to designations no later than two weeks before the pretrial conference:

**By Plaintiffs:** The designated portions of the testimony of the following persons, attached as Attachment F-1, may be introduced by deposition: Alisa Hamilton, Josh Findlay, T. Matthew Mashburn, and Ryan Caudelle.

**By State Defendants:** State Defendants have not designated any portions of deposition testimony, but they have cross designated portions of the deposition transcripts Plaintiffs identified.

**By Intervenor-Defendants:** Intervenor Defendants have not designated any portions of deposition testimony. They join in State Defendants cross designations.

21.

Given the extensive briefing and the Court's familiarity with the case, the parties have elected to forgo filing comprehensive opening trial briefs at this time, unless requested by the Court. However, it is Plaintiffs' position that limited trial briefing on the applications of the *Burns v. Town of Palm Beach*, 999 F.3d 1317 (11th Cir. 2021), factors identified on pages 20-22 of the Court's September 27, 2023 Order, ECF 179, would be appropriate. Defendants and Intervenor-Defendants take no position. The parties reserve the right to file additional trial briefs during the course of the trial should issues arise therein.

Plaintiffs anticipate filing a motion in limine to address the admissibility and completeness of a certain category of evidence identified on Defendants' exhibit list.

State Defendants anticipate filing a renewed motion to exclude certain opinions of Plaintiffs' expert Donald Green pursuant to *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993). As reflected in the contemporaneously filed motion, State Defendants request that this motion be due by December 22, 2023. Additionally, State Defendants anticipate filing a motion in limine to exclude certain exhibits that Plaintiffs have identified.

Intervenor Defendants anticipate filing a motion in limine to exclude certain exhibits that Plaintiffs have identified.

### 22.

Because this case will not be tried to a jury, the parties do not intend to submit requests to charge.

### 23.

Because this case will not be tried to a jury, the parties are not proposing a special verdict form.

### 24.

Plaintiffs request thirty-five (35) minutes for opening statements and seventy (70) minutes for closing arguments.

State Defendants request thirty (30) minutes for opening statements and sixty (60) minutes for closing arguments.

In addition to any time requested by State Defendants, Intervenor Defendants request that they be given five (5) minutes for an opening statement and ten (10) minutes for a closing argument. Intervenor Defendants consent to Plaintiffs having the same total amount of time as all Defendants.

### 25.

Because this case is designated for trial to the Court without a jury, counsel shall submit proposed findings of fact and conclusions of law at a time after the conclusion of trial.

### 26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met by video conference on November 30, 2023 to discuss in good faith the possibility of settlement of this case. The Court has not discussed settlement of this case with counsel. It appears at this time that there is no possibility of settlement.

27.

The parties do not request a special setting of the case.

28.

The Plaintiffs VPC and CVI estimate they will require three (3) days to present their evidence. State Defendants estimate they will require three (3) days to present their evidence. Intervenor Defendants do not anticipate that they will need to present additional evidence beyond that presented by State Defendants. It is estimated that the total trial time is six (6) days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case ( X ) submitted by stipulation of the parties or (_____) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this  4th  day of  Dec, 20 23 .

**J. P. BOULEE**
United States District Judge

30.

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.


*/s/ Danielle Lang*_____
*Counsel for Plaintiffs*


*/s/ Gene C. Schaerr*_____
*Counsel for State Defendants*


*/s/ Gilbert C. Dickey*_____
*Counsel for Intervenor-Defendants*

## CERTIFICATE OF COMPLIANCE

The undersigned herby certifies that the foregoing document has been prepared in Times New Roman 14, a font and type selection approved by the Court in LR 5.1(B), NDGa.

*/s/ Danielle Lang*
Danielle Lang

# ATTACHMENT A

## ATTACHMENT A – PLAINTIFFS' STATEMENT OF THE CASE

### 1. Plaintiffs' Succinct Factual Statement

Plaintiffs Voter Participation Center and Center for Voter Information[1] (collectively, "Plaintiffs" or "VPC/CVI") allege that certain provisions of Georgia Senate Bill 202 ("SB 202") violate the First Amendment to the United States Constitution. Specifically, Plaintiffs challenge two provisions of SB 202: (1) the Prefilling Prohibition,[2] which provides that "[n]o person or entity . . . shall send any elector an absentee ballot application that is prefilled with the elector's required information." O.C.G.A. § 21-2-381(a)(1)(C)(ii), and (2) the Mailing List Restriction,[3] which states that "[a]ll persons or entities . . . that send applications for absentee ballots to electors in a primary, election, or runoff shall mail such applications only to individuals who have not already requested, received, or voted an absentee ballot in the primary, election, or runoff." O.C.G.A. § 21-2-381(a)(3)(A). Collectively, the Prefilling Prohibition and the Mailing List Restriction are the "Ballot Application Restrictions."[4] Plaintiffs allege that the Ballot Application

---

[1] Plaintiff VoteAmerica was dismissed by stipulation of the parties on September 26, 2022. Doc. 142.

[2] Defendants refer to this as the "Prefilling Provision."

[3] Defendants refer to this as the "Anti-Duplication Provision."

[4] Defendants refer to these as the "Ballot Application Provisions." Plaintiffs initially challenged a third SB 202 provision pertaining to a required disclaimer on absentee ballot applications distributed by third parties. The parties have since stipulated that Plaintiffs' claims related to that third provision were mooted by subsequent legislation and administrative regulations. ECF 176.

1

Restrictions infringe their constitutionally protected speech and expressive conduct and are not the least restrictive means of furthering a compelling state interest.

All eligible Georgians who seek to vote by absentee ballot must first complete and submit an absentee ballot application to their appropriate election official. To be accepted, an applicant must complete the form with their personal information as it appears in the Georgia voter file. The voter's application must also include the voter's wet signature, meaning that a voter must print or otherwise obtain a hard copy of the application to sign by hand and submit. Depending upon the county election office's procedures and timing for processing absentee ballot applications, an election office's acceptance of the application may be reflected in a publicly available absentee voting file.

To encourage and assist Georgians to vote by absentee mail ballot, numerous third parties, including candidates and political campaigns as well as civic engagement organizations like Plaintiffs, distribute hard copies of the required application forms, encouraging voters who do not have, and in some cases cannot obtain, application forms to apply to vote by mail. Plaintiffs believe they can most effectively inform and encourage eligible Georgians to trust in absentee voting and assist them to easily participate in the political process by distributing absentee ballot applications personalized with required voter information as it appears in the Georgia voter file. Plaintiffs distributed personalized absentee ballot applications

during the 2018 and 2020 election cycles, of which hundreds of thousands of were submitted by Georgians applying for absentee mail ballots.

Pursuant to the Prefilling Prohibition, Plaintiffs are no longer permitted to distribute personalized absentee ballot applications urging specific voters to vote by mail. This both directly restricts the content of Plaintiffs' pro-voting and pro-mail voting communications and inhibits the effectiveness of Plaintiffs' message that requesting an absentee ballot is easy, reliable, and encouraged.

The Mailing List Restriction likewise inhibits Plaintiffs' ability to communicate its pro-mail voting message by requiring them to "compare [their] mail distribution list with" the "most recent information available about which electors" have already requested, received, or cast an absentee ballot, then "remove the names of such electors." O.C.G.A. § 21-2-381(a)(3)(A). The statute specifies that entities can rely on information that is five business days old, *id.*, but does not account for the imperfections in any such lists, nor the size of mailer programs run in a state with over seven million registered voters. Both imperfections in the publicly available information on voters who have applied to vote by mail as well as the size of Plaintiffs' direct mail programs make conducting midstream, five-day adjustments logistically infeasible. Failure to strictly comply with the provisions of the Mailing List Restriction can result in a $100 fine per violation and potential criminal penalties, including a misdemeanor with a sentence of up to twelve months

confinement. O.C.G.A. §§ 21-2-381(a)(3)(B), 21-2-598, 21-2-603, 21-2-599. Avoiding liability under these provisions requires Plaintiffs to minimize their communications by sending only a single copy of the absentee ballot application form at the very beginning of the period during which voters can apply for an absentee ballot for a given election. This reduces Plaintiffs' overall quantum of speech related to mail voting and limits their most effective form of communication on this subject to a time period months before many voters are considering voting by mail.

The State purports that the Ballot Application Restrictions serve the state's interests in decreasing voter confusion, combatting complaints of fraud, and increasing election integrity. In support of these interests, the State Defendants put forward a few dozen complaints submitted by individual voters that largely consist of disagreement with Plaintiffs' message that the recipient should apply to vote by mail, distrust in the election system at large, and complaints related to receiving multiple absentee ballot applications in the mail. The existence of a small number of voter complaints pertaining to absentee ballot applications does not meet the State Defendants' burden to show that the restrictions are narrowly tailored to a compelling state interest.

The Ballot Application Restrictions do not address the majority of voter concerns State Defendants highlight. The Mailing List Restriction does not limit the

4

number of applications that can be sent to voters who do not intend to vote absentee. Neither does it prevent a voter from receiving applications from multiple organizations or from the same organization before they submit a completed application. Likewise, the Prefilling Prohibition is not the least restrictive means of addressing the issue of errors in personalized applications where the personalization is based on the State's own voter list to prefill the absentee ballot applications that is sent to an eligible, registered voter. Rather than prohibiting certain content and reducing the effectiveness of Plaintiffs' communications through the Prefilling Prohibition, the State could reduce the prevalence of errors in personalized ballot applications by improving the accuracy of its own voter registration rolls. Additionally, the State could decrease voter confusion by only prohibiting the distribution of applications that are prefilled with information not found in the state's voter file.

As Secretary of State of Georgia, Defendant Brad Raffensperger is the chief elections official in the state and is responsible for overseeing and administering Georgia's election laws, including the challenged SB 202 provisions. SB 202 assigns Defendant Raffensperger authority as Secretary of State to implement aspects of Georgia's absentee ballot application system.

As members of the State Election Board, Defendants Matthew Mashburn, Sara Tindall Ghazal, Edward Lindsey, and Janice Johnston are responsible for

investigating and authorizing the Secretary of State to investigate the administration of Georgia's election laws, including the challenged SB 202 provisions, and to report violations of those laws to either the Georgia Attorney General or the appropriate district attorney. SB 202 specifically authorizes Defendants Mashburn, Tindall Ghazal, Lindsey, and Johnston to promulgate rules and regulations for the implementation of the Prefiling Prohibition and to impose financial sanctions for violations of the Mailing List Restriction.

## 2. Relevant Authority

### a. First Amendment Protections for Core Political Speech

The First Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, provides that "Congress shall make no law . . . abridging the freedom of speech." U.S. Const., amend. I. Speech concerning the electoral process receives the utmost constitutional protection. *Brown v. Hartlage*, 456 U.S. 45, 52-53 (1982); *see also R.A.V. v. City of St. Paul*, 505 U.S. 377, 422 (1992) ("Core political speech occupies the highest, most protected position" in the hierarchy of First Amendment protection).

