# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| VOTER PARTICIPATION CENTER, *et al.*, | |
| *Plaintiffs*, | |
| v. | No. 1:21-cv-1390-JPB |
| BRAD RAFFENSPERGER, *in his official capacity as Secretary of State of the State of Georgia, et al.*, | |
| *Defendants*, | |
| REPUBLICAN NATIONAL COMMITTEE, *et al.*, | |
| *Intervenor-Defendants*. | |

## INTERVENOR-DEFENDANTS' MOTION IN LIMINE

The Republican intervenors move to prohibit Plaintiffs from introducing evidence of Republican Party documents, talking points, absentee-ballot applications, and mailers. That evidence has nothing to do with the claims in this case and nothing to do with Plaintiffs. Allowing Plaintiffs to present that evidence will unnecessarily prolong trial, balloon the record with irrelevant evidence, and confuse the issues. The Court should thus grant this motion in limine. Plaintiffs oppose the motion, but the State Defendants do not.

## BACKGROUND

Plaintiffs challenge two Georgia laws that help ensure election integrity. First, they challenge the prefilling provision, which prohibits persons and organizations from sending any "elector an absentee ballot application that is

prefilled with the elector's required information." Ga. Code §21-2-381(a)(1)(C)(ii). Second, they challenge the anti-duplication provision, which prohibits persons and organizations from sending "applications for absentee ballots to electors" who have "already requested, received, or voted an absentee ballot in the primary, election, or runoff." *Id.* §21-2-381(a)(3)(A). By the summary judgment stage, Plaintiffs' remaining claims were that the challenged provisions violate their First Amendment rights to free speech and association, and that the prefilling prohibition is unconstitutionally overbroad.

The State moved for summary judgment, and the Republican intervenors joined the motion. *See* Docs. 149, 151. The Court granted summary judgment in favor of Defendants on the freedom of association claims and the overbreadth claim. Doc. 179 at 36, 38. It denied summary judgment on the freedom of speech claims, which are now proceeding to trial. Doc. 179 at 29. According to Plaintiffs, they have the burden on two primary issues at trial: (1) "Whether sending a personalized absentee ballot application to specific individuals is protected core political speech or expressive conduct" such that the prefilling prohibition infringes "Plaintiffs' First Amendment right to free speech." Doc. 186 at 4.[1] And (2) "Whether sending absentee ballot applications to specific individuals is protected core political speech or expressive conduct," such that the double-mailing restriction infringes "Plaintiffs' First Amendment right to free speech." *Id*.

In December 2023, the Court approved the consolidated pretrial order filed by the parties. *See* Doc. 186. The Court held a status conference in

---

[1] The page numbers for the signed pretrial order (Doc. 186) refer to the ECF-header pages.

January, and the parties followed up with a joint motion for scheduling order. *See* Doc. 203. The Court granted the motion, approved the proposed deadlines, and ordered motions in limine to be filed by February 16, 2024. This motion is thus timely.

## ARGUMENT

"A motion in limine is 'an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings'" by excluding irrelevant evidence that may delay proceedings or confuse the issues. *United States v. Roland*, No. 1:14-cr-291, 2016 WL 11628077, at *1 (N.D. Ga. June 1, 2016) (quoting *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)). Only relevant evidence is admissible at trial. Fed. R. Evid. 402. Evidence is relevant if it has the "tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Even if evidence is relevant, courts should exclude it if its probative value is substantially outweighed by factors such as "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. And the party offering the evidence bears the burden of demonstrating its relevance. *See Dowling v. United States*, 493 U.S. 342, 351 n.3 (1990).

The Court should exclude evidence of Republican Party documents and mailers. Plaintiffs' exhibit list indicates that they intend to offer evidence of draft mailers and absentee-ballot applications prepared by the Republican National Committee and the Georgia Republican Party for the 2018 and 2020 elections. *E.g.*, Doc. 186 at 45-46 (Plaintiffs' Exs. 34, 35, 43-46). Plaintiffs also

intend to offer evidence of "talking points" sent or received by the Republican Party about SB 202 and election integrity. *E.g.*, Doc. 186 at 59 (Plaintiffs' Exs. 262-70). None of that evidence is relevant to the claims and defenses in this case, and it should be excluded for several independent reasons.

*First*, what other political parties and organizations do or say is irrelevant to whether the challenged provisions infringe "*Plaintiffs'* First Amendment right to free speech." Doc. 186 at 4 (emphasis added). Plaintiffs' entire theory is that "[m]ailing a personalized application is inherently expressive conduct that the First Amendment embraces, because only an organization which intends to convey such a pro-mail voting message would expend its resources to personalize and distribute mail ballot applications." Doc. 186 at 21 (cleaned up) (quoting *VoteAmerica v. Schwab*, 2023 WL 3251009, at *9 (D. Kan. May 4, 2023)). To succeed on that claim, Plaintiffs must prove that they intend to convey a message through their prefilled mailers. *See Burns v. Town of Palm Beach*, 999 F.3d 1317, 1334-35 (11th Cir. 2021). They must show that an ordinary observer would understand their conduct to express a message in the absence of any explanatory language. *See Rumsfeld v. F. for Academic and Institutional Rights, Inc.*, 547 U.S. 47, 66 (2006). And they must show that SB 202's limits on pre-filled mailers prevent them from engaging in that inherently expressive conduct. *But see Ft. Lauderdale Food Not Bombs v. Ft. Lauderdale*, 901 F.3d 1235, 1244 (considering "presence of banners" but not their content because explanatory "speech cannot create expressive conduct"). Third-party mailers have no bearing on how anyone views *Plaintiffs'* prefilled mailers. Plaintiffs did not bring up any of this

4

evidence at summary judgment. *See* Docs. 159 (Plaintiffs' summary judgment response), 159-32 (Plaintiffs' response to State's statement of material facts). The Republican documents are no more relevant at trial.

