**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| VOTER PARTICIPATION CENTER, *et al.*,<br><br>               *Plaintiffs*,<br><br>      v.<br><br>BRAD RAFFENSPERGER, *in his official capacity as Secretary of State of the State of Georgia, et al.*,<br><br>               *Defendants*,<br><br>REPUBLICAN NATIONAL COMMITTEE, *et al.*,<br><br>               *Intervenor-Defendants*. | No. 1:21-cv-1390-JPB |

**INTERVENOR-DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION IN LIMINE**

This Court should deny Plaintiffs' motion to prohibit Intervenors from introducing exhibits that have not already been offered by another party at trial. Doc. 206. Plaintiffs argue that Intervenors should be barred from introducing any exhibits at trial because they indicated that "they do not anticipate introducing any exhibits of their own at trial" in the consolidated pretrial order, Doc. 186 at 6, and this Court's standing order provides that parties generally cannot "adopt another party's list by reference." Doc. 206 at 9. Plaintiffs' offer no support for their strange use of a motion in limine to bar a party from even attempting to introduce any exhibits, not to prevent the

admission of specific evidence. Nor do they provide any reason that this Court give that broad relief over a dispute that will likely never arise.

Plaintiffs' motion is misdirected. "Motions in limine should be limited to specific pieces of evidence and not serve as reinforcement regarding the various rules governing trial." *Kremer v. Lysich*, No. 3:19-cv-887, 2022 WL 18358955, at *2 (M.D. Fla. Mar. 25, 2022). But Plaintiffs seek a blanket ruling that would ban Intervenors from introducing any exhibit that has not already been admitted. And they seek this broad relief to enforce a general rule against incorporating exhibit list of other parties—even while acknowledging that the actual circumstances at trial might not support that application. Doc. 206 at 9 (discussing potential admission to avoid "some manifest injustice").

Plaintiffs' request is also premature. Since joining this case, Intervenors have done their best to "prevent duplicative briefing," and to "coordinate with the parties on discovery." Doc. 25-1 at 5. Consistent with that commitment to avoid duplication, Intervenors "do not anticipate introducing any exhibits of their own" at trial, as they noted in the consolidated pretrial order. Doc. 186 at 6. So Plaintiffs are seeking a broad ruling to avoid a dispute that likely will not arise at trial.

In the unlikely event that Intervenors seek to introduce an exhibit, this Court would be in a much better position to consider whether an exhibit should be admitted in response to an objection raised at that time. In all likelihood, no party will object, because no party will be prejudiced—the Court and the parties will have those exhibits available, after all. In fact, Plaintiffs speculate only that they might lack notice of an exhibit's "perceived utility to Intervenor

Defendants," not that they could lack notice of the relevance of an exhibit. Doc. 206 at 9.  And even if Plaintiffs do object, this Court would be in a much better position at that point to consider the exhibit, the role it will play in the trial, the development of proceedings to that point, and any "manifest injustice" that would arise from not allowing Intervenors to introduce the exhibit. Doc. 35 at 33. Particularly for bench trials, it is prudent to defer sweeping rulings such as the one Plaintiffs suggest "until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context." *Stewart v. Hooters of Am., Inc.*, No. 8:04-cv-40, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007). This Court should reject Plaintiffs' invitation to prejudge that context-specific inquiry.

For these reasons, the Court should deny the Plaintiffs' request that Intervenors be prohibited from introducing exhibits that have not already been offered by another party. In the alternative, the Court should hold the motion in abeyance until the unlikely event that the issue arises at trial.

Respectfully submitted,

/s/ *William Bradley Carver*

Gilbert C. Dickey*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, Virginia 22209
(703) 243-9423


Tyler R. Green*
CONSOVOY MCCARTHY PLLC
222 S. Main Street, 5th Floor
Salt Lake City, UT 84101
(703) 243-9423


*admitted pro hac vice

John E. Hall, Jr.
   Georgia Bar No. 319090
William Bradley Carver, Sr.
   Georgia Bar No. 115529
Baxter D. Drennon
   Georgia Bar No. 241446
HALL BOOTH SMITH, P.C.
191 Peachtree Street NE, Suite 2900
Atlanta, Georgia 30303
(404) 954-5000
(404) 954-5020 (Fax)

*Counsel for Intervenor-Defendants*

4

## CERTIFICATE OF COMPLIANCE

This document complies with Local Rule 5.1(B) because it uses 13-point Century Schoolbook.

_/s/ William Bradley Carver_____

## CERTIFICATE OF SERVICE

On March 1, 2024, I e-filed this document on ECF, which will email everyone requiring service.

_/s/ William Bradley Carver_____