The First Amendment was "fashioned to assure unfettered interchange of ideas for the bringing about of political and social changes," *Meyer v. Grant*, 486 U.S. 414, 421 (1988), and courts must "be vigilant . . . to guard against undue hindrances to political conversations and the exchange of ideas," *Buckley v. Am.*

*Constitutional Law Found., Inc.*, 525 U.S. 182, 191-92 (1999). Accordingly, protected political speech is broadly defined, such as "the expression of a desire for political change," "communication of information," and "dissemination and propagation of views and ideas" about the electoral process. *Meyer*, 486 U.S. at 421-22 & n.5 (citing *Schaumburg v. Citizens for a Better Env't*, 444 U.S. 620, 632 (1980)). Core political speech includes, but is not limited to, discussion of public issues and debate on the qualifications of candidates, political expression designed to assure the "unfettered interchange of ideas for the bringing about of political and social changes desired by the people," and the discussion of governmental affairs. *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 346-47 (1995). Core political speech "need not center on a candidate for office," *id.*, rather, it involves "interactive communication concerning political change." *Buckley*, 525 U.S. at 186.

When a law burdens core political speech, strict scrutiny is the appropriate standard of review. *Weaver v. Bonner*, 309 F.3d 1312, 1319 (11th Cir. 2002); *Buckley*, 525 U.S. at 207. Strict scrutiny likewise applies when a government restriction "has the inevitable effect of reducing the total quantum of speech on a public issue." *Meyer*, 486 U.S. at 423.

Under strict scrutiny, the government bears the burden to show that the challenged law is "(1) narrowly tailored, to serve (2) a compelling state interest." *Buckley*, 525 U.S. at 207. Narrow tailoring requires the government to employ the

least restrictive alternative to further its interest. *United States v. Playboy Ent. Grp., Inc.*, 529 U.S. 803, 813 (2000). Laws that are "seriously underinclusive" or "seriously overinclusive" fail to survive the narrow tailoring analysis. *Brown v. Ent. Merch. Ass'n*, 564 U.S. 786, 805 (2011). "Underinclusiveness raises serious doubts about whether the government is in fact pursuing the interest it invokes." *Id*. at 802. Meanwhile, overinclusiveness raises questions about whether a challenged law "encompasses more protected conduct than necessary to achieve" the state's asserted interest. *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 578 (1993).

### b. First Amendment Protections for Expressive Conduct

In addition to spoken and written speech, the First Amendment protects expressive conduct. *Texas v. Johnson*, 491 U.S. 397, 404 (1989). "[A] narrow, succinctly articulable message is not a condition of constitutional protection." *Holloman ex rel. Holloman v Harland*, 370 F.3d 1252, 1270 (11th Cir. 2004) (quoting *Hurley v. Irish-Am., Gay, Lesbian & Bisexual Grp. of Bos.*, 515 U.S. 557, 569 (1995)). "Thus, in determining whether conduct is expressive," courts ask "whether the reasonable person would interpret it as *some* sort of message, not whether an observer would necessarily infer a *specific* message." *Id*. In expressive conduct cases, "context matters," because the "circumstances surrounding an event help a reasonable observer discern the dividing line between expressive conduct and

everyday conduct." *Fort Lauderdale Food Not Bombs v. City of Fort Lauderdale*, 901 F.3d 1235, 1237, 1241 (11th Cir. 2018). Conduct does not "lose its expressive nature just because it is also accompanied by other speech." *Id* at 1243-44. "The critical question is whether the explanatory speech is *necessary* for the reasonable observer to perceive a message from the conduct." *Id*. at 1244.

When considering the context surrounding expressive conduct, courts in the Eleventh Circuit consider the following factors: (1) whether the plaintiff intends to distribute literature or hang banners in connection with the expressive activity, (2) whether the activity will be open to all, (3) whether the activity takes place in a traditional public forum, (4) whether the activity addresses an issue of public concern, and (5) whether the activity "has been understood to convey a message over the millennia." *Burns v. Town of Palm Beach*, 999 F.3d 1317, 1344-45 (11th Cir. 2021). Where "the surrounding circumstances would lead the reasonable observer to view the conduct as conveying some sort of message" the conduct is "on the expressive side of the ledger." *Fort Lauderdale Food Not Bombs*, 901 F.3d at 1242. Mailing a personalized application is "inherently expressive conduct that the First Amendment embraces," because "only an organization which intends to convey such a [pro-mail voting message] would expend its resources to personalize and distribute' mail ballot applications." *VoteAmerica v. Schwab*, No. 21-2253-KHV,

2023 WL 3251009, at *9 (D. Kan. May 4, 2023) (citing *League of Women Voters of Fla. v. Cobb*, 447 F. Supp. 2d 1314 (S.D. Fla. 2006).

When "the component parts of a single speech are inextricably intertwined, [courts] cannot parcel out the speech, applying one test to one phrase and one test to another phrase[,]" as such "an endeavor would be both artificial and impractical." *Riley v. Nat'l Fed'n of the Blind of N.C., Inc.*, 487 U.S. 781, 796 (1988). When conduct is "characteristically intertwined with informative and perhaps persuasive speech seeking support for particular causes or for particular views on economic, political, or social issues[,]" strict scrutiny should apply. *See Schaumburg*, 444 U.S. at 632. Expressive conduct warrants the same rigorous analysis under strict scrutiny as other forms of protected First Amendment speech. *Schwab*, 2023 WL 3251009.

A list of the relevant rules, regulations, statutes, and illustrative case law is as follows:

**Cases**

- *American Association of People with Disabilities v. Herrera*, 690 F. Supp. 2d 1183 (D.N.M. 2010)
- *Anderson v. Celebrezze*, 460 U.S. 780 (1983)
- *Arizona Alliance for Retired Americans v. Clean Elections USA, No.* 22-cv-01823, 2022 WL 15678694 (D. Ariz. Oct. 28, 2022)
- *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 302 (1979)
- *Barker v. Hazeltine*, 3 F. Supp. 2d 1088 (D.S.D. 1998)
- *Bolger v. Youngs Drug Products Corp.*, 463 U.S. 60 (1983)
- *Boy Scouts of America v. Dale*, 530 U.S. 640 (2000)

- *Broadrick v. Oklahoma*, 413 U.S. 601 (1973)
- *Brown v. Hartlage*, 456 U.S. 45 (1982)
- *Buckley v. American Constitutional Law Foundation, Inc.*, 525 U.S. 182 (1999)
- *Burdick v. Takushi*, 504 U.S. 428 (1992)
- *Burns v. Town of Palm Beach*, 999 F.3d 1317, 1344-45 (11th Cir. 2021)
- *California Democratic Party v. Jones*, 530 U.S. 567 (2000)
- *Citizens for Legislative Choice v. Miller*, 144 F.3d 916 (6th Cir. 1998)
- *Citizens for Police Accountability Political Committee v. Browning,* 572 F.3d 1213 (11th Cir. 2009)
- *Citizens United v. FEC*, 558 U.S. 310 (2010)
- *Clark v. Community for Creative Non–Violence*, 468 U.S. 288 (1984)
- *Coley-Pearson v. Martin*, No. 5:20-cv-151, 2021 WL 4782272 (S.D. Ga. Oct. 13, 2021)
- *Common Cause/Georgia v. Billups*, 554 F.3d 1340, 1350 (11th Cir. 2009)
- *Consolidated Edison Co. of New York v. Public Service Commission of New York*, 447 U.S. 530 (1980)
- *Cressman v. Thompson*, 798 F.3d 938 (10th Cir. 2015)
- *Dallas v. Stanglin*, 490 U.S. 19 (1989)
- *Democracy North Carolina v. North Carolina State Board of Elections,* 476 F. Supp. 3d 158 (M.D.N.C. 2020)
- *Democratic Executive Committee of Florida v. Lee,* 915 F.3d 1312 (11th Cir. 2019)
- *Doe v. Marshall*, 367 F. Supp. 3d 1310 (M.D. Ala. 2019)
- *Elrod v. Burns*, 427 U.S. 347 (1976)
- *Eu v. San Francisco County Democratic Central Committee,* 489 U.S. 214 (1989)
- *Fla. State Conf. of NAACP v. Browning*, 522 F.3d 1153, 1165 (11th Cir. 2008)
- *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 18081 (2000)
- *Fort Lauderdale Food Not Bombs v. Fort Lauderdale*, 901 F.3d 1235 (11th Cir. 2018)
- *Gralike v. Cook*, 191 F.3d 911 (8th Cir. 1999)
- *Healy v. James*, 408 U.S. 169 (1972)
- *Hurley v. Irish-American Gay, Lesbian & Bisexual Group of Boston*, 515 U.S. 557 (1995)
- *In re Georgia Senate Bill 202*, No. 1:21-CV-01229-JPB, 2022 WL 3573076 (N.D. Ga. Aug. 18, 2022)

11

- *Kusper v. Pontikes*, 414 U.S. 51, 58-59 (1973)
- *League of Women Voters of Florida, Inc. v. Detzner*, 314 F. Supp. 3d 1205 (N.D. Fla. 2018)
- *League of Women Voters of Tennessee v. Hargett,* 400 F. Supp. 3d 706 (M.D. Tenn. 2019)
- *League of Women Voters of Florida v. Cobb*, 447 F. Supp. 2d 1314 (S.D. Fla. 2006)
- *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)
- *Martin v. City of Struthers, Ohio*, 319 U.S. 141 (1943)
- *Masterpiece Cakeshop, Ltd. v. Colorado Civil Rights Commission*, 138 S. Ct. 1719 (2018)
- *McClendon v. Long*, 22 F.4th 1330 (11th Cir. 2022)
- *McCullen v. Coakley*, 573 U.S. 464 (2014)
- *McIntyre v. Ohio Election Commission*, 514 U.S. 334 (1995)
- *Meyer v. Grant*, 486 U.S. 414 (1988)
- *NAACP v. Button*, 371 U.S. 415 (1963)
- *National Institute of Family Life Advocates v. Becerra*, 138 S. Ct. 2361 (2018)
- *NetChoice, LLC v. Attorney General, Florida,* 34 F.4th 1196 (11th Cir. 2022)
- *Otto v. City of Boca Raton*, 981 F.3d 854 (11th Cir. 2020)
- *Priorities USA v. Nessel*, 462 F. Supp. 3d 792 (E.D. Mich. 2020)
- *Project Vote v. Blackwell*, 455 F. Supp. 2d 694 (N.D. Ohio 2006)
- *Reed v. Town of Gilbert*, 576 U.S. 155 (2015)
- *Riley v. National Federation of the Blind of North Carolina, Inc.*, 487 U.S. 781 (1988)
- *Schaumburg v. Citizens for a Better Environment*, 444 U.S. 620 (1980)
- *SD Voice v. Noem*, 432 F. Supp. 3d 991 (D.S.D. 2020)
- *Sorrell v. IMS Health Inc.*, 564 U.S. 552 (2011)
- *Spence v. Washington*, 418 U.S. 405 (1974)
- *Texas v. Johnson*, 491 U.S. 397, 404 (1989)
- *Tillman v. Miller*, No. 1:95-CV-1594-CC, 1996 WL 767477 (N.D. Ga. Sept. 30, 1996)
- *Timmons v. Twin Cities Area New Party*, 520 U.S. 351 (1997)
- *Troster v. Pennsylvania State Department of Corrections*, 65 F.3d 1086 (3d Cir. 1995)
- *Turner Broadcasting System, Inc. v. Federal Communications Commission*, 512 U.S. 622 (1994)
- *U.S. West v. FCC*, 182 F.3d 1224 (10th Cir. 1999)
- *Village of Schaumburg v. Citizens for a Better Env't*, 444 U.S. 620, 632 (1980)