*Second*, third-party mailers that *predate* the challenged law are doubly irrelevant. Plaintiffs intend to proffer Republican Party mailers for the 2018 and 2020 election cycles. But those documents were prepared for elections that took place long before the challenged laws took effect. *See* Ga. S.B. 202, 2021 Ga. Laws Act 9 (Mar. 25, 2021). They have no bearing on the legality of Georgia's current election system, so allowing them into the record "would run afoul of the rules of evidence." *Sec. & Exch. Comm'n v. Avent*, No. 1:16-cv-2459, 2017 WL 6460243, at *3 (N.D. Ga. Dec. 15, 2017) (concluding that issues with a promissory note signed in 2014 were irrelevant to whether insider trading occurred several years before).

*Third*, the Republican mailers don't relate to the claims or defenses here because they wouldn't have violated SB 202 had it been in place for those elections. To start, the Republican mailers don't have prefilled voter information. SB 202 prohibits prefilling "the elector's required information" on absentee ballot applications. Ga. Code §21-2-381(a)(1)(C)(ii). That information includes the elector's "name, date of birth, address as registered, address where the elector wishes the ballot to be mailed," and driver's license or ID-card number. *Id.* §21-2-381(a)(1)(C)(i). None of the Republican mailers prefilled that information. A few of the mailers prefilled the date of the election, but that's still permissible under SB 202. The Republican mailers also have no bearing on the double-mailing restriction. They don't indicate to whom the mailers

5

were sent, how many were sent, or whether they were sent at all. Finally, the GOP mailers are not relevant to any of the claims decided at summary judgment. Even if they were, "evidence concerning previously dismissed claims is [generally] not relevant and, consequently, is not admissible." *Anderson v. Brown Indus.*, No. 4:11-cv-0225, 2014 WL 12521732, at *4 (N.D. Ga. Mar. 14, 2014); *see also GPI Int'l Ltd. v. IBC Creative LLC*, 1:07-cv-1540, 2009 WL 10671357, at *2 (N.D. Ga. Sept. 16, 2009) (granting motion in limine to exclude evidence related to "the legal conclusions [the Court] made in its partial summary judgment order").

*Fourth*, even if the GOP documents were marginally relevant, the Court should exclude them under Rule 403. This case is about Plaintiffs' conduct, not the Republican Party's. Whatever minimal probative value the Republican documents have is "substantially outweighed" by their tendency to "confus[e] the issues," cause "undue delay, wast[e] time," and "needlessly present[] cumulative evidence." Fed. R. Evid. 403. Speed and efficiency are especially important in election cases. *See Purcell v. Gonzalez*, 549 U.S. 1 (2006). The Court should not entertain irrelevant evidence that will only balloon the record and waste time.

The issues at trial are whether Plaintiffs' prefiling and mass-mailing programs are protected by the First Amendment, and, if they are, whether the Georgia laws violate those constitutional rights. Plaintiffs likely want to claim that Republicans engage in similar conduct. But their evidence doesn't show that. And even if it did, that "fact is [not] of consequence in determining the action." Fed. R. Evid. 401(b). The Court should thus grant the motion.

## CONCLUSION

For the foregoing reasons, the Court should grant the motion in limine and issue an order prohibiting Plaintiffs from introducing at trial evidence relating to documents, talking points, mailers, or absentee ballot applications sent or received by the Republican National Committee or the Georgia Republican Party.

Respectfully submitted,

/s/ *William Bradley Carver*

Gilbert C. Dickey*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, Virginia 22209
(703) 243-9423

Tyler R. Green*
CONSOVOY MCCARTHY PLLC
222 S. Main Street, 5th Floor
Salt Lake City, UT 84101
(703) 243-9423

*admitted pro hac vice

John E. Hall, Jr.
  Georgia Bar No. 319090
William Bradley Carver, Sr.
  Georgia Bar No. 115529
Baxter D. Drennon
  Georgia Bar No. 241446
HALL BOOTH SMITH, P.C.
191 Peachtree Street NE, Suite 2900
Atlanta, Georgia 30303
(404) 954-5000
(404) 954-5020 (Fax)

*Counsel for Intervenor-Defendants*

7

## CERTIFICATE OF COMPLIANCE

This document complies with Local Rule 5.1(B) because it uses 13-point Century Schoolbook.

/s/ *William Bradley Carver*

## CERTIFICATE OF SERVICE

On February 16, 2024, I e-filed this document on ECF, which will email everyone requiring service.

/s/ *William Bradley Carver*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| VOTER PARTICIPATION CENTER, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BRAD RAFFENSPERGER, *in his official capacity as Secretary of State of the State of Georgia, et al.*, <br><br> *Defendants*, <br><br> REPUBLICAN NATIONAL COMMITTEE, *et al.*, <br><br> *Intervenor-Defendants*. | No. 1:21-cv-1390-JPB |

## PROPOSED ORDER GRANTING INTERVENOR-DEFENDANTS' MOTION IN LIMINE

This matter comes before the Court on Intervenor-Defendants' Motion in Limine. Upon considering the motion and supporting authorities, responses, and the evidence and pleadings of record, this Court **GRANTS** the motion and **ORDERS** that Plaintiffs are prohibited from introducing at trial evidence relating to documents, talking points, mailers, or absentee ballot applications sent or received by the Republican National Committee or the Georgia Republican Party.

**IT IS SO ORDERED** this ____ day of _____, 2024.

_____
Hon. J.P. Boulee
United States District Judge
Northern District of Georgia