12

- *Virginia v. Am. Booksellers Ass'n, Inc.*, 484 U.S. 383, 393 (1988)
- *VoteAmerica v. Schwab*, No. CV 21-2253-KHV, 2023 WL 3251009 (D. Kan. May 4, 2023)
- *VoteAmerica v. Schwab*, 576 F. Supp. 3d 862 (D. Kan. 2021)
- *Voting for America, Inc. v. Steen*, 732 F.3d 382 (5th Cir. 2013)
- *Weaver v. Bonner*, 309 F.3d 1312 (11th Cir. 2002)
- *Wollschlaeger v. Governor, Florida*, 848 F.3d 1293 (11th Cir. 2017)
- *Wood v. Meadows*, 117 F.3d 770 (4th Cir. 1997)
- *Worley v. Florida Secretary of State*, 717 F.3d 1238 (11th Cir. 2013)
- *Zeller v. The Florida Bar*, 909 F. Supp. 1518 (N.D. Fla. 1995)

**Statutes, Rules, and Constitutional Provisions**

- Ga. Comp. R. & Regs 183-1-14-.12(2)
- O.C.G.A. § 21-2-31
- O.C.G.A. § 21-2-381(a)(3)(A)
- O.C.G.A. § 21-2-381(a)(3)(B)
- O.C.G.A. § 21-2-598
- O.C.G.A. § 21-2-599
- O.C.G.A. § 21-2-603
- U.S. Const. amend. I
- U.S. Const. amend. XIV

# ATTACHMENT B-1

**EXHIBIT B-1**

**State Defendants' Outline of the Case**

**Statement:** Plaintiffs filed this case on April 7, 2021, seeking injunctive relief regarding multiple provisions of Senate Bill 202. According to Plaintiffs, each challenged provision violated the First Amendment to the United States Constitution. Since then, Plaintiffs' challenges have narrowed.

On September 26, 2022, Plaintiff VoteAmerica dismissed its claims. *See* Jt. Stip. of Voluntary Dismissal of Plaintiff VoteAmerica (ECF No. 142). On June 9, 2023, the remaining Plaintiffs dismissed their claims challenging SB 202's disclaimer provision found at O.C.G.A. § 21-2-381(a)(1)(C)(ii). *See* Jt. Stip. of Mootness of Certain Claims (ECF No. 176). And, on September 27, 2023, this Court granted summary judgment to State Defendants on Plaintiffs' freedom of association claims. Order at 29–36 (ECF No. 179). Similarly, the Court granted summary judgment to State Defendants on Plaintiffs' overbreadth claim. *See id.* at 36–38.

But the Court denied summary judgment to State Defendants on Plaintiffs' free speech claim challenging the Prefilling Prohibition, O.C.G.A. § 21-2-381(a)(1)(C)(ii), and the Anti-Duplication Provision, *id.* § 21-2-381(a)(3)(A). *See* Order at 18–29 (ECF No. 179). Accordingly, this is the only claim remaining in this action.

State Defendants assert that this claim fails because Plaintiffs do not engage in protected speech and, moreover, both the Prefilling Prohibition and the Anti-Duplication Provision are supported by the State's compelling interests in preventing voter fraud or its appearance, preventing voter confusion, increasing voter confidence, and enhancing electoral efficiency.

**Affirmative defenses:**

1.   Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2.   Plaintiffs lack standing to bring this action.

3.   Plaintiffs' claims are barred by sovereign immunity and the Eleventh Amendment to the U.S. Constitution.

4. Plaintiffs have not been subjected to the deprivation of any right, privilege, or immunity under the Constitution or laws of the United States.

5. Plaintiffs' requested relief is barred by the *Purcell* principle.

**Relevant rules, regulations, statutes, ordinances, and illustrative case law:**

1. *Am. Party of Tex. v. White*, 415 U.S. 767 (1974)

2. *Anderson v. Celebrezze*, 460 U.W. 780 (1983)

3. *Brnovich v. Democratic Nat'l Comm.*, 141 S. Ct. 2321 (2021)

4. *Burdick v. Takushi*, 504 U.S. 428 (1992)

5. *Clark v. Takata Corp.*, 192 F.3d 750 (7th Cir. 1999)

6. *Cooper v. Marten Transp., Ltd.*, No. 1:10-cv-3044-JOF, 2012 WL 12835704 (N.D. Ga. June 4, 2012)

7. *Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181 (2008)

8. *Curling v. Raffensperger*, 50 F.4th 1114 (11th Cir. 2022)

9. *Daubert v. Merrill Dow Pharms., Inc.*, 509 U.S. 579 (1993)

10. *Democracy N.C. v. N.C. State Bd. of Elections*, 476 F. Supp. 3d 158 (M.D.N.C. 2020)

11. Fed. R. Evid. 401

12. Fed. R. Evid. 403

13. Fed. R. Evid. 602

14. Fed. R. Evid. 702

15. Fed. R. Evid. 703

16. Fed. R. Evid. 801

17. Fed. R. Evid. 803

18.   Fed. R. Evid. 807

19.   Fed. R. Evid. 901

20.   *Feldman v. Ariz. Sec'y of State's Off.*, 843 F.3d 366 (9th Cir. 2016)

21.   *Fry v. Daimler Trucks N. Am. LLC*, No. 1:18-cv-04827-JPB, 2021 WL 4241658 (N.D. Ga. Mar. 3, 2021)

22.   *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236 (11th Cir. 2020)

23.   *Mazo v. New Jersey Sec'y of State*, No. 21-2630, 2022 WL 17182673 (3d Cir. Nov. 23, 2022)

24.   *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253 (11th Cir. 2002)

25.   *McDowell v. Brown*, 392 F.3d 1283, 1298 (11th Cir. 2004)

26.   *MidAmerica C2L Inc. v. Siemens Energy, Inc.*, 25 F.4th 1312 (11th Cir. 2022)

27.   *New Ga. Project v. Raffensperger*, 484 F. Supp. 3d 1265 (N.D. Ga. 2020)

28.   *New Ga. Project v. Raffensperger*, 976 F.3d 1278 (11th Cir. 2020)

29.   O.C.G.A. § 21-2-381

30.   *Rumsfeld v. FAIR*, 547 U.S. 47 (2006)

31.   *Texas v. Johnson*, 491 U.S. 397 (1989)

32.   U.S. Const. Amendment I

33.   *United States v. Frazier*, 387 F.3d 1244 (11th Cir. 2004)

34.   *Voting for Am., Inc. v. Steen*, 732 F.3d 382 (5th Cir. 2013)

# ATTACHMENT B-2

**EXHIBIT B-2**

**Intervenor-Defendants' Outline of the Case**

**Statement:** Intervenor-Defendants join the State Defendants' Outline of the Case (Attachment B-1), except as to the second affirmative defense claiming that Plaintiffs lack standing. Intervenor-Defendants submit the following additional statement:

On April 14, 2021, the Republican National Committee, National Republican Senatorial Committee, National Republican Congressional Committee, and the Georgia Republican Party, Inc. moved to intervene in this case (Doc. 25). On June 4, the Court granted the motion to intervene and directed the clerk to add the Intervenors as Defendants in this case (Doc. 50). On June 21, Intervenor-Defendants moved to dismiss Plaintiffs' complaint for failure to state a claim (Doc. 53). The Court denied the motion to dismiss on December 9 (Doc. 57).

On April 26, 2022, Plaintiffs moved for a preliminary injunction (Doc. 103), and Intervenor-Defendants filed a response in opposition (Doc. 114). The Court held a hearing on June 9, and denied the motion on June 30 (Doc. 131). In December, the Intervenor-Defendants joined the State Defendants' motion for summary judgment (Docs. 149, 151), which the Court granted in part and denied in part (Doc. 179).

# ATTACHMENT C

## ATTACHMENT C
## CONSOLIDATED STIPULATIONS OF FACT

1.     Defendant Brad Raffensperger is the Georgia Secretary of State and is named in his official capacity.

2.     Defendant Raffensperger is an elected official in the state of Georgia.

3.     Defendant Raffensperger has been designated pursuant to the Help America Vote Act as the Chief Election Official for the State of Georgia responsible for coordinating the responsibilities of the State under the Help America Vote Act.

4.     Defendant Sara Tindall Ghazal is a member of the State Election Board and is named in her official capacity.

5.     Defendant Matthew Mashburn is a member of the State Election Board and is named in his official capacity.

6.     Defendant Edward Lindsey is a member of the State Election Board and is named in his official capacity.

7.     Defendant Janice Johnston is a member of the State Election Board and is named in her official capacity.

8.     Plaintiff Voter Participation Center ("VPC") is a Washington, D.C.-based 501(c)(3) nonprofit, nonpartisan organization founded in 2003.

9.     Plaintiff Center for Voter Information ("CVI") is a Washington, D.C.-based 501(C)(4) nonprofit, nonpartisan organization and a sister organization of VPC (collectively "Plaintiffs" or "VPC/CVI").

10.     Intervenor-Defendant the Republican National Committee is a national committee that supports Republican candidates for public office at all levels and coordinates fundraising and election strategy.

11.     Intervenor-Defendant the National Republican Senatorial Committee is a national political committee that works to elect Republicans to the U.S. Senate.

12.     Intervenor-Defendant the National Republican Congressional Committee is a national political committee that works to elect Republicans to the U.S. House.

13.     Intervenor-Defendant the Georgia Republican Party is a political party that works to promote Republican values and to assist Republican candidates in obtaining election to partisan federal, state, and local office.

14.     Since 2005, Georgia has had no-excuse absentee voting, allowing any qualified voter to apply for an absentee ballot.

15.     During an election cycle, the absentee voter file containing information from the voter-registration system refreshes daily and is publicly available, absent any technical malfunction.

16.     Prior to the 2022 election cycle, third-party organizations like Plaintiffs sent absentee-ballot applications to voters in many states, including Georgia.

17.     Plaintiffs sent absentee voting mailers consisting of cover letters, absentee-ballot applications, and pre-paid return envelopes to Georgia voters during the 2020 and 2022 election cycle.

18.     With each absentee-ballot application they send to voters in Georgia, Plaintiffs include a cover letter that explains why they believe absentee voting is important and encouraging the recipient to complete and return the application.

19.     Plaintiffs previously sent absentee-ballot applications to voters in Georgia with certain personal information of the voter's included.

20.     Plaintiffs previously sent multiple absentee-ballot applications to the same voters in Georgia.

21.     All registered Georgia voters who still maintain the qualifications to vote in Georgia are eligible to vote absentee by mail.

22.     To vote absentee by mail in Georgia, a voter needs to submit a request for an absentee mail ballot to their election office.

23.     During the 2020 primaries, Defendant Raffensperger's office sent prefilled applications to every active registered voter in the state in response to the COVID-19 pandemic using emergency federal funds.

24.     Georgia maintains "A Guide for Registered Voters" on its website, which includes a section titled: "An Overview of Georgia's Absentee Voting Process." *See* Elections Div., Ga. Sec'y of State, *A Guide for Registered Voters* (Mar. 30, 2022).

25.     This Guide provides instructions on how to apply for an absentee ballot, how to complete it, and how to submit it. *See id.*

26.     SB 202 was enacted on March 25, 2021, and parts of it became effective on July 1, 2021.

27.     SB 202's Prefilling Prohibition prohibits sending any absentee ballot applications that are prefilled with the electors' required information.

# ATTACHMENT D-1

**ATTACHMENT D-1**

**Plaintiffs' Witness List**

Plaintiffs anticipate that the following witnesses will testify at trial:

| Witness | Previously Filed Report(s)/Declaration(s) |
|---|---|
| Thomas Lopach | ECF No. 103-3.<br><br>Testifying as a fact witness. Expected to testify as a representative of Plaintiff organizations Voter Participation Center and Center for Voter Information about Plaintiffs' missions, programming, messaging, communications, and general operations, and the effect of the challenged restrictions on each. |
| Dr. Donald Green | ECF Nos. 103-5; 116-3.<br><br>Testifying as an expert witness. Expected to testify about the empirical effects of the challenged restrictions on speech and dissemination of speech. |
| Maren Hesla | N/a<br><br>Testifying as a fact witness. Expected to testify about the effects of the challenged restrictions on Plaintiffs' operations. |

Plaintiffs anticipate that the following witnesses may testify at trial:

| Witness | Previously Filed Report(s)/Declaration(s) |
|---|---|
| Karuna Koppula | N/a<br><br>Testifying as a fact witness. Expected to testify about Plaintiffs' operations and the effects of the challenged restrictions on Plaintiffs' operations. |
| Nancy Leeds | N/a |

| | |
|---|---|
| | Testifying as a fact witness. Expected to testify about Plaintiffs' operations and the effects of the challenged restrictions on Plaintiffs' operations. |
| Ryan Caudelle | N/a<br><br>Testifying as a fact witness. Expected to testify about the Intervenor-Defendants' third party absentee ballot application distribution. |
| Blake Evans | N/a<br><br>Testifying as a fact witness. Expected to testify about the state's procedures for processing and verifying absentee ballot applications and implementation of the challenged restrictions. |
| Josh Findlay | N/a<br><br>Testifying as a fact witness. Expected to testify about the Intervenor-Defendants' third party absentee ballot application distribution. |
| Frances Watson | N/a<br><br>Testifying as a fact witness. Expected to testify about the State's enforcement of the challenged restrictions. |
| Ryan Germany | ECF No. 113-2.<br><br>Testifying as a fact witness. Expected to testify about the state's procedures for processing and verifying absentee ballot applications, the implementation of the challenged restrictions, and the passage of SB 202. |
| Alisa Hamilton | N/a<br><br>Testifying as a fact witness. Expected to testify about the interviews undertaken on behalf of expert witness Dr. Green. |
| T. Matthew Mashburn | N/a |

| | Testifying as a fact witness. Expected to testify about the state's procedures for processing and verifying absentee ballot applications, the implementation of the challenged restrictions, and the passage of SB 202. |
|---|---|
| Brandon Waters | N/a <br><br> Testifying as a fact witness. Expected to testify about the Intervenor-Defendants' third party absentee ballot application distribution. |
| Justin Grimmer | ECF No. 113-4 <br><br> Testifying as an expert witness. Expected to testify as a rebuttal expert to Dr. Green. |

# ATTACHMENT D-2

**EXHIBIT D-2**

**State Defendants' Witness List**

State Defendants anticipate that the following witnesses will testify at trial:

- Ryan Germany: Testifying as representative of the Secretary of State's office regarding the reasons for the Pre-Filling Prohibition and the Anti-Duplication Provision, how those provisions are applied, and the impact of any injunction.

- Frances Watson: Testifying about the reasons for the Pre-Filling Prohibition and the Anti-Duplication Provision, how those provisions are applied, and the impact of any injunction.

- Blake Evans: Testifying about the reasons for the Pre-Filling Prohibition and the Anti-Duplication Provision, how those provisions are applied, and the impact of any injunction.

- Brandon Waters:  Testifying about ways Plaintiffs could comply with the Pre-Filling Prohibition and Anti-Duplication Provision.

- Justin Grimmer: Testifying about the effects of the Pre-Filling Prohibition and the Anti-Duplication Provision.

- Tom Lopach: Testifying about Plaintiffs' operations and mission, and about the impact of the Pre-Filling Prohibition and the Anti-Duplication Provision on those operations.

State Defendants anticipate that the following witnesses may testify at trial:

- Matthew Mashburn: Testifying about the reasons for the Pre-Filling Prohibition and the Anti-Duplication Provision, how those provisions are applied, and the impact of any injunction.

- Donald Green: Testifying about ways Plaintiffs could comply with the Pre-Filling Prohibition and Anti-Duplication Provision.

- Alisa Hamilton: Testifying about the ways that Plaintiffs' expert obtained and analyzed data.

- Any witnesses identified on Plaintiffs' witness list.

# ATTACHMENT D-3

**EXHIBIT D-3**

**Intervenor Defendants' Witness List**

Intervenor Defendants do not anticipate calling any witnesses to testify at trial.

Intervenor Defendants anticipate that the following witnesses may testify at trial:

- Ryan Germany
- Frances Watson
- Blake Evans
- Brandon Waters
- Justin Grimmer
- Tom Lopach
- Matthew Mashburn
- Donald Green
- Alisa Hamilton
- Karuna Koppula
- Nancy Leeds
- Ryan Caudelle
- Josh Findlay

# ATTACHMENT E-1

| **ATTACHMENT E-1 - Plaintiffs' Exhibit List** | | |
|---|---|---|
| **Exhibit Number** | **Document Description** | **Defendants' Objections** |
| PX 1 | Current Georgia Absentee Ballot Application (retrieved November 24, 2023) | No objection |
| PX 2 | Blank Absentee Ballot Application for Third Party Use (pre-2022 revisions) | No objection |
| PX 3 | Absentee Ballot Application Cure Affidavit Form | No objection |
| PX 4 | Def. Responses and Objections to Plaintiffs' First Interrogatories | No objection |
| PX 5 | Defendants' Responses and Objections to Plaintiffs' First Requests for Admissions | No objection |
| PX 6 | 183-1-14-.12. Eligibility of Application for Absentee Ballot. | No objection |
| PX 7 | SB 202 | No objection |
| PX 8 | Ga. Code Ann. 21-2-31 | No objection |
| PX 9 | July 2018 Correspondence Between CVI and Chris Harvey (SOS) | Relevance (FRE 401); Hearsay (802) |
| PX 10 | November 13, 2018 Correspondence Between CVI and Chris Harvey (SOS) | Relevance (FRE 401); Hearsay (802) |
| PX 11 | June 5, 2020 Email chain re: scanned signature for absentee ballot application sent using VoteAmerica | Relevance (FRE 401); Hearsay (802) |
| PX 12 | June 25, 2019 correspondence between VPC/CVI and Chris Harvey (SOS) | Relevance (FRE 401); Hearsay (802) |
| PX 13 | August 2, 2019 correspondence between VPC/CVI and Chris Harvey (SOS) | Relevance (FRE 401); Hearsay (802) |
| PX 14 | October 29, 2019 correspondence between VPC/CVI and Chris Harvey (SOS) | Relevance (FRE 401); Hearsay (802) |
| PX 15 | April 23, 2020 Correspondence Between VPC/CVI  and Chris Harvey (SOS) | Relevance (FRE 401); Hearsay (802) |
| PX 16 | April 24, 2020 Correspondence by SOS Office re: VPC mailers | No objection |
| PX 17 | May 20, 2020 Correspondence Between VPC/CVI and Chris Harvey (SOS) | Relevance (FRE 401); Hearsay (802) |

| Exhibit Number | Document Description | Defendants' Objections |
|---|---|---|
| PX 18 | June 29, 2020 Correspondence Between VPC/CVI and Chris Harvey (SOS) | Relevance (FRE 401); Hearsay (802) |
| PX 19 | June 30, 2020 Correspondence Between VPC/CVI and Chris Harvey (SOS) | Relevance (FRE 401); Hearsay (802) |
| PX 20 | August 6, 2020 Correspondence Between VPC/CVI and Chris Harvey (SOS) | Relevance (FRE 401); Hearsay (802) |
| PX 21 | August 6, 2020 Follow Up Correspondence Between VPC/CVI and Chris Harvey (SOS) | Relevance (FRE 401); Hearsay (802) |
| PX 22 | November 16, 2020 Correspondence Between VPC/CVI and Chris Harvey (SOS) | Relevance (FRE 401); Hearsay (802) |
| PX 23 | September 9, 2021 Correspondence Between VPC/CVI and Blake Evans (SOS) | Relevance (FRE 401); Hearsay (802) |
| PX 24 | January 4, 2022 Correspondence Between VPC/CVI and Blake Evans (SOS) | Relevance (FRE 401); Hearsay (802) |
| PX 25 | June 10, 2022 Correspondence Between VPC/CVI and Blake Evans (SOS) | Hearsay (802) |
| PX 26 | Sample CVI 2020 Mailer with Prefilled Information Variation 1 | No objection |
| PX 27 | Sample CVI 2020 Mailer with Prefilled Information Variation 2 | No objection |
| PX 28 | March 21, 2022 Expert Report of Dr. Donald P. Green | No objection |
| PX 29 | May 18, 2022 Expert Rebuttal Report of Dr. Donald P. Green | No objection |
| PX 30 | June 16, 2022 Amended Expert Rebuttal Report of Dr. Donald P. Green | No objection |
| PX 31 | Dr. Donald P. Green Resume | No objection |
| PX 32 | Justin Grimmer CV | No objection |
| PX 33 | April 29, 2022 Expert Report of Dr. Justin Grimmer | No objection |
| PX 34 | RNC Absentee Ballot Application Mailer | Relevance (FRE 401) |
| PX 35 | Georgia Republican Party Absentee Ballot Application Mailers | Relevance (FRE 401) |
| PX 36 | Sept. 14, 2020 VPC & CVI Memo - "Lessons learned from summer 2020 VBM recruitment programs" | Hearsay (FRE 802) |

| Exhibit Number | Document Description | Defendants' Objections |
|---|---|---|
| PX 37 | Plaintiffs' Objections and Responses to Defendants' First Set of Interrogatories, Request for Production of Documents, and Requests for Admission | No objection |
| PX 38 | Plaintiffs' Revised Objections and Responses to Defendants' First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission | No objection |
| PX 39 | Letter from Brad Raffensperger to State Rep. Shaw Blackmon | No objection |
| PX 40 | Apr. 6, 2021 Mission Control Memo | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 41 | 2022 Election Response Data for CVI | Relevance (FRE 401) |
| PX 42 | 2022 Election Response Data for VPC | Relevance (FRE 401) |
| PX 43 | 2018 Runoff GA GOP Absentee Ballot Mailer with Prefilled Date | Relevance (FRE 401) |
| PX 44 | GA GOP Absentee Ballot Application Mailer | Relevance (FRE 401) |
| PX 45 | 2020 General GA GOP Absentee Ballot Mailer with Prefilled Date | Relevance (FRE 401) |
| PX 46 | March 17, 2022 Email chain re GA GOP mailer batches | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 47 | Application for Official Absentee Ballot with Disclaimer and Markup | No objection |
| PX 48 | August 22, 2021 Email re: using older application form | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 49 | April 7, 2022 Email from county to SOS re: SB 202 interpretation | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 50 | November 1, 2021 email from Cherokee County re: prefilling | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 51 | October 4, 2021 Email from county to SOS re: absentee ballot application procedures | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 52 | September 10, 2021 Email from candidate for office | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 53 | June 4, 2021 Email chain re: scanned signature for absentee ballot application | Relevance (FRE 401); Hearsay (FRE 802) |

| Exhibit Number | Document Description | Defendants' Objections |
|---|---|---|
| PX 54 | March 8, 2022 Email between county and SOS re: prefilled application | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 55 | March 8, 2022 Email between county and SOS re: prefilled application | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 56 | March 8, 2022 Email between county and SOS re: prefilled application | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 57 | September 9, 2020 Email re: absentee ballot application procedures | Hearsay (FRE 802) |
| PX 58 | August 10, 2020 email re: absentee ballot application procedures | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 59 | Raffensperger statement re: third party absentee ballot applications | No objection |
| PX 60 | Letter from Brad Raffensperger to legislators re: changes to election process because of COVID-19 | No objection |
| PX 61 | January 3, 2021 Email from Jordan Fuchs to Brad Raffensperger re: election integrity | No objection |
| PX 62 | June 28, 2020 email to SOS Re: Question on absentee ballot applications | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 63 | Voter requesting mail-in ballot application from RNC | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 64 | Testimony Summary from Dec. 3, 2020 Hearing on Election Issues | No objection |
| PX 65 | July 10, 2020 VPC/CVI Memo - "Lessons learned from spring 2020 VBM programs" | Hearsay (FRE 802) |
| PX 66 | February 25, 2022 VPC/CVI Memo - ways CVI/VPC work to improve accuracy of programs | Hearsay (FRE 802) |
| PX 67 | February 25, 2021 VPC/CVI Memo - "Preliminary Georgia runoff program results" | Hearsay (FRE 802) |
| PX 68 | April 21, 2022 Email between VPC/CVI and America Votes | Hearsay (FRE 802) |
| PX 69 | VPC/CVI Press Release about 2022 Mailing Program | Hearsay (FRE 802) |
| PX 70 | VPC/CVI Low Dollar Donor fundraising email draft | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 71 | 2022 VPC/CVI Budget File | No objection |

| Exhibit Number | Document Description | Defendants' Objections |
|---|---|---|
| PX 72 | Augusta Chronicle OpEd - "Guest Column: Republican Party wins on Election Day, and future is bright" | Relevance (FRE 401); Hearsay (FRE 802); More prejudicial than probative (FRE 403) |
| PX 73 | December 29, 2020 Secretary of State Press Release - "3rd Strike Against Voter Fraud Claims Means They're Out After Signature Audit Finds No Fraud" | No objection |
| PX 74 | Folley The Hill Article - "Georgia secretary of state withholds support for 'reactionary' GOP voting bills" | Relevance (FRE 401); Hearsay (FRE 802); More prejudicial than probative (FRE 403) |
| PX 75 | McCord Augusta Chronicle Article - "Augusta Commission election mailer flagged for Georgia Secretary of State review" | Relevance (FRE 401); Hearsay (FRE 802); More prejudicial than probative (FRE 403) |
| PX 76 | The Hill Article - "Georgia's GOP House Speaker says vote-by-mail system would be 'devastating to Republicans'" | Relevance (FRE 401); Hearsay (FRE 802); More prejudicial than probative (FRE 403) |
| PX 77 | Yeomans Gwinnett Daily Post Article - "Gwinnett elections board's new chairwoman wants limits on no-excuse absentee voting, voter roll review" | Relevance (FRE 401); Hearsay (FRE 802); More prejudicial than probative (FRE 403) |
| PX 78 | April 26, 2022 Declaration of Tom Lopach | Hearsay (FRE 802) |
| PX 79 | February 4, 2021, February 22, 2021, February 23, 2021, March 17, 2021, March 18, 2021 SB 202 Hearings | No objection |
| PX 80 | February 22, 2021, March 18, 2021 SB 202 Hearings | No objection |
| PX 81 | February 4, 2021, February 22, 2021, February 23, 2021, March 17, 2021, March 18, 2021 SB 202 Hearings | No objection |
| PX 82 | Poll Worker Manual | No objection |
| PX 83 | RNC Absentee Ballot Push & Identification Door Script | Relevance (FRE 401); Hearsay (FRE 802) |

| Exhibit Number | Document Description | Defendants' Objections |
|---|---|---|
| PX 84 | Scanlan ABCNews Article - "'We've never found systemic fraud, not enough to overturn the election,' Georgia Secretary of State Raffensperger says" | Hearsay (FRE 802) |
| PX 85 | Zauner Fox5 Article - "Georgia Secretary of State reaffirms no widespread voter fraud, suggests changes to absentee voting" | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 86 | Trump-Themed GA GOP Absentee Ballot Mailer | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 87 | Journal of Political Marketing Excerpt | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 88 | Research Article by Hans JG Hassell | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 89 | August 31, 2020 Secretary of State Press Release - "Secretary of State Brad Raffensperger Unveils New Online Absentee Ballot Request Portal" | No objection |
| PX 90 | King and Stucka Augusta Chronicle Article - "'Digital divide': In Georgia, many still lack broadband access" | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 91 | Nwogu Savannah Morning News Article - "Barriers to the ballot: Georgia voters with disabilities working to improve access to the polls" | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 92 | Ripley Alive Article - "Geogia voters finding dead links when trying to request absentee ballots" | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 93 | 2005 Georgia Laws Act 53 (H.B. 244) | No objection |
| PX 94 | Sample 2022 Ballot Application Mailers | No objection |
| PX 95 | 2018-2020 GA VBM Unsubscribe Request | No objection |
| PX 96 | July 27, 2020 Email from Alexander Foti to SOS re: voting absentee | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 97 | 2020 CVI and GA NAACP Sample Cover Letter | No objection |
| PX 98 | LWV v. State of Missouri Order Granting PI | No objection |
| PX 99 | 2020 Republican Party of Georgia Absentee Ballot Application Mailer | Relevance (FRE 401); Hearsay (FRE 802) |

| Exhibit Number | Document Description | Defendants' Objections |
|---|---|---|
| PX 100 | Bluestein Article, Atlanta Journal-Constitution | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 101 | Axelrod Article, The Hill | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 102 | March 31, 2021 Email subject line "Post-Sine Die Legislative Report" | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 103 | December 14, 2021 Email Re: 2020 General Election Absentee Numbers | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 104 | January 22, 2021 Email with document attached titled "Voting Legislation Ideas" | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 105 | March 6, 2021 Email Re: Urgent Action Alert on Election Security Legislation | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 106 | February 2, 2021 Email with document attached titled "Legislative Election Report" | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 107 | February 27, 2021 Email Re: Legislative Movement to Fortify our Election Process | Relevance (FRE 401); Hearsay (FRE 802); More prejudicial than probative (FRE 403) |
| PX 108 | Report of the Election Confidence Task Force | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 109 | July 10, 2020 Email Re: Voter Contact Analysis | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 110 | March 3, 2020 Email with Application for Official Absentee Ballot Attached | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 111 | September 30, 2021 Email with attachments re: process for investigations | No objection |
| PX 112 | November 21, 202 Email thread re absentee ballot application report | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 113 | Georgia Voter Registration System website | No objection |
| PX 114 | Georgia SoS Voter Registration, Frequently Asked Questions | Relevance (FRE 401) |
| PX 115 | Georgia SoS Voter Registration User Guide, County Administrator and Assistant County Administrator | Relevance (FRE 401) |

| Exhibit Number | Document Description | Defendants' Objections |
|---|---|---|
| PX 116 | Document entitled SoS Elections Division, Georgia's Voting Procedures Introduced Through SB 202 | Relevance (FRE 401) |
| PX 117 | Absentee Ballot Micro Learning Video Script - In Mail | Relevance (FRE 401) |
| PX 118 | Document entitled A Guide for Registered Voters | No objection |
| PX 119 | Document entitled Overview of Absentee Voting, Ballot Issuing/Mailing, and Processing Returns | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 120 | January 22, 2020 Certification of Administrative Rules filed with the Secretary of State | No objection |
| PX 121 | December 17, 2019 State Election Board Hearing Transcript | No objection |
| PX 122 | February 10, 2021 State Election Board Hearing Transcript | No objection |
| PX 123 | February 17, 2021 State Election Board Hearing Transcript | No objection |
| PX 124 | February 24, 2021 State Election Board Hearing Transcript | No objection |
| PX 125 | February 17, 2021 State Election Board Meeting Agenda | No objection |
| PX 126 | September 21, 2021 State Election Board Meeting Agenda | No objection |
| PX 127 | September 30, 2019 Secretary of State Report Investigations Division Summary | No objection |
| PX 128 | March 22, 2021 email correspondence re: open records request for CVI/VPC data | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 129 | Letter from State of Georgia Superior Courts, dated April 6, 2021 | Relevance (FRE 401) |
| PX 130 | January 5, 2021 email from Judicial Watch to SOS | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 131 | Attatchment to January 5, 2021 email from Judicial Watch to SOS | Relevance (FRE 401) |
| PX 132 | September 6, 2020 E-mail from Blake Evans to Fulton County | Relevance (FRE 401); Hearsay (FRE 802) |

| Exhibit Number | Document Description | Defendants' Objections |
|---|---|---|
| PX 133 | September 18, 2020 E-mail from Blake Evans to Marjorie Howard | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 134 | June 8, 2022 E-mail from Mr. Tyson to Mr. Waters Re: Mission Control Memo | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 135 | Title pages of Get Out the Vote, Donald P. Green and Alan S. Gerber | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 136 | Chapters 1 and 2 of Get out the Vote | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 137 | Chapter 5 of Get out the Vote | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 138 | Abstract: "how Much GOTV Mail is Too Much? Result from a Large-Scale Field Experiment," Green and Zelizer | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 139 | December 2, 2020 Press Release entitled "Secretary Raffensperger Launches Investigation into groups Encouraging Fraudulent Registrations" | No objection |
| PX 140 | February 11, 2021 Press Release entitled "State 201 Election Board Refers Voter Fraud Cases for Prosecution" dated February 11, 2021 | No objection |
| PX 141 | August 28, 2020 Press Release entitled "State Election Board Refers Fulton Absentee Mishandling Case to Georgia Attorney General" dated August 28, 2020 | No objection |
| PX 142 | Press Release dated February 18, 2021 titled "Ra!ensperger Sends More Voting Cases to Prosecutors" | No objection |
| PX 143 | Press release entitled "Election Fraud Cases Sent to Prosecution as Dominion Refutes Disinformation" dated February 26, 2021 | No objection |
| PX 144 | Spreadsheet of Open Matters | No objection |
| PX 145 | Press Release entitled "Secretary Raffensperger opens Investigation into Potential Missing Absentee Ballot Applications dated March 21, 2019 | No objection |

| Exhibit Number | Document Description | Defendants' Objections |
|---|---|---|
| PX 146 | Article entitled, "Secretary of State Brad Raffensperger Appoints Absentee Ballot Fraud Task Force" dated April 27, 2020 | No objection |
| PX 147 | Table re: absentee ballot application numbers in 2020 | Relevance (FRE 401) |
| PX 148 | CNN article titled "The 2020 election wasn't stolen. But Douglas Frank and his bogus equation claiming otherwise are still winning over audiences." | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 149 | Application for Georgia Official Absentee Ballot | No objection |
| PX 150 | Draft of Georgia House Bill 1464 | No objection |
| PX 151 | Excerpt of a spreadsheet showing cases SEB considered in 2020 | No objection |
| PX 152 | GEOC Course 8: Absentee Ballot Procedures (Georgia Election Official Certification) | No objection |
| PX 153 | GEOC Course 8: Absentee Ballot Procedures (Georgia Registrar Official Certification) | No objection |
| PX 154 | April 2021 Elections Forum | No objection |
| PX 155 | May 2021 Elections Forum | No objection |
| PX 156 | March 2022 Overview of Absentee Voting, Ballot Issuing/Mailing, and Processing Returns | No objection |
| PX 157 | June 11, 2020 VPC & CVI Memo - "Structure for Summer/Fall Vote-by-Mail Programs" | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 158 | August 11, 2020 Email re: absentee push calls and script | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 159 | March 20, 2020 Email re: absentee push calls and script | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 160 | VPC mailer to Cliff Alexis | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 161 | List of investigations by SEB in 2018-2021 | No objection |
| PX 162 | List of investigations by SEB in 2016-2020 | No objection |
| PX 163 | February 2021 State Election Board Webinar Meeting Agenda | No objection |
| PX 164 | State Election Board Notice of Proposed Rulemaking after SB 202 | No objection |

| Exhibit Number | Document Description | Defendants' Objections |
|---|---|---|
| PX 165 | March 9, 2022 Email re: accepting prefilled absentee ballot application | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 166 | October 16, 2020 Email re: Absentee ballot report | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 167 | August 2021 SEB Webinar Meeting Agenda | No objection |
| PX 168 | SEB Notive of Proposed Rulemaking re: disclaimer, application processing | No objection |
| PX 169 | VPC voter registration mailer | No objection |
| PX 170 | VPC voter registration mailer | No objection |
| PX 171 | SOS Document Explaining Disclaimer | Relevance (FRE 401) |
| PX 172 | List of steps CVI/VPC take to only mail registration mailers to eligible people | Hearsay (FRE 802) |
| PX 173 | HB 1464 outline with SOS office's markup | No objection |
| PX 174 | RNC Comments in support of proposed rulemaking post-SB 202 | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 175 | Email from Ryan Germany to SOS office's "Rules Working Group" regarding rulemaking post-SB 202 | No objection |
| PX 176 | Outline of Election Roundtables Discussions | No objection |
| PX 177 | 2019 Email from Ryan Germany re VPC | No objection |
| PX 178 | Email from Ryan Germany to Brad Raffensperger with outline of proposed rule changes | No objection |
| PX 179 | Lawyers' Committee et al. NVRA notice letter re: sending english-only applications to Spanish-speaking population | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 180 | May 1, 2020 Email from to Ryan Germany re: GOP absentee ballot application | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 181 | July 20, 2020 Email chain re: absentee ballot application on website | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 182 | December 20, 2019 Email from Democratic Party of Georgia to SOS | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 183 | September 15, 2020 Email from Democratic Party of Georgia to SOS | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 184 | September 23, 2020 Email from Democratic Party of Georgia to SOS | Relevance (FRE 401); Hearsay (FRE 802) |

| Exhibit Number | Document Description | Defendants' Objections |
|---|---|---|
| PX 185 | November 19, 2020 Email from Democratic Party of Georgia to SOS | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 186 | December 2020 SB 202 House Government Affairs Meeting Notes | Hearsay (FRE 802) |
| PX 187 | December 27, 2020 Email Chain between county offices | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 188 | December 30, 2020 Letter from Senator Ligon to SOS re 2020 general election | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 189 | Georgia SOS 2020 Election Report | Relevance (FRE 401) |
| PX 190 | February 2021 Mitre Audit | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 191 | List of notes re: various SB 202 provisions | Hearsay (FRE 802) |
| PX 192 | Comparison of various election-related bills, including SB 202 | Hearsay (FRE 802) |
| PX 193 | Minority report on SB 202 | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 194 | Talking points and FAQs about House version of SB 202 | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 195 | Talking points and FAQs about  SB 202 | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 196 | March 2021 SB 202 Election Reforms Synopsis | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 197 | Letter from Superior Court Judge to Frances Watson | Relevance (FRE 401) |
| PX 198 | Analysis of media claims surrounding SB 202 | Relevance (FRE 401) |
| PX 199 | Voter Integrity Project 2021 Georgia Report | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 200 | Summary of SB 202 Rule Changes to Be Made | No objection |
| PX 201 | Application for Official Absentee Ballot with Disclaimer on bottom | No objection |
| PX 202 | Application for Official Absentee Ballot with Placeholder for Disclaimer | No objection |
| PX 203 | June 23, 2021 Email from Ryan Germany re: absentee ballot application redesign for 2021 election | Relevance (FRE 401); Hearsay (FRE 802) |

| Exhibit Number | Document Description | Defendants' Objections |
|---|---|---|
| PX 204 | June 23, 2021 Email from Ryan Germany to Jordan Fuchs re: absentee ballot application redesign for 2021 election | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 205 | Mock up of Application for Georgia Official Absentee Ballot | No objection |
| PX 206 | August 13, 2021 Email from Ryan Germany to Vincent Russo re: Draft SEB Rules | Relevance (FRE 401) |
| PX 207 | August 13, 2021 Email from Ryan Germany to Sachin Varghese re: Draft SEB Rules | Relevance (FRE 401) |
| PX 208 | August 20, 2021 Email between SOS and County re: absentee ballot application procedures | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 209 | September 21, 2021 Ryan Germany letter with rules for implementing SB 202 attached | Relevance (FRE 401) |
| PX 210 | SEB Notice of Proposed Rulemaking (for rules implementing SB 202) | No objection |
| PX 211 | Notarized letter re: rule amendments | No objection |
| PX 212 | March 1, 2022 Email from Steven Ellis to Ryan Germany re: SB 202 | No objection |
| PX 213 | March 1, 2022 email between counties and Ryan Germany re: SB 202 | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 214 | Comments re: HR1464, house version of SB 202 | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 215 | April 6, 2020 email from Forsyth County | Hearsay (FRE 802) |
| PX 216 | August 21, 2020 Email Re: Cherokee County Absentee Ballot Return Address Issue | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 217 | Fanin County letter to SOS | Hearsay (FRE 802) |
| PX 218 | USPS presentation about processing, delivering, returning ballots and applications | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 219 | March 10, 2021 Email from third party to SOS regarding third party absentee ballot application | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 220 | Suggested changes to SEB rules 183-1-12, 183-1-14 | Hearsay (FRE 802) |
| PX 221 | List of questions presented at GAVREO from counties to SOS | Relevance (FRE 401); Hearsay (FRE 802) |

| Exhibit Number | Document Description | Defendants' Objections |
|---|---|---|
| PX 222 | Bartow County presentation 2020 and Beyond | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 223 | SOS presentation to county officials about absentee voting procedures | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 224 | June 29, 2020 email chain regarding how to process electronic signatures, online ballot applications | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 225 | June 29, 2020 email chain regarding how to process electronic signatures, online ballot applications | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 226 | October 18, 2021 email chain between county and SOS re: absentee in person voting procedure | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 227 | September 17, 2020 email chain re: absentee ballot reports | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 228 | SEB rules outline for implementation of SB 202 from Ryan Germany | Relevance (FRE 401) |
| PX 229 | September 13, 2019 Email chain between Ryan Germany and Brad Raffensperfer about SEB rules outline | No objection |
| PX 230 | Civix summary of changes and cost quote for tech changes needed because of SB 202 | Relevance (FRE 401) |
| PX 231 | September 2021 RNC comments about SEB proposed rule changes | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 232 | Query from organization re: whether disclaimers must be included with hand-distributed applications | Hearsay (FRE 802) |
| PX 233 | March 2021 Summary of house and senate versions of bill | Hearsay (FRE 802) |
| PX 234 | Presentation by Ryan Germany to county officials on SB 202 | No objection |
| PX 235 | Talking points and FAQs about House version of SB 202 | Hearsay (FRE 802) |
| PX 236 | March 15, 2022 email re: absentee ballot application redesign for 2022 election | No objection |
| PX 237 | Document entitled "Georgia Election Code Cleanup" | No objection |

| Exhibit Number | Document Description | Defendants' Objections |
|---|---|---|
| PX 238 | 2022 Talking points on safety of GA election system | No objection |
| PX 239 | November 20, 2020 SEB Report of Seven Hills Strategies | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 240 | March 2022 Georgia SOS Voter Registration User Guide | Relevance (FRE 401) |
| PX 241 | December 2020 House Government Affairs Committee Meeting Notes | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 242 | June 2020 Email chain about error in state's absentee ballot application | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 243 | May 19, 2020 Email chain between Kevin Rayburn and Charles Stewart | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 244 | May 5, 2020 Email chain between Kevin Rayburn and Fayette County | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 245 | March 2020 SOS Election Bulletin for Counties | No objection |
| PX 246 | April 2020 SOS Election Bulletin for Counties | No objection |
| PX 247 | April 2020 Email from county to SOS re absentee ballot applications | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 248 | Formal request from county to SOS re absentee ballot applications | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 249 | February 19, 2020 Voter email to SOS asking where to send application for absentee ballot | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 250 | January 2020 SEB meeting about regulations implementing SB 202 | No objection |
| PX 251 | October 8, 2019 Email Re: application signature cure | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 252 | April 27, 2020 email exchange within SOS re: absentee ballot applications | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 253 | Updated Civix summary of changes and cost quote for tech changes needed because of SB 202 | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 254 | Civix summary of requested changes and cost quote  for tech changes needed because of SB 202 | Relevance (FRE 401); Hearsay (FRE 802) |

| Exhibit Number | Document Description | Defendants' Objections |
|---|---|---|
| PX 255 | December 17, 2020 Email re: December 2020 House Government Affairs Committee Meeting Notes | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 256 | Attachment to December 17, 2020 Email re: December 2020 House Government Affairs Committee Meeting Notes | Hearsay (FRE 802) |
| PX 257 | National Task Force on Voting by Mail Standards | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 258 | March 18, 2020 Email re SOS sending unsolicted ballot applications | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 259 | SOS presentation to counties about SB 202 | Relevance (FRE 401) |
| PX 260 | February 17, 2021 Email Re: SB 202 | No objection |
| PX 261 | Summary of investigation and charges by State Election Board | No objection |
| PX 262 | RNC talking points in 2021 | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 263 | RNC talking points about election integrity ahead of 2022 general election | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 264 | RNC talking points about election integrity ahead of 2022 general election | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 265 | RNC Summary of lawsuits challenging SB 202 | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 266 | RNC talking points about election integrity ahead of 2022 general election | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 267 | Heritage Action for America Pro-SB 202 Talking Points | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 268 | Summary of changes made by SB 202 | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 269 | SB 202 text with summary of changes, relevant caselaw, etc. | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 270 | January 21, 2022 Email re: election integrity talking points | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 271 | March 10, 2022 Email chain between county and SOS re: absentee ballot applications | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 272 | March 11, 2022 Email chain between county and SOS re: absentee ballot applications | Relevance (FRE 401); Hearsay (FRE 802) |

| Exhibit Number | Document Description | Defendants' Objections |
|---|---|---|
| PX 273 | April 7, 2022 2022 Email between county and SOS re: absentee ballor applications | Hearsay (FRE 802) |
| PX 274 | CVI Articles of Incorporation | No objection |
| PX 275 | VPC Articles of Incorporation | No objection |
| PX 276 | CVI Bylaws | No objection |
| PX 277 | VPC Bylaws | No objection |
| PX 278 | CVI 2019 990 Tax Form | No objection |
| PX 279 | CVI 2020 990 Tax Form | No objection |
| PX 280 | VPC 2018 990 Tax Form | No objection |
| PX 281 | VPC 2019 990 Tax Form | No objection |
| PX 282 | VPC 2020 990 Tax Form | No objection |
| PX 283 | CVI 2018 990 Tax Form | No objection |
| PX 284 | 2020 Summer/Fall VPC and CVI VBM budget, including by mailer wave | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 285 | Structure for 2020 Summer/Fall VBM Programs | Hearsay (FRE 802) |
| PX 286 | 2021 VPC Fundraising Email Draft | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 287 | 2021 VPC Fundraising Email Draft | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 288 | 2021 VPC Fundraising Email Draft re: GA legislation | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 289 | March 2021 VPC and CVI Email Newsletter | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 290 | 2021 VPC Fundraising Email Draft re: GA legislation | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 291 | 2021 VPC Fundraising Email Draft re: voter suppression bills | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 292 | 2021 VPC Fundraising Email Draft re: GA legislation | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 293 | 2021 VPC Fundraising Email Draft re: voter suppression bills | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 294 | 2021 VPC Fundraising Email Draft re: GA legislation | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 295 | 2021 VPC Fundraising Email Draft re: GA legislation | Relevance (FRE 401); Hearsay (FRE 802) |

| Exhibit Number | Document Description | Defendants' Objections |
|---|---|---|
| PX 296 | 2021 VPC Fundraising Email Draft re: GA legislation | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 297 | 2021 VPC Fundraising Email Draft re: GA legislation & voter suppression | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 298 | 2021 VPC Fundraising Email Draft re: GA legislation & voter suppression | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 299 | 2021 VPC Fundraising Email Draft re: GA legislation & voter suppression | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 300 | 2021 VPC Fundraising Email Draft re: GA legislation & voter suppression | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 301 | 2021 VPC Fundraising Email Draft re: GA legislation & voter suppression | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 302 | April 2021 VPC and CVI Email Newsletter re: GA Lawsuit | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 303 | 2021 VPC Fundraising Email Draft re: GA legislation & voter suppression | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 304 | 2021 VPC Fundraising Email Draft re: GA legislation & voter suppression | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 305 | 2021 VPC Fundraising Email Draft re: GA legislation & voter suppression | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 306 | 2021 VPC Fundraising Email Draft re: GA legislation & voter suppression | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 307 | 2021 VPC Fundraising Email Draft re: GA legislation & voter suppression | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 308 | 2021 VPC Fundraising Email Draft re: voter suppression | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 309 | July 2021 VPC and CVI Email Newsletter | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 310 | 2020 Georgia Runoff CVI and VPC Budget | Relevance (FRE 401) |
| PX 311 | May 2020 VPC and CVI VBM budget, including by mailer wave | Relevance (FRE 401) |
| PX 312 | CVI Sample Mailer for 2022 with Disclaimer | No objection |
| PX 313 | CVI Sample Mailer for 2022 with Disclaimer | No objection |
| PX 314 | Sample Absentee Ballot Request Form with Disclaimer | No objection |

| Exhibit Number | Document Description | Defendants' Objections |
|---|---|---|
| PX 315 | Unsubscribe request appearing to be from another organization | Hearsay (FRE 802) |
| PX 316 | VPC Sample Mailer for 2022 with Disclaimer | No objection |
| PX 317 | VPC Sample Mailer for 2022 with Disclaimer | No objection |
| PX 318 | 2022 VPC Sample Cover Letter | No objection |
| PX 319 | VPC Sample Mailer for 2022 with Disclaimer | No objection |
| PX 320 | VPC Sample Mailer for 2022 with Disclaimer | No objection |
| PX 321 | VPC Sample Mailer for 2022 with Disclaimer | No objection |
| PX 322 | 2020 Runoff Mailing List | Relevance (FRE 401) |
| PX 323 | 2020 Primary Mailing List | Relevance (FRE 401) |
| PX 324 | 2020 General Election Mailing List | Relevance (FRE 401) |
| PX 325 | 2020 Runoff Mailing List - ID numbers | Relevance (FRE 401) |
| PX 326 | 2018 Mailing List | Relevance (FRE 401) |
| PX 327 | List of Unsubscribe codes for recent elections | Relevance (FRE 401) |
| PX 328 | List of Unsubscribe Requests for 2018, 2020 | Relevance (FRE 401) |
| PX 329 | Additional Unsubscribe Requests for people who already registered/signed up/etc. | Relevance (FRE 401) |
| PX 330 | Program Plan and Stats for 2022 Wave 1 Mailing | Relevance (FRE 401) |
| PX 331 | Alisa Hamilton CV | No objection |
| PX 332 | Draft Consent Form - Blank | No objection |
| PX 333 | Signed Consent Forms | No objection |
| PX 334 | Signed Consent Forms | No objection |
| PX 335 | Signed Consent Forms | No objection |
| PX 336 | Interview 1 of Hamilton Experiment | Hearsay (FRE 802) |
| PX 337 | Interview 2 of Hamilton Experiment | Hearsay (FRE 802) |
| PX 338 | Interview 3 of Hamilton Experiment | Hearsay (FRE 802) |
| PX 339 | Interview 4 of Hamilton Experiment | Hearsay (FRE 802) |
| PX 340 | Interview 5 of Hamilton Experiment | Hearsay (FRE 802) |
| PX 341 | One page of handwritten notes | No objection |
| PX 342 | Sample Absentee Ballot Application Form without Disclaimer used in Hamilton experiment | No objection |
| PX 343 | Sample Absentee Ballot Application Form with Disclaimer used in Hamilton experiment | No objection |
| PX 344 | Sample Absentee Ballot Application Form with Disclaimer (Large) used in Hamilton experiment | No objection |

| Exhibit Number | Document Description | Defendants' Objections |
|---|---|---|
| PX 345 | December 27, 2021 Correspondence between VPC/CVI and Blake Evans | Relevance (FRE 401); Hearsay (FRE 802) |
| PX 346 | Technology Recommendations - Elections Division | Relevance (FRE 401); Hearsay (FRE 802) |

# ATTACHMENT E-2

| | *VoteAmerica v. Raffensperger*<br>State Defendatns' Exhibit List<br>November 30, 2023 | |
|---|---|---|
| **Ex. No.** | **Document Description** | **Plaintiffs' Objections** |
| 1 | Expert Report of Justin Grimmer | No objection |
| 2 | Expert Report of Donald Green | No objection |
| 3 | Expert Rebuttal Report of Donald Green | No objection |
| 4 | Pls.' Voter Mailings | No objection |
| 5 | Email from Michelle Smith | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 6 | Email from Mari Wall | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 7 | Email from Jeffry Miller | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 8 | Email from Jill Smith | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 9 | Email from Richard Braun | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 10 | Email from Frances Watson | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 11 | Email from Frances Watson | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 12 | Email from Frances Watson | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |

| Ex. No. | Document Description | Plaintiffs' Objections |
|---|---|---|
| 13 | Email from Frances Watson | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 14 | Email from Ken Ennis | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 15 | Email from Kerri McBride | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 16 | Email from Betty Jones Holt | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 17 | Email from Yvette Powell | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 18 | Email from David Cooper | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 19 | Email from Deb Buckner | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 20 | Email from Robert Burke | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 21 | Email from Steve Mondibrown | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 22 | Email from Elizabeth Brown | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 23 | Email from Rosemarie Kobau | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |

| Ex. No. | Document Description | Plaintiffs' Objections |
|---|---|---|
| 24 | Email from Larry Causy Jr. | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 25 | Email from Glenn Hayden | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 26 | Email from Thomas Woodward | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 27 | Email from Richard Wright | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 28 | Email from Victor Hudon | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 29 | Email from Lenny Mercurio | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 30 | Email from Stefanie Franklin | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 31 | Email from Frances Watson | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 32 | Email from Chris Harvey | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 33 | Email from Frances Watson | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 34 | Email from Frances Watson | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |

| Ex. No. | Document Description | Plaintiffs' Objections |
|---|---|---|
| 35 | Email from Frances Watson | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 36 | Email from Frances Watson | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 37 | Email from Lorraine Holtsinger | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 38 | Email from Michael Barrett Culpepper | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 39 | Email from Cathy Carter | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 40 | Email from Laurice Herzov | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 41 | Email from Leanne Lewis | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 42 | Email from Justin Cavanaugh | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 43 | Email from Patti Tennis | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 44 | Email from Elaine Barnes-Bailey | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 45 | Email from Jody Williams Traylor | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |

| Ex. No. | Document Description | Plaintiffs' Objections |
|---------|---------------------|------------------------|
| 46 | Email from Peggy Johnson | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 47 | Email from Matthew Kirby | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 48 | Email from Sheree Muniz | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 49 | Email from Greg Ragsdale | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 50 | Email from Leonard Celaya | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 51 | Email from Ryan Stern | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 52 | Email from Heather Vedell | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 53 | Email from Richard Cree | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 54 | Email from Brian Fisher | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 55 | Email from Dustin Young | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 56 | Email from Suzanne Grantham | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |

| Ex. No. | Document Description | Plaintiffs' Objections |
|---|---|---|
| 57 | Email from Frances Watson | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 58 | Email from Samantha Briner | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 59 | Email from Jaime Graham | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 60 | Email from Joyce Grant | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 61 | Email from Ashley Cline | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 62 | Email from Carol Heard | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 63 | Email exchange between Frances Watson and Axiver | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 64 | Email exchange between Ryan Germany and Kevin Rayburn | FRE 802 (Hearsay), FRE 401 (Relevance) |
| 65 | Email from Mildred Shaw | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 66 | Email from Brent Dodson | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 67 | Email exchange betwee Ryan Germany and Frances Watson | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 68 | Poll Worker Manual | No objection |
| 69 | Email from Kimberly Spell-Fowler | FRE 802 (Hearsay), FRE 401 (Relevance) |

| Ex. No. | Document Description | Plaintiffs' Objections |
|---|---|---|
| 70 | Email from Brian Pollard | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 71 | Email from Ivellies Wilson | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 72 | Email from David Meyers | FRE 802 (Hearsay), FRE 401 (Relevance, Cumulative) |
| 73 | Email from Brenda Hodges | FRE 802 (Hearsay) |
| 74 | Absentee-ballot application | No objection |
| 75 | Get Out the Vote: How to Increase Voter Turnout (by Donald Green and Alan Gerber) | FRE 802 (Hearsay) |
| 76 | How Much GOTV Mail is Too Much? Results from a Large-Scale Field Experiment (by Donald Green and Adam Zelizer) | FRE 802 (Hearsay) |
| 77 | Email between Jonathan Diaz and Alisa Hamilton (Mar. 9, 2022) | FRE 802 (Hearsay), FRE 401 (Relevance) |
| | Any exhibit listed on Plaintiffs' exhibit list | Standing Order Regarding Civil Litigation for Cases Proceeding Before The Honorable J. P. Boulee, Section III(p) |

# ATTACHMENT F-1

## PLAINTIFFS' PROPOSED DEPOSITION DESIGNATIONS WITH STATE DEFENDANTS' COUNTER DESIGNATIONS

| Deponent Name | Start Page | Start Line | End Page | End Line | Counter designations |
|---|---|---|---|---|---|
| Alisa Hamilton | 9 | 9 | 10 | 4 | 11:2 – 12:1 |
| Alisa Hamilton | 15 | 20 | 16 | 8 | 6:9 – 6:13; 16:9 – 16:23 |
| Alisa Hamilton | 15 | 9 | 15 | 19 | 14:23 – 15:8 |
| Alisa Hamilton | 19 | 25 | 20 | 8 | 18:10 – 18:12 |
| Alisa Hamilton | 19 | 6 | 19 | 17 | 19:18 – 19:24 |
| Alisa Hamilton | 20 | 15 | 20 | 21 | 20:22 – 20:25 |
| Alisa Hamilton | 23 | 5 | 23 | 20 | 24:10 – 25:5 |
| Alisa Hamilton | 25 | 23 | 26 | 15 | 26:16 – 27:5; 27:13 – 31:15 |
| Alisa Hamilton | 33 | 24 | 34 | 11 | 32:7 – 32:23 |
| Alisa Hamilton | 34 | 19 | 35 | 1 | 34:12 – 34:18 |
| Alisa Hamilton | 38 | 3 | 38 | 11 | 38:1 – 38:2; 38:12 – 38:17 |
| Alisa Hamilton | 39 | 24 | 40 | 23 | 39:4 – 39:23; 40:24 – 41:8 |
| Alisa Hamilton | 42 | 3 | 42 | 8 | 41:11 – 42:2; 42:9 – 42:14 |
| Alisa Hamilton | 42 | 15 | 42 | 23 | 42:24 – 42:25 |
| Alisa Hamilton | 47 | 13 | 48 | 9 | 43:7 – 44:2; 45:3 – 46:12; 47:7 – 48:4 |
| Alisa Hamilton | 48 | 20 | 49 | 6 | 48:10 – 48:14 |
| Alisa Hamilton | 50 | 11 | 51 | 11 | 49:16 – 50:10 |
| Alisa Hamilton | 52 | 9 | 52 | 23 | 51:12 – 52:8; 53:18 – 55:23 |
| Alisa Hamilton | 56 | 8 | 57 | 15 | 56:5 – 56:7; 57:20 – 59:18 |
| Alisa Hamilton | 60 | 5 | 61 | 9 | 59:23 – 60:4; 61:18 – 62:1 |
| Alisa Hamilton | 62 | 2 | 62 | 18 | 62:19 – 62:24 |
| Alisa Hamilton | 63 | 4 | 63 | 7 | 63:13 – 64:13 |

| Deponent Name | Start Page | Start Line | End Page | End Line | Counter designations |
|---|---|---|---|---|---|
| Alisa Hamilton | 64 | 14 | 64 | 20 | 64:21 – 65:11; 66:3 – 66:7 |
| Alisa Hamilton | 68 | 1 | 68 | 14 | 67:2 – 67:23 |
| Alisa Hamilton | 68 | 15 | 69 | 4 | 69:5 – 70:17 |
| Alisa Hamilton | 70 | 18 | 71 | 15 | 72:21 – 73:9; 75:5 – 75:25 |
| Alisa Hamilton | 76 | 1 | 76 | 15 | |
| Alisa Hamilton | 76 | 16 | 77 | 7 | 77:16 – 77:19; 78:2 – 78:15 |
| Alisa Hamilton | 98 | 12 | 99 | 8 | 80:24 – 82:7; 83:2 – 83:19; 84:6 – 84:21; 85:21 – 86:1; 86:6 – 87:1; 87:3 – 87:13; 88:5 – 88:22; 89:2 – 91:12; 92:5 – 92:23 – 93:2 – 93:8 |
| Alisa Hamilton | 99 | 9 | 100 | 15 | |
| | | | | | |
| Josh Findlay | 8 | 19 | 9 | 2 | 9:3 – 9:16 |
| Josh Findlay | 16 | 3 | 16 | 8 | 16:16 – 16:25 |
| Josh Findlay | 17 | 2 | 17 | 7 | |
| Josh Findlay | 18 | 7 | 18 | 14 | 18:15 – 19:19 |
| Josh Findlay | 20 | 21 | 21 | 11 | 19:24 – 20:20 |
| Josh Findlay | 22 | 5 | 22 | 10 | |
| Josh Findlay | 22 | 11 | 22 | 23 | |
| Josh Findlay | 23 | 16 | 24 | 10 | 24:11-24:15 |
| Josh Findlay | 24 | 16 | 24 | 20 | 24:21 – 25:6 |
| Josh Findlay | 28 | 16 | 28 | 22 | 28:23 – 28:24 |
| Josh Findlay | 28 | 25 | 29 | 20 | 30:16 – 31:2 |
| Josh Findlay | 33 | 23 | 34 | 8 | 34:10 – 34:24 |
| Josh Findlay | 36 | 22 | 37 | 11 | 35:20 – 36:3; 36:11 – 36:15 |
| Josh Findlay | 38 | 14 | 38 | 24 | |
| Josh Findlay | 39 | 4 | 39 | 15 | 42:11 – 42:20 |
| | | | | | |

| Deponent Name | Start Page | Start Line | End Page | End Line | Counter designations |
|---|---|---|---|---|---|
| T. Matthew Mashburn | 8 | 13 | 8 | 19 | |
| T. Matthew Mashburn | 10 | 5 | 10 | 8 | 10:21 – 11:12 |
| T. Matthew Mashburn | 15 | 2 | 17 | 17 | |
| T. Matthew Mashburn | 17 | 21 | 19 | 6 | |
| T. Matthew Mashburn | 19 | 7 | 20 | 12 | |
| T. Matthew Mashburn | 20 | 18 | 21 | 11 | |
| T. Matthew Mashburn | 21 | 20 | 24 | 3 | 24:4 – 24:16 |
| T. Matthew Mashburn | 25 | 24 | 28 | 24 | 25:15 – 25:21 |
| T. Matthew Mashburn | 29 | 10 | 30 | 16 | 29:6 – 29:9 |
| T. Matthew Mashburn | 31 | 5 | 31 | 14 | |
| T. Matthew Mashburn | 32 | 3 | 32 | 21 | 33:9 – 33:20 |
| T. Matthew Mashburn | 35 | 3 | 39 | 18 | |
| T. Matthew Mashburn | 41 | 10 | 42 | 5 | |
| T. Matthew Mashburn | 42 | 6 | 44 | 4 | |
| T. Matthew Mashburn | 45 | 24 | 47 | 10 | 53:10 – 56:9; 60:4 – 61:9 |
| T. Matthew Mashburn | 75 | 6 | 75 | 19 | 75:20 – 75:25 |
| T. Matthew Mashburn | 76 | 19 | 77 | 20 | 79:9 – 79:15; 83:6 – 84:19 |
| T. Matthew Mashburn | 76 | 2 | 76 | 11 | 76:12 – 76:18 |
| T. Matthew Mashburn | 77 | 21 | 77 | 24 | 61:22 – 64:15; 66:12 – 66:18; 67:14 – 67:16 |
| T. Matthew Mashburn | 84 | 20 | 85 | 3 | 85:4 – 85:18; 87:2 – 87:17; 87:25 – 89:15 |
| T. Matthew Mashburn | 90 | 4 | 90 | 10 | 90:11 – 91:13 |
| T. Matthew Mashburn | 102 | 11 | 114 | 9 | 115:21 – 116:12; 121:2 – 125:20 |
| | | | | | |
| Ryan Caudelle | 9 | 15 | 9 | 18 | 9:19 – 9:24 |
| Ryan Caudelle | 11 | 16 | 12 | 13 | |
| Ryan Caudelle | 12 | 17 | 13 | 2 | |
| Ryan Caudelle | 13 | 8 | 14 | 5 | |
| Ryan Caudelle | 14 | 6 | 15 | 22 | |
| Ryan Caudelle | 16 | 6 | 16 | 20 | 15:23 – 16:3 |
| Ryan Caudelle | 16 | 25 | 17 | 23 | |

| Deponent Name | Start Page | Start Line | End Page | End Line | Counter designations |
|---|---|---|---|---|---|
| Ryan Caudelle | 18 | 13 | 20 | 8 | |
| Ryan Caudelle | 22 | 14 | 23 | 25 | |
| Ryan Caudelle | 25 | 12 | 26 | 13 | |
| Ryan Caudelle | 26 | 14 | 27 | 11 | |
| Ryan Caudelle | 28 | 23 | 29 | 19 | 28:3 – 28:22 |
| Ryan Caudelle | 29 | 22 | 30 | 23 